United States District Court
District Of Connecticut

FILED
2003 OCT 31 P 3: 24
US DISTRICT COURT
BRIDGEPORT

| Ramon Lopez | Civil Prisoner |
| --- | --- |
| VS. | Case No.: 3:02 CV 1020 (RNc)(DFM) |
| James Smiley, Et. Al. | October 27, 2003 |

### Plaintiff Memorandum RE: Ruling and Order

The Pro-se Plaintiff, Ramon Lopez, files this memorandum regarding, United States District Judge, Robert N. Chatigny's ruling and order, dated September 22, 2003 - relating to the Defendant's motion to dismiss and the Plaintiff's memorandum in opposition to the states motion to dismiss.

1) In the judges ruling and order, the Plaintiff states that the united States District Judge Robert N. Chatigny, may have accidently dismissed the Defendant, R. Young. Wherein the Plaintiff states that with being given the "opportunity to litigate his claim's based on the September - 5, 2001 incident" (I.d. at P9.7) defendant R. Young, is one of the officers involved. with absolute respect to the September 5, 2001 incident.

The Plaintiff attaches to this memorandum as exhibit [A] a copy of Defendant Young's Statement to Connecticut -

- Connecticut State Police, regarding his involvement in the September 5, 2001 incident, and a copy of his use of force report, both riffed with lies, to help cover up the incident, and his personal involvement in the incident.

    The Plaintiff respectfully submits these two statements of Defendant R. Young, and ask that the court not allow Defendant Young to escape his personal involvement and liability in this action.

B.
    With relation to the exhaustion of administrative remedies, relating to appealing the guilty finding of the disciplinary hearing, the Plaintiff attaches exhibit[B] to prove that the Plaintiff alleges he did submit an appeal regarding the September 5, 2001 incident, in the attached letter to Warden Myer's, which was responded to by Major T. Coates, claiming they "never" received the disciplinary appeal, which is not true.

C.
    Additionally for the court's consideration the Plaintiff did not know he had to exhaust his Administrative remedies before filing suit and given this Plaintiff's —

limited experience on such issues, the Plaintiff states that the a reveiw of the Prison litigation reform act shows that it does not show or have step by step instructions on how to use.

Now given the serious nature on the chain of event's leading up to the September 5, 2001 incident, the Plaintiff now contends at this time that he has exhausted his administrative remedies pertaining to the August 31, 2001 incident, which is a link, to help establish, motive, intent, and malice between the two different dates, to show and establish "reason why for..." The plaintiff now direct's the court to exhibit [C] for the consideration of the court.

Conclusion

In light of the foregoing the Plaintiff hopes that this honorable court excercise merciful consideration of the aforementioned.

Respectfully Submitted,

Ramón A. López

Pro-se Plaintiff,

Ramón López #261-685
Northern Corr. Inst.
P.O. Box 665
Somers, C.T. 06071

Certification

I Ramon Lopez, hereby certify that a copy of the foregoing was mailed to Assistant Attorney General Robert F. Vachelli, 110 Sherman St. Hartford, C.T. 06105

Pro-se Plaintiff,

*Ramon A. Lopez*

Ramon A. Lopez #261-685
Northern Corr. Inst.
P.O. Box 665
Somers, C.T. 06071

Exhibit A

**STATE OF CONNECTICUT**
**DEPARTMENT OF PUBLIC SAFETY**
**DIVISION OF STATE POLICE**

Case Number: C-01-302562
Date: 11-15-01
Time: 1052 hours
Time Ended: 1140 hours

## STATEMENT OF: YOUNG, RONALD KEITH

I, Ronald K. Young, of Northern CI, 287 Bilton Rd., town / city of: Somers, date of birth: [redacted], phone: 860-763-8600

make the following statement without fear, threat, or promise. I have also been advised that any statement(s) made herein which I do not believe to be true, and which statement is intended to mislead a public servant in the performance of his/her official function, is a crime under C.G.S. section 53a-157.

I am employed by the State of Connecticut Department of Correction and have been for the last thirteen years. I am currently assigned to Northern Correctional Institution (NCI) in the town of Somers, CT. At Northern CI I work the day shift in Admitting and Processing (A&P).

Sometime around the sixth or eighth of September 2001, I started working in the A&P around 7:45 a.m. The time 7:45 a.m. is my starting time in A&P. Sometime around 8:25 a.m., I was in the back room (Photo Imaging), which is located right across from cell 4. While in the back room, I heard someone say something like, what happened Smiley (C/O). I then heard Smiley say, "Lopez just spit in my face." I never saw Lopez spit on Smiley. I walked out of the back room and saw Smiley walking away from cell 4. There was no one in the cell with Lopez at this time and the door was closed. Lt. Salius was in the A&P area and organized staff member to go into cell 4 to secure inmate Lopez. I recalled that when I went into cell 4, I saw Farley (C/O) trying to hold Lopez's legs, but Lopez was resisting. I then helped Farley in holding Lopez's legs. I am not sure who put the legs irons on Lopez. I do not recall if Smiley was in the cell at the time that I was helping to restrain Lopez. I believe after he (Lopez) was restrained, he was prepared for court. I believe that medical came down and saw him (Lopez). I did not see Smiley assault Lopez, and I never heard of anything about Smiley assaulting Lopez until the investigation by the State Police began. This is the end of my statement.

By affixing my signature to this statement, I acknowledge that I have read it and / or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____    Signature: Ronald K. Young

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

If notarized, endorse here: _____

Page 1 of 1

CN 6501

# USE OF FORCE REPORT

Individual [x]

Summary [ ]

Unit __Northern C.I.___  Report Number _____  Report Date __09/05/01__

Prepared by __R. YOUNG__  Title __CORRECTIONAL OFFICER__

Inmate Name __LOPEZ, RAMON__  Inmate number __261685__

Date, Time and Location of Incident __09/05/01  8:20AM  ADMITTING AND PROCESSING__

Circumstances leading to use of force:

INMATE LOPEZ # 261685 ASSAULTED OFFICER SMILEY BY SPITTING IN HIS FACE AND EYES. WHILE STAFF ATTEMPTED TO CONTROL INMATE LOPEZ # 261685 TO PREVENT FURTHER ASSAULTED BEHAVIOR, THE INMATE BECAME ACTIVELY RESISTANT AND AGGRESSIVE. THE INMATE WAS TAKEN TO THE PRONE POSITION TO SAFELY CONTROL THE INMATE.

Type and extent of force used (to include any armory items used):

THIS OFFICER, R. YOUNG ASSISTED C/O FARLEY AND GALINSKI SECURING INMATE LOPEZ # 261685 LEGS. THIS OFFICER, R. YOUNG HELD INMATE LOPEZ LEFT LEG WHILE C/O FARLEY APPLIED LEG IRONS, THIS INCIDENT OCCURED IN HOLDING CELL #4 IN THE AMITTING AND PROCESSING AREA, END OF REPORT.

Complete (only when appropriate) by staff member if assaulted by inmate:

Do you feel that the inmate should be considered for criminal prosecution?

YES [ ]   NO [ ]

Staff Signature __R. Young__   Title __C/O__   Date __09/05/01__

Investigating Supervisor's Signature _____  Title __C+__   Date _____

Exhibit B

**STATE OF CONNECTICUT**
**DEPARTMENT OF CORRECTION**
Northern Correctional Institution
P O Box 665
Somers, CT 06071

November 21, 2001

Ramon Lopez #261685
1 East – 216

RE:   Disciplinary Appeal

Mr. Lopez:

Our records show that you filed two (2) Disciplinary Appeals in October. The Warden responded to you on October 2, 2001. If these are not the reports you are referring to please provide me with more information. Otherwise, you have received your response and the matter is considered closed.

Respectfully,

Thomas Coates
Major

TWC:mgj

c:   Warden Myers
     File

*Tom
Pls handle*

11-12-01
Ramón A. Lopez # 261685
1E-216 -B-

To: Warden Larry Myers.

**RECEIVED**
**NOV 14 2001**
**NORTHERN C.I.**

Re: Disciplinary report process failure.

Dear Warden Myers,

   I'm writing in reguards to 2 separate disciplinary reports one ocurred on 9-5-01 and the other on 9-6-01.
   I sent them in with C.T.O. Peterson at an unknown date, and have not gotten an appeal response and it has been well over 45 days.
   I'm respectfully requesting that they be dissmissed and sanctions dropped due to process failure pursuant to administrative directive 9.5.
   Thank you kindly for your time and courtesy.

                        Respectfully Submitted,

                        I/M Lopez #261685
                                  1E-216

Exhibit C

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

Inmate name: Lopez Ramon
Inmate No. 261685
Facility: Northern
Housing unit: 1-West-106
Date: 4-11-03

[X] Line grievance  [ ] Line emergency  [ ] Health grievance  [ ] Health emergency

**1. Informal resolution.** Attach a copy of Inmate Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

See attached response from Major Coates dated 4-8-03 on inmate request.

**2. Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

I am now greiving this matter because the recently obtained documents could never of had been obtained within the 30 day time limit. I'm greiving the fact that Captain Faneuff, and c/o James Smiley, both falsified documents on the 8-31-01 incident in 1-East-216 cell, in which both Captain Faneuff, and c/o Smiley stated in they incident reports that c/o Smileys' reason for entering cell 216 1-East at 3:31 a.m. was —

**3. Action requested.** Describe what action you want taken to remedy the grievance.

whatever action the administration deems proper at this time.

Inmate signature: Ramon A. Lopez

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

IGP no. 141.03.362
T no.
Date received: 4/17/03
Disposition: Compromise
Date of disposition: 5/16/03

Grievance issue: staff conduct

Reasons: The incident was documented by all staff involved. Security Division did a thorough investigation. The Department administered what it deemed the proper action given the circumstances.

Level-1 reviewer: [signature] AW    5-16-03

**RECEIVED**
APR 0 9 2003
N.C.I. WARDEN'S OFFICE

## CONNECTICUT DEPARTMENT OF CORRECTION
### NORTHERN CORRECTIONAL INSTITUTION

### INMATE REQUEST FORM

Date: 4-8-03

HOUSING UNIT: **I** II III    EAST or **WEST**    Cell # 106
(Circle One)

Inmate Name: Lopez Ramon    Number: 261685

Request: Dear Major Coates, after recently obtaining certain documents from the A.G's office, can I still file greivance on the fact that captain Faneuff and Smiley falsified documents on the 8-31-01 assault on me and my cellmate at the time? I did greive it at the time but made the mistake of personally handing the greivances to Capt. Faneuff, only to never have the greivances processed and returned to me and my cellmate.

(Continue on back if necessary)

Submitted to: Major T. Coates    Date Received: 

Acted on by: _____

Action taken and/or response: The time limit is 30 Days.

F/U
#261685

Date of Response to Inmate: 4/9/03    T. Coates

Signature of Staff Member: _____

Greivance Continuance            Date 4-11-03
subject c/o smiley, capt. Faneuff falsification of document
and inmate assault.

- to "mop" but internal affairs security division investigation report
indicates that a reveiw of the camera shows c/o smiley with no
"mop" or "mop bucket. What he did was assault both my cellmate
and myself. Falsification of documents is strictly prohibited under
A.d. 2.17

Additionally greivances were personally handed to captain Faneuff,
who never even processed the greivances, as they were never
returned to us. Who knows what other reports have been
falsified by these two individuals.
            End of greivance.

                                    Ramón L⟋
                                    #261685

## Conclusion

Regarding Northern Correctional Institution inmate Ramon Lopez's allegation of being assaulted by facility Correctional Officer James Smiley in cell 1 East #216 on 8/31/01, due to a lack of factual evidence, this office was unable to prove or disprove the allegation.

Regarding inmate Lopez's second allegation of being assaulted by Officer Smiley on 9/5/01 in the Admitting and Discharge area of Northern Correctional Institution, this office was also unable to prove or disprove due to a lack of factual evidence, the accusation of assault.

### Correctional Officer James Smiley

While there is no specific written institutional policy regarding the number of staff members required to be present when entering a two man cell, Officer Smiley did use poor judgement in his entering cell (#216) without a minimum of a second officer present. Officer Smiley not only placed himself at risk, but also placed the safety and security of the level 5 institution at risk. Videotape also shows Officer Smiley to have forwarded less than truthful information in his reporting of the incident, he reported the "clean up" of cell #216, as his reasoning for entering it. Officer Smiley's Incident Report submitted 8/31/02, states that he entered cell #216 to mop. This office's review of the 8/31/02, videotape does not show Officer Smiley with any type of cleaning equipment (mop, bucket) in area of cell #216.

As observed on Northern Correctional Institution's 8/31/01 incident videotape. This office concludes that Officer James Smiley falsified documents when he was less than truthful in his Incident Report submitted on 8/31/02. Officer Smiley failed to maintain a safe and secure work environment when he entered a level 5, two-man cell by himself.

A.D. 2.17, Employee Conduct – Revised 3/25/02
Prepared for signature 3/27/02 – effective 5/10/02

1.   Policy. Each employee of the Department of Correction shall engage in appropriate and ethical conduct while carrying out official duties and while engaged in off duty activities which directly reflect on the Department.

5.   Standards of Conduct.

   A.   Each Department employee shall:

   3.)Ensure that a safe, secure and sanitary work environment is maintained.

   B.   The following behavior shall be strictly prohibited:

   19.) Falsification, unauthorized alteration, or destruction of documents, log books, and other records, including job applications.

15

CN 9603
1/94

## ATTACHMENT C
### CONNECTICUT DEPARTMENT OF CORRECTION

Inmate Grievance Procedure

**REQUEST FOR TIME EXTENSION**

Facility/Unit: __Northern C.I__   __141.03.362__

Your grievance/appeal is currently pending at level __1__.
It appears that the time needed to investigate and respond to you
will exceed the time frame established by the grievance
directive. I am, therefore, requesting that you grant an
extension of time at this level so that the issue can receive
full consideration.

__R. DiGennaro__   __5/14/03__
Grievance Coordinator                Date

☐ I hereby grant a time extension of __20__ working days.   ☒ The request for a time extension is ~~granted~~ __DENIED__ ✱

__Ramón A. Lopez__   __5-14-03__
Grievant's Signature                Date

This request is Denied because incident report 0108073 submitted by C/O Smiley, and Captain Fanueff, clearly states that the reason to enter cell 216 1-East at 8:31am was to "mop" the cell. The camera and page 15 of the investigation by the security division clearly states "C/O Smiley Falsified documents." Pg. 15 of said report, case # 1102-37 was submitted with greivance 141-03-362. The matter has already been investigated. Therefore this request is **! DENIED !**   __Ramón A. Lopez__   5-14-03



# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9601/2
Rev. 10/07/02

Inmate Name **Lopez Ramon**  Inmate no. **261685**
Facility **Northern**  Housing unit **3-East-222**  Date **5-20-03**
☒ Line grievance   ☐ Line emergency   ☐ Health grievance   ☐ Health emergency
GP no. **141.03.362**  T no.

Use this form to appeal a Level 1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level 1 response; deposit it in the box for inmate grievances.

Appeal. I am appealing the Level 1 decision because: **in response to the level one whatever Action given, to this date c/o Smiley continues to haunt and taunt me by sending threats to me with— continue on Paper**

Inmate signature **Ramon L___**   Date **5-20-03**

### FOR OFFICIAL USE ONLY – LEVEL 2 REVIEW

Date received **06/05/03**   Disposition **Denied**   Date of disposition

Reasons
> You are appealing a level 1 grievance regarding staff conduct. As indicated in the level – 1 response, this matter was carefully reviewed; findings revealed that the allegation of staff harassment is unsubstantiated. If you have a specific issue regarding your personal safety please address them with your Unit Manager or Supervisor immediately to initiate the appropriate paperwork. Your grievance appeal is denied.

Level 2 reviewer

☐ This grievance may be appealed within 5 days to Level 3
☒ This grievance may not be appealed to Level 3 (see A.D. 9.6, Section 17)

Appeal. I am appealing the Level 2 decision because:

Inmate signature   Date

Deposit your appeal in the box for inmate grievances

### FOR OFFICIAL USE ONLY – LEVEL 3 REVIEW

Date received   Disposition   Date of disposition

Reasons