# United States District Court
## District of Connecticut

| | |
|---|---|
| Ramon A. Lopez | Civil case No: 3.02 cv 1020 (RNC) |
| | (DFM) |
| vs. | Prisoner |
| James Smiley, Et. Al. | November 6, 2003 |

FILED

2003 NOV 17 P 3:31

US DISTRICT COURT
BRIDGEPORT CT

## Motion To Compel Discovery

The Prose Plaintiff, Ramón López, in the above captioned matter, Pursuant to **Rule 37**, of the Federal rules to civil procedure, respectfully moves this Honorable and respectful court in the best interest of Justice, to compel the defendants and their counsel to disclose, discovery items relevently important to this case, and reasonably allowable under the rules of discovery.

The Plaintiff seek's, nothing out of ordinary and has tried to resolve discovery dispute's with defendant's counsel who move's, to slowly buy time for the defendant's, who some will soon be retirering and upon retirement of any of the defendant's, the A.G's office will hope to escape their liability by claiming they "cant" find them, as the case with ex-Commissioner of D.O.C. John J. Armstrong, in other pending lawsuits.

In other correspondence's —

— Counsel for the defendant's has choosen to ignore Plaintiff's requests, to eliminate or reduce areas of controversy pertaining to discovery in this action.

The defendant's by and through their counsel, object to producing discovery documents and items that are highly relevant to claims of liability against the defendant's. The Plaintiff is Pro-se, which means he's entitled to information as a regular attorney, to represent his case. The Plaintiff seeks full Production of documents and items from the defendant's due to it being highly relevant to this matter.   And this evidence will show evidence of motive intent, liability, oppurtunity, Plan, Knowledge, and cover up. Evidence of prior incident's of abuse by prison or law enforcement personnel have been admitted by several court's as relevant to "motive, oppurtunity, intent, preparation, plan, knowledge, Identity, or absence of mistake or accident." See Ismail vs. Cohen, 899 F.2d 183, 188-89 (2nd cir. 1990), United States vs. Dise, 763 F.2d 586, 592 (3rd cir. 1985) Sharpe vs. City of Lewis Burg-Tennese, 677 F. supp. 1362, 1365 (M.D Tenn, 1988) See Hayden vs. Maldonado, 110 F.R.D. 157, 159 - (N.D.N.Y 1986).   For these foregoing reasons the the materials and documents sought, relevant to this case should be produced as follows:

1) All redacted part's to security division report —

— prepared by Lt. Rochefort and Captain Jeff Gray, relating to the August 31, 2001 and September 5, 2001 incidents.

2) Defendant James Smiley's, disciplinary work history of any prior misconduct, or use of force complaints by other inmates, as well as the same for the other defendant's.

3) Redacted State Police investigation report's, showing names and inmate number's of highly potential witnesses.

4) That the Plaintiff be allowed to view the sally port corridor security camera on the date of the 9-5-01 incident.

5) That copy's be made of the handheld camera and sally port corridor security camera tapes, to have them released to a designated person chosen by the Plaintiff, to inspect, copy, translate, etc. etc. as allowed by rule 34, of the federal rules of civil procedure. That person being chosen by the Plaintiff will be appointed upon granting of this motion.

6) A complete and not altered (again) incident report page, implicating c/o Smiley on the 9-5-03, incident prepared by Lt. Salius

## Conclusion

For the foregoing reasons, the court should grant Plaintiff's motion to compel discovery.

November 6, 2003

Respectfully Submitted,

Ramon A. Lopez #261-685
Northern Corr. Inst.
P.O. Box 665
Somers, C.T. 06071

## Certification

I hereby certify that a copy of the foregoing motion to compel discovery was mailed to A.A.G. Robert F. Vachelli 110 Sherman St. Hartford, C.T. 06105.

Pro-se Plaintiff Ramon A. Lopez
Northern Corr. Inst.
P.O. Box 665
Somers, C.T. 06071