UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON LOPEZ | : | PRISONER<br>CIVIL NO. 3:02CV1020 (RNC)(DFM) |
| v. | : | |
| JAMES SMILEY, ET AL. | : | DECEMBER 15, 2003 |

**MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL
DATED NOVEMBER 6, 2003**

The defendants, James Smiley, et al., by and through their undersigned counsel, respectfully request the Court to deny plaintiff pro se inmate's Motion to Compel Discovery dated November 6, 2003. The defendants' positions on the various demands of plaintiff are as follows:

**1.   All redacted parts of security division report relating to the August 31, 2001 and September 5, 2001 incidents.**

On this point, plaintiff does not specify what information is requested and why it is necessary. This is particularly true concerning the reports on the August 31, 2001 incident as all of plaintiff's claims concerning that matter were dismissed. See Ruling and Order of September 22, 2003. Court File, Docket # 39 at p. 6. Accordingly, this request, and all of the others which share this defect, should be denied as not in compliance with Local Rule 37(a)(3).

Moreover, in general categories, the defendants have redacted from the report inmate identification numbers, unrelated disciplinary action against officers, and statements by inmate informants.

Plaintiff is not entitled to personal information about other inmates as it is an invasion of privacy and jeopardizes security.

With regard to inmate informant witnesses, it is well settled that security and personal safety is the most central of all correctional goals. See e.g. Hudson v. Palmer, 468 U.S. 517, 524 (1984); Bell v. Wolfish, 441 U.S. 520, 540 (1979); Turner v. Safley, 482 U.S. 78, 85 (1987); O'Lone v. Shabazz, 482 U.S. 342, 348 (1987). The potential retaliation against inmates interviewed and named on incident reports weighs extremely heavily against disclosure. See Cullen v. Margiotta, 811 F.2d 698, 716 (2d Cir. 1987) (potential for retaliation against interviewees was sufficient to deny disclosure; strength of privilege is greater in civil litigation than in criminal."). To overcome this privilege, the plaintiffs have an extremely heavy burden. United States v. Jimenez, 789 F.2d 167, 170 (2d Cir. 1986). "Plaintiffs must show that the information sought is both relevant and essential to the presentation of the case on the merits." (Emphasis added). Cullen v. Margiotta, supra at 716; United States v. Russotti, 746 F.2d 945, 949-950 (2d Cir. 1984). Plaintiffs must also demonstrate that the need for disclosure outweighs the need for secrecy. United States v. Lilla, 699 F.2d 99, 105 (2d Circ. 1983); United States v. Manley, 632 F.2d 978, 985 (2d Cir. 1980), cert. denied, 449 U.S. 1112 (1981); In re United States, 565 F.2d 19, 22-23 (2d Cir. 1977), cert. denied, 436 U.S. 962 (1978).

Under the circumstances, this threat to security should not be risked.

With regard to unrelated disciplinary history, the request is overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence. It also pries into defendants' private employment records and is designed to harass, annoy and abuse defendants,

and should not be permitted, especially with regard to the defendants who have already been dismissed from this case.

2. **Disciplinary work history of any prior misconduct, use of force complaints by other inmates as to all defendants.**

This wholesale unspecific discovery request is overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence. It invades the privacy of defendants, and is not calculated to lead to the discovery of admissible evidence, particularly with regard to dismissed claims. It also invades the privacy of the other inmates to the extent plaintiff seeks information concerning complaints by other inmates. No explanation is given for the need for the information and what use would be made of it. Moreover, no similarly broad request was made for work history on all defendants in the past. It is not a proper subject for a Motion to Compel. Accordingly, the request should be dismissed under Local Rule 37(a)(3).

3. **State Police Reports showing names and inmate numbers.**

Plaintiff's effort to obtain personal information about other inmates and disclosure of identities of inmate informants jeopardizes safety and security of the facility, inmates and staff and should not be required to be disclosed to the pro se inmate informant for the same under the same authority explained in topic number one above.

4. **Viewing of sally port corridor security camera.**

This request is overly broad, vague and burdensome and not calculated to lead to the discovery of admissible evidence. Also, to the extent plaintiff seeks to inspect security equipment of the State, it jeopardizes the security of the facility, inmates and staff with no discernible use in litigation. Moreover, this request was never the subject of any earlier request and, therefore, should be denied not a valid subject for a Motion to Compel.

5. **Release of videotapes of handheld camera and sally port corridor security camera tapes to designated person.**

By this request, plaintiff asks that videotapes in this case be delivered to a person of his choice. The videotapes in this topic concern one videotape of a handheld camera which recorded plaintiff's escort after his assault on the defendant Smiley on September 5, 2001. The sally port tape concerns the view recorded of the corridor outside the cell where the assault occurred.

The defendants permitted plaintiff to view the handheld video earlier this year but they object to him having custody of the tape as the object is contraband which can be abused and fashioned into a weapon and therefore jeopardizes security. Defendants have no objection to disclosure to plaintiff's attorney, whenever one is appointed, but object to delivery to friends of his choice as the material is security sensitive and not appropriate for delivery to non-professionals who could misuse and abuse the depictions.

Defendants object to disclosure of the sally port corridor security camera tape because disclosure would reveal the field of view of the camera, information which could be misused and, if disclosed, would jeopardize the security of the facility, staff and other inmates.

6. **Incident Report page of September 5, 2001 report prepared by Lt. Salius.**

This report was provided to plaintiff on December 13, 2002 along with approximately 739 pages of documents in the case in response to plaintiff's Request for Production. The purpose of this request is unclear. If plaintiff is complaining about a partial obstruction on a copy of page 5 of the report, another copy, without obstruction, is being sent to plaintiff.

Accordingly we urge the Court to deny plaintiff's Motion to Compel.

DEFENDANTS
James Smiley, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: /s/ Robert F. Vacchelli
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05222
E-Mail: robert.vacchelli@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 15th day of December 2003:

Ramon Lopez #261685
Northern Correctional Institution
P.O. Box 665
Somers, CT 06071

/s/ Robert F. Vacchelli
Robert F. Vacchelli
Assistant Attorney General

5