UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

2004 JAN -7  P 4: 39

US DISTRICT COURT
BRIDGEPORT CONN

| | | |
|---|---|---|
| RAMON LOPEZ | : | PRISONER |
| | | CIVIL NO. 3:02CV1020 (RNC)(DFM) |
| V. | : | |
| JAMES SMILEY, ET AL. | : | JANUARY 6  2004 |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR ORDER COMPELLING DISCLOSURE

This case is a civil rights action by Ramon Lopez, an inmate of the Connecticut Department of Correction. The remaining defendants in the case are the defendants Smiley, Farley, Galinsky, Steward and Salius, all officials of the Connecticut Department of Correction at the Northern Correctional Institution. The gravamen of the remaining allegations of the Complaint as Amended are that the defendants used excessive force on him on September 5, 2001 in an incident where he was spitting, and being aggressive and combative with officers attempting to stop his assaults.

The defendants requested information concerning the specific claims against individual defendants, an explanation of plaintiff's claimed injuries, if any, and other facts and medical releases essential to the defense of this matter by way of Interrogatories and Requests for Production dated December 30, 2002, and again requested this information on December 11, 2003 in an effort to resolve this dispute without need for court intervention, to no avail. Attachment A, B. The information and requested medical releases have never been provided. The information is necessary for the defense and should be ordered.

Particularly, with regard to the need for a medical records release, the District Court looks to the law of the state. Felber v. Foote, 321 F. Supp. 85, 88 (D.Conn. 1970). In

Connecticut, when a plaintiff puts his medical or psychiatric condition in issue, he may be ordered to provide a medical records release and if he refuses to sign, a non-suit may enter. See, e.g., Conrad v. Stop & Shop Cos., 2003 Conn. Super. LEXIS 213 (Memorandum, January 21, 2003); see also Spahn v. Griffith, 101 A.D.2d 1011, 476 N.Y.S. 2d 676 (1984); Lippian v. Lippian, 1984 Ohio App. LEXIS 9902 (1984); Mullins v. Lloyd, 1991 Tex. App. LEXIS 2856 (1991); McCall v. Burns, 1989 Me. Super. LEXIS 148 (1989); Bosarg and Highlands Inc. Co. v. Penrod, 1998 U.S. Dist. 9829 (1988). That there may be some irrelevant information mixed in with the relevant records is not grounds for refusing to comply as some may lead to the discovery of admissible evidence. Roberts v. Nicolia, 8 Pa. D. & C. 4th 92, 1990 Pa. D. & C. LEXIS 365 (1990). If plaintiff's condition is in controversy, inspection of medical records is appropriate. Conlin v. Birritella, 224 A.D. 2d 381, 66 S.D.N.Y. 550 (1997). Blank inspections, in some cases, will not be allowed. Walker v. Liberty Mutual Ins. Co., 148 F.R.D. 365 (1970); Cox v. Capitol Erectors, 1991 Conn. Super. LEXIS 3101 (1991). Appropriately limited releases are required. Doelfel v. Trevisani, 664 So. 2nd 1359 (1994).

The requested information and releases are appropriate in this case and should be required. Defendants request an order accordingly.

DEFENDANTS
James Smiley, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: /s/ Robert F. Vacchelli
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05222
E-Mail: robert.vacchelli@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

### CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 6th day of January, 2004:

Ramon Lopez #261685
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT 06071

/s/ Robert F. Vacchelli
Robert F. Vacchelli
Assistant Attorney General

3