UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON LOPEZ | : | NO. 3:02CV1020(RNC)(DFM) |
| | : | |
| VS. | : | |
| | : | |
| JAMES SMILEY, ET AL. | : | MARCH 10, 2004 |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT DATED FEBRUARY 25, 2004**

By pleading dated February 25, 2004 titled "Motion To Amend The Complaint" plaintiff files another effort to amend his complaint in the above case, this time to add defendants he earlier was given permission to drop, and to restate allegations earlier dismissed by this Court in its ruling of September 22, 2003. See Ruling, Docket No. 39, Attachment A. We urge the court to deny the Motion.

The liberal rules of federal procedure provide that leave to amend should be freely granted when justice so requires. Rule 15(a), F.R.Civ.P.; Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). However, the court has discretion in deciding whether or not to grant leave to amend. Azurite Corp. v. Amster & Co., 52 F.ed 15, 19 (2nd Cir. 1995). Even in cases involving pro se litigants, it has been held that leave to amend need not be given if the proposed complaint does not indicate that a valid claim may be stated. Platsky v. CIA, 953 F.2d 26, 29 (2nd Cir. 1991). (per curiam). It need not be granted if it would be futile. Pargburn v. Culbertson, 200 F.3d 65, 70-71 (2nd Cir. 1999); Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2nd Cir. 1991); Katzman v. Khan, 67 F. Supp. 2d 103 (E.D.N.Y. 1999); Tri-State

Judicial Services, Inc. v. Markowitz, 624 F. Supp. 925, 926 (E.D.N.Y. 1985). Undue delay or prejudice to the opposing party are also grounds for denial. Forman v. Davis, supra at 182.

  Plaintiff's proposed Second Amended Complaint re-states the same allegations expressed in his Amended Complaint filed November 19, 2002.[1] That complaint then listed 21 different defendants, and it essentially concerned two incidents at the Northern Correctional Institution, one on August 31, 2001 and the other on September 5, 2001, wherein plaintiff alleged that he was assaulted by correctional officers, wrongfully given disciplinary tickets and denied proper medical attention. That complaint was dismissed, in part, on September 22, 2003. See, Ruling, Attachment A. Plaintiff's proposed Second Amended Complaint, in effect, seeks a reconsideration of the Court's September 22, 2003 ruling without even explaining why such an effort should be considered. In fact, it should not. Plaintiff's effort is too late and the Motion should be denied on this ground. Local Rule 7(c); Rules of the United States District Court for the District of Connecticut. Repeat filing of claims previously dismissed should be dismissed. See, e.g., Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362 (2nd Cir. 2000). Alternatively, we urge the court to render the same ruling for the same reasons advanced by the defendants in their Motion to Dismiss dated January 3, 2003, a copy of which is attached hereto in Attachment B. To the extent that the previously filed Motion to Dismiss contained

---

[1] The only perceived difference is that plaintiff proposes to drop defendants Armstrong, Tokarz, Coyle and Whidden. Of course, the defendants have no objection to the deletion of these parties. However, plaintiff earlier requested to drop the defendants Tokarz, Whidden, Zacharewicz, Coates and Lajoie and the Motion was granted on September 22, 2003. See, Attachment A, p. 2. It would be unjust to allow plaintiff to re-name the defendants Zacharewicz, Coates and Lajoie at this late date in these proceedings.

documentation outside of the pleadings, and if deemed necessary, the motion can be treated by the Court as a Motion for Summary Judgment and disposed of as provided in Rule 56 after giving reasonable notice to the plaintiff. Rule 12 (b), F.R.Civ.P.; See, e.g., Morales v. Mackalam, 278 F.3d 126, 130 (2nd Cir 2002).

Moreover, in its Ruling of September 22, 2003, this Court dismissed all of plaintiff's claims arising out of the August 31, 2001 incident, and all of the claims arising out of the September 5, 2001 incident, against all defendants except federal and state claims of excessive force and failure to protect against the defendants Smiley, Farley, Galinisky, Stewart and Salius in their individual capacities. See Ruling, Id. The defendants answered these allegations in the remainder of the Amended Complaint on October 16, 2003, and the pleadings are closed. It would be unjust to require the defendants to start over and re-litigate those issues previously decided, and judicial economy would be better served pursuing a resolution of this case.

Also, plaintiff's proposed Second Amended Complaint again seeks injunctive relief in the form of official state actions and renovations to the prison. See, Proposed Second Amended Complaint at p. 18. These same requests were previously dismissed or denied as premature. See Ruling, n. 2. The requests should not be heard again for the reasons articulated above and for the original reasons for rejection. Moreover, in the proposed Second Amended Complaint, the defendants are sued only in their individual capacities. Proposed Second Amended Complaint, para. 4. Individual capacity suits are not against the state. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Plaintiff's effort at prospective

relief against the state lies in an official capacity suit.  See, Minotti v. Lensink, 798 F.2d 607, 609 (2nd Cir. 1986) citing Ex Parte Young, 209 U.S. 123, 156, 28 S.Ct. 441, 52 L.Ed. 714 (1908); Green v. Mansour, 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985).  Accordingly, this proposal does state a claim and should be dismissed.

Accordingly, the plaintiff's Motion to Amended The Complaint should be denied.

DEFENDANTS,
James Smiley, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____
Robert F. Vacchelli
Assistant Attorney General
Federal Bar No. ct05222
110 Sherman Street
Hartford, CT  06105
Telephone No. (860) 808-5450
Fax No. (860) 808-5591
E-Mail:  robert.vacchelli@po.state.ct.us

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed to the following on this _____ day of March, 2004:

Erskine D. McIntosh, Esq.
Law Office of Erskine D. McIntosh, P.C.
3129 Whitney Ave., Second Floor
Hamden, CT 06518-2364

 

                                                                           _____
                                                                           Robert F. Vacchelli
                                                                           Assistant Attorney General