UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  | PRISONER |
|---|---|---|
| RAMON LOPEZ | : | CIVIL NO. 3:02CV1020 (RNC)(DFM) |
| v. | : |  |
| JAMES SMILEY, ET AL. | : | JANUARY    , 2003 |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

This case is a civil rights action by Ramon Lopez, an inmate at the Northern Correctional

Institution, against the Connecticut Commissioner of Correction and 21 other officials of the

Connecticut Department of Correction.[1]  After receiving a Disciplinary Report from Correctional

Officer Smiley for pouring water down the air vent in his cell at 3:30 a.m. on August 31, 2001,

plaintiff alleged that Officer Smiley assaulted him.  Next, on September 5, 2001, plaintiff spit in

Officer Smiley's face.  Plaintiff claims that Officer Smiley and others then used excessive force

on him, and subjected him to other constitutional deprivation.

We urge dismissal of the case, in whole or in part, on the following grounds:

A. The Eleventh Amendment bars this action against the defendants in their
official capacities.

B. The State is not a "person" subject to liability under 42 U.S.C. § 1983.

---

[1] The defendants are Commissioner John Armstrong, Deputy Commissioner Jack Tokarz, Deputy Commissioner Peter Matos, Deputy Commissioner Dennis Coyle, Warden Larry Myers, Major Christine Whidden, Major Thomas Coates, Major Michael Lajoie, Captain William Faneuff, Captain Michael Zacharewicz, Lieutenant Dennis Oglesby, Lieutenant Scott Salius, Correctional Officer James Smiley, Correctional Officer Winston Farley, Correctional Officer Ron Young, Correctional Officer Dan Steward, Correctional Officer John Galinsky, Counselor John Ouellet, Nurse Patricia Wollenhaupt, Nurse Lynn Nordell, and Nurse Saundra Katz-Feinberg.

    C.  The request for Injunctive Relief is speculative.

    D.  The plaintiff has failed to exhaust his administrative remedies.

    E.  The plaintiff has failed to allege personal involvement.

    F.  The Amended Complaint fails to state a claim upon which relief can be granted.

    G.  The defendants are protected by their qualified immunity.

    H.  The Court should decline to exercise jurisdiction over the State law claims.

For the purposes of a motion to dismiss, all well-pleaded factual allegations must be taken as true and the allegations should be construed favorably to the pleader. Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); Scheurer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 263 (1974). Even under these allowances, the Amended Complaint fails to invoke federal jurisdiction in this case. The issues are discussed seriatim.

## ARGUMENT

### A.   The Eleventh Amendment Bars This Action Against The Defendants In Their Official Capacities

It is now well established that a suit against a State official in his official capacity is, in actuality, a suit against the State. Brandon v. Holt, 469 U.S. 464, 471, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985); Schiff v. Kerrigan, 625 F.Supp. 704, 707 n.7 (D.Conn. 1986). The real party in interest is the State. Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). It is equally well settled that the doctrine of sovereign immunity embodied by the Eleventh Amendment precludes a suit for damages against a state and its agencies. Edelman v. Jordan, 415 U.S. 651, 677, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

The Eleventh Amendment[2/] is a constitutional limitation on the federal judicial power established in Article III, Section 2 of the United States Constitution in actions brought by a citizen against his own state. Pennhurst State School & Hospital v. Halderman (Pennhurst II), 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2 67 (1984); Ex Parte State of New York No. 1, 256 U.S. 490, 491, 41 S.Ct. 588, 65 L.Ed. 1057 (1921); Hans v. Louisiana, 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890); Minotti v. Lensink, 798 F.2d 607, 609 (2nd Cir. 1986). Of course, a sovereign's Eleventh Amendment immunity may be waived by an unequivocally expressed consent to suit. Pennhurst, supra, at 99; see, e.g., Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Clark v. Barnard, 108 U.S. 436, 477 2 S.Ct. 878, 27 L.Ed. 780 (1893). Consent means an explicit statutory provision granting permission to sue. Florida Dep't. Of Health v. Florida Nursing Home Association, 450 U.S. 147, 150, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981); see also, Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983); Comba v. Ridgefield, 177 Conn. 268, 273 413 A.2d 859 (1979). In the instant case, the plaintiff did not,

---

[2]  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state.

Despite its limited language, it is well settled that this provision precludes federal court jurisdiction over suits brought against the state by its own citizens, absent consent. Pennhurst State Schools & Hospital v. Halderman (Pennhurst II), 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed2d 67 (1984); Edelman v. Jordan, 415 U.S. 651, 673-74, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); see also, Red Star Towing & Transportation Co. v. State of Connecticut, 481 F.Supp. 1033, 1034 (D.Conn. 1976).

and cannot allege consent to suit.[3]  Consequently, this action against all defendants sued in their

official capacities must be dismissed.[4]

**B.      The State Is Not A "Person" Subject To Liability Under 42 U.S.C. § 1983**

42 U.S.C. § 1983 provides that, "Every <u>person</u>, who, under color of any statute,

ordinance, regulation, custom or usage, of any state or territory, subjects ... any citizen ... to the

deprivation of any rights ... shall be liable to the party injured in an action at law, suit in equity,

or other proper proceeding for redress."  (Emphasis added).  The United States Supreme Court

has refused, in view of the state's traditional sovereign immunity and the Eleventh Amendment,

to construe the word "person" as including a State or its agencies.  <u>Will v. Michigan Dept. of</u>

<u>State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); <u>see</u> <u>also</u> <u>Krozser v. New</u>

<u>Haven</u>, 212 Conn. 415, 562 A.2d 1080 (1989), <u>cert.</u> <u>denied</u>, 493 U.S. 1036 (1990).  Therefore, to

the extent that this action is against the State through its officials, it is barred for this reason as

well.

**C.      The Injunctive Relief Requested Is Speculative**

Plaintiff in this case seeks a declaratory judgment and injunctive relief requiring the

defendants to remove him from Northern Correctional Institution, expunge his disciplinary

convictions involved in this case, give receipts for grievances filed by prisoners, and to videotape

all disciplinary proceedings.  Amended Complaint, p. 17.  The needs for these requests are

speculative and should be denied.

---

[3] Plaintiff did file a claim in the State Claims Commission seeking permission to sue.  That
  request is pending.  <u>See</u> Claim of Ramon Lopez, File No. 1911.

[4] All defendants except Smiley, Farley, Oglesby, Faneuff, Oulette, Stewart, Nordell and Young
are sued in their official capacities.  All defendants are sued in their individual capacities.

Generally, to obtain an injunction, a party must show the absence of an adequate remedy at law and irreparable harm if the relief is not granted. Rondeau v. Mosinee Paper Co., 422 U.S. 49, 57, 95 S.Ct. 2069, 45 L.Ed.2d 12 (1975); N.Y. State NOW v. Terry, 886 F.2d 1339, 1363 (2nd Cir. 1989). When seeking an injunction against the government, considerations of federalism compel the court to take care to exercise proper respect for the integrity and functions of local government institutions when considering the remedies requested. Knox v. Salinas, 193 F.3d 123 (2nd Cir. 1999). The irreparable injury condition is most significant. Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2nd Cir. 1985). To demonstrate irreparable harm, the plaintiff must show "'an injury that is neither remote nor speculative, but actual and imminent' and that cannot be remedied by an award of money damages." Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 332 (2nd Cir. 1995) [quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2nd Cir. 1989)].

In the instant case, considering the fact that the events took place over a year ago, the relief requested is hypothetical, remote and there is no demonstration of any possible need for the protection or affirmative relief requested.

**D.    Plaintiff Has Failed To Exhaust His Prison Administrative Remedies**

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e, requires an inmate to exhaust his administrative remedies before bringing a § 1983 action with respect to prison conditions. Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Connecticut has such an administrative remedy in Department of Correction Administrative Directive § 9.6 (Inmate Grievances). See Directive, Attachment A. The term "action ... with respect to prison conditions" is not defined in § 1997e. However, the term has been judicially determined to include claims of staff wrongdoing, including excessive force, Porter v. Nussle,

5

534 U.S. 516, 531, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) and, generally, any occurrences in prison life regardless of whether the claim involves general circumstances or particular episodes. Id. at 532.

The plain language of the term "prison conditions" certainly suggests those aspects of prison life affecting the entire prison population, such as the food, medical care, recreational facilities and the like. Lawrence v. Goord, 238 F. 3d 182, 185 (2nd Cir. 2000). Plaintiff's claims in this case, in addition to excessive force, concerning medical care and paperwork administration clearly fall within this definition, and exhaustion is required.

Moreover, the exhaustion rule requires proof of filing of the necessary grievances, plus intermediate and final administrative review if the prison authority denies relief at the first step. Booth v. Churner, supra at 735; Poer v. Miles, 2000 U.S. LEXIS 20620 (W.D. Tex. 2000); Berry v. City of New York, 2002 U.S. Dist. LEXIS 10520 (S.D.N.Y. 2002); Gentry v. Maxwell, 2002 U.S. App. LEXIS 9637 (6th Cir. 2002); Howard v. Sherfield, 2002 U.S. App. LEXIS 22962; Shugart v. Fleming, 2002 U.S. LEXIS 1611 (N.D. Tex. 2002); Flath v. Chavez, 2001 U.S. App. LEXIS 18125 (6th Cir. 2001); Alvarez v. United States, 2000 U.S. Dist. LEXIS 6079 (S.D.N.Y. 2000); Tripp v. Carter, 1999 U.S. LEXIS 16487 (N.D. Ill. 1999); McCrew v. Calvo, 2002 U.S. Dist. LEXIS 5900 (N.D. Cal. 2002); Hernandez-Salazar v. FMC Jail Unit, 2002 U.S. Dist. LEXIS 1169 (N.D. Tex. 2002); Thaddeus-X v. Williams, 2000 U.S. App. LEXIS 9664 (6th Cir. 2000); Utley v. Hiatte, 2000 U.S. App. LEXIS 5255 (6th Cir. 2000); Boyd v. Dept. of Correction, 2000 U.S. Dist. LEXIS 10806 (E.D. Pa. 2000); Reyes v. Punzal, 206 F.Supp.2d 431 (W.D.N.Y. 2002).

In the instant case, plaintiff alleges that only he filed a grievance as to the alleged assault on September 5, 2001, that is was denied, and that his appeal was deliberately "lost." Amended

Complaint, para. 65 and 66.  In fact, there is no record of any such appeal.  See Affidavit of

Ouellet, Attachment B.  Plaintiff's failure to file or perfect grievances and appeals renders this

case dismissible under the precedents cited above.  Plaintiff's allegation that his grievance appeal

was "deliberately lost" does not excuse the exhaustion requirement.  To the contrary, the failure

to file a grievance on that claim is also a bar to suit.  See Doe v. Barrett, Civ. No. 3:01CV519

(PCD) (Ruling, May 15, 2002), Attachment C.

**E.      The Plaintiff Has Failed To Allege Personal Involvement**

In this circuit, personal involvement of the defendants in alleged constitutional

deprivations is a prerequisite to an award of damages under Section 1983.  Gill v. Mooney, 824

F.2d 192, 196 (2nd Cir. 1987); McKinnon v. Patterson, 568 F.2d 930, 934 (2nd Cir. 1977), cert.

denied, 434 U.S. 1087 (1978); Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2nd Cir. 1987);

Black v. United States, 534 F.2d 524, 527 (2nd Cir. 1976).  Supervisory responsibility alone is not

enough to confer exposure to liability.  Williams v. Smith, 781 F.2d 313, 323 (2nd Cir. 1986);

Williams v. Vincent, 508 F.2d. 541, 546 (2nd Cir. 1974).  "A plaintiff must thus allege a tangible

connection between the acts of the defendants and the injuries suffered."  Bass v. Jackson, 790

F.2d 260, 263 (2nd Cir. 1986).

In the instance case, there are no factual allegations against the defendants Coyle or

Myers.  The case should be dismissed as to them.

As to the defendants Tokarz and Armstrong, the only allegations against them are that

they are notified of the events in this case, at some unspecified time after the events and that they

did nothing.  Amended Complaint, para. 69.  This allegation is insufficient to show personal

participation under the standards long established in the Second Circuit.  See Wright v. Smith, 21

F.3d 496, 501 (2nd Cir. 1994); Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060 (2nd Cir. 1989).

They cannot be held personally responsible simply because they occupy a high position of authority in the prison system. <u>Ayers v. Coughlin</u>, 780 F.2d 205, 210 (2nd Cir. 1985); <u>McKinnon v. Patterson</u>, <u>supra</u> at 934.

As to the defendants Oglesby, Coates, Lajoie and Whidden, at least with respect to their alleged culpability in connection with the alleged assaults, the only claim is that they were told of the assaults after the fact. Amended Complaint paras. 31, 35, 41, 62, 63 and 64. This does not allege personal participation in impending harm. <u>M.B. v. Reyes</u>, 1999 U.S. App. LEXIS 4233 (2nd Cir. 1999). As to the defendant Zacharewicz, he is accused of falsely reporting that a spit mask was used in the September 5 incident. Amended Complaint para. 59. There is no connection between this allegation and any harm which allegedly came to plaintiff. Accordingly, the Amended Complaint should be dismissed as to this defendant as well for failure to allege personal participation.

**F.    The Complaint Fails To State A Claim Upon Which Relief Can Be Granted**

It is true that Rule 8(a), F.R.Civ.P., broadly governs pleadings in Federal Court, and that notice pleading normally requires only a "short plain statement" of a claim for relief. <u>See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); <u>Conley v. Gibson</u>, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); <u>Batista v. Rodriguez</u>, 702 F.2d 393, 397 (2nd Cir. 1983). Also, it has been stated that, "Complaints relying on civil rights statutes are plainly insufficient unless they contain some specific allegation of fact indicating a deprivation of civil rights, rather than simple conclusions." <u>Koch v. Yunich</u>, 533 F.2d 80, 85 (2nd Cir. 1976); <u>see, e.g.</u>, <u>Powell v. Jervis</u>, 460 F.2d 551, 553 (2nd Cir. 1976); <u>Louis v. Ward</u>, 444 F.Supp. 1107, 1109 (S.D.N.Y. 1978); <u>see also</u>,

Branch v. Tunnell, 14 F.3d 449 (9th Cir. 1994).  The Complaint in this case fails to state a claim

upon which relief can be granted.

     **1.**    **Excessive Force**

     The first constitutional claim in this case concerns the alleged use of excessive force.

However, the facts alleged do not set forth a claim.

     Under the Eighth Amendment, prisoners have the right to be free from "unnecessary and

wanton infliction of pain."   Estelle v. Gamble, 429 U.S. 97, 104 (1976), quoting Gregg v.

Georgia, 428 U.S. 153, 173 (1975).   Once personal involvement is established, the inquiry

focuses on whether the alleged force was indeed unnecessary and wanton.   Hudson v.

McMillian, 503 U.S. 1, 6-7 (1992).  In making this determination, the Court should consider both

the objective and subjective components of the alleged violation.  Davidson v. Flynn, 32 F.3d 27,

29 (2nd Cir. 1994), citing Hudson, 503 U.S. at 8.   The objective element pertains to the

seriousness of the injury, while the subjective element looks to the state of mind of the

defendant.  Hudson, 503 U.S. at 8; Davidson, 32 F.3d at 29-30; Romano v. Howarth, 998 F.2d

101, 105 (2nd Cir. 1993).  Under the two part test discerned in Hudson, a plaintiff must establish

the objective element of a claim:  that the injury suffered is not de minimis and that it reaches

constitutional dimensions.  Romano, 998 F.2d at 105, citing Wilson v. Seiter, 501 U.S. 294, 297-

302 (1991).

     Particularly with regard to the alleged assault on August 31, 2001, plaintiff alleges, "The

defendant Smiley hit me in the right side of my face with his hand/flashlight while I was

handcuffed as was my cellmate at the time."  Amended Complaint, para. 29.  This is insufficient

under the constitutional tests above.  Not ever push or shove states a claim.  Johnson v. Glick,

481 F.2d 1028, 1033 (2nd Cir. 1973) cert. denied 414 U.S. 1033 (1973).  With regard to the

incident of September 5, 2001, plaintiff alleges assaults by the defendant Smiley only but claims that the defendants Farley and Salius aided by not intervening.  Claims against all the other defendants on the claim of excessive force should thus be denied.  Causes of Action Nos. 1, 2, 3, and 10.

        **2.**        **Denial of Medical Care**

To establish a claim of inadequate medical care under the Eighth Amendment, a prisoner must prove "deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 50 L.Ed.2d 251, 97 S.Ct. 285 (1976).  To prevail on such a claim, a prisoner must show intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel. Id. at 104-05.  A prisoner's claim that he has not received adequate medical care, or that a physician has committed medical malpractice, does not in itself constitute a Eighth Amendment violation. Id. at 105.  Furthermore, the mere fact that a prisoner disagrees with his course of medical treatment does not arise to a *per se* violation of the Eighth Amendment.  See Chance v. Armstrong, 143 F.3d 698, 703 (2nd Cir. 1998).  To trigger an Eighth Amendment claim for deliberate indifference to a serious medical need, prison officials must "intentionally deny[] or delay[] access to medical care or intentionally interfere with the treatment once prescribed." Estelle, 429 U.S. at 104-05.  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.  A physician will be liable under the Eighth Amendment only if his conduct is "repugnant to the conscience of mankind." Tomarkin v. Ward, 534 F.Supp. 1224, 1230 (S.D.N.Y. 1982) (quoting Estelle, 429 U.S. at 105-06).  Allegations of mere negligence in the treatment of a prisoner's physical condition, or claims based on differences of opinion over matters of medical

judgment, fail to rise to the level of an Eighth Amendment violation.  Ross v. Kelly, 784 F. Supp.

35, 44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2nd Cir.).

To meet the deliberate indifference standard, the plaintiff must satisfy a two-part test,

which contains both an objective and a subjective prong.  "First, the alleged deprivation must be,

in objective terms, 'sufficiently serious.'"  Hathaway v. Coughlin, 37 F.3d 63, 66 (2nd Cir 1994).

Second, the defendant "must act with a sufficiently culpable state of mind [deliberate

indifference]."  Id.

Assuming *arguendo* that plaintiff's medical complaints were "sufficiently serious,"

plaintiff does not establish that any of the defendants were deliberately indifferent to his medical

needs.  "Deliberate indifference requires more than negligence, but less than conduct undertaken

for the very purpose of causing harm."  See Hathaway, 37 F.3d at 66, citing Farmer v. Brennan,

114 S.Ct. 1970, 1978, 128 L.Ed.2d 811 (1994).  To meet the deliberate indifference standard, the

prison official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference."  Hathaway v.

Coughlin, 37 F.3d at 66, citing Farmer v. Brennan, 114 S.Ct. 1970, 1979, 128 L.Ed. 2d 811

(1994).  In other words, "the plaintiff must demonstrate that the defendant actually wished him

harm or at least was totally unconcerned with his welfare."  Rodriguez v. Mercado, No. 00 Civ.

8588, 2002 U.S. Dist. LEXIS 16057, *1, *26 (S.D.N.Y., August 28, 2002).  In a case where a

prisoner failed to produce any evidence that his medical care was unreasonable, inappropriate, or

a deviation from accepted medical standards of care, the court found that the prisoner's

conclusory complaints alleging inadequacy of his medical treatment were "insufficient to raise a

triable issue of fact."  Amaker v. Goord, 98 Civ. 3634, 2002 U.S. Dist. LEXIS 5932, *21

(S.D.N.Y. 2002).

Furthermore, a delay in treatment does not in itself indicate a violation of a prisoner's Eighth Amendment rights.  See Demata v. N.Y. State Corr. Dep't of Health Servs., 198 F.3d 233, 1999 U.S. App. LEXIS 22955, *5-6 (2nd Cir. 1999).  Courts have found deliberate indifference in delay situations where prison officials have "deliberately delayed care as a form of punishment, ignored a life-threatening and fast-degenerating condition for three days, or delayed major surgery for two years."  See id.

In the instant case, plaintiff does not allege that he was denied medical care.  In fact, he alleges medical attention received although he disputes the appropriateness of care, claiming that his needs were "downplayed."  Amended Complaint, para. 61.  He also alleges that "hearsay" was included in his medical incident report.  Amended Complaint, para. 40.  His disagreement with defendant's assessments or reporting does not give rise to deliberate indifference.  Accordingly, Cause of Action No. 5 should be dismissed as to the defendants Wollenhaupt, Nordell and Katz-Feinberg.

### 3.    Retaliation

Plaintiff further complains of "retaliatory, conspiratorially [sic] planned disciplinary action in violation of the due process clause of the Fourteenth Amendment to the U.S. Constitution."  Amended Complaint, p. 1.  In this regard, he complains that a Disciplinary Report issued against him for spitting on Officer Smiley was a character assassination and that the report that he "refused" defense assistance was false.  Amended Complaint, paras. 56, 64.

To state a prima facie retaliation claim, plaintiff "bears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantially motivating factor in the prison official's decision to discipline him.  Graham v. Henderson, 89 F.3d 75, 79 (2nd Cir. 1996); see also Davidson v. Chestnut, 193 F.3d 144, 145-46 (2nd Cir. 1999).

12

Defendants are entitled to judgment on such a claim if the undisputed facts demonstrate that the challenged action clearly would have been taken on a valid basis alone.  Davidson, supra at 149.

> A "finding of sufficient permissible reasons to justify state action is readily drawn in the context of prison administration," for two reasons.  Graham, 89 F.3d at 79. First, "retaliation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike."  Id.  Second, "we have been cautioned to recognize that prison officials have broad administrative authority."  Id.; see also Davidson, 193 F.3d at 149.

Sarvis v. USA, 2000 U.S. App. LEXIS 26618 (2nd Cir. 2000).

In the instant case, the disciplinary report in issue is attached to plaintiff's complaint and it shows that plaintiff received the report for spitting at Officer Smiley, an event he does not deny.  See Disciplinary Report.  This is not protected activity and produces a proper reason for issuance.

Plaintiff's complaint that he did not "refuse" is of no avail.  He has no right to counsel or to cross-examination, and the inmate does not have subpoena power.  Tulloch v. Coughlin, 50 F.3d 114, 115 (2nd Cir. 1995).  Even in cases where loss of good time credits is at stake, which is not present in this case, "the requirements of due process are satisfied if some evidence support the decision by the prison disciplinary board …"  Superintendent v. Hill,  472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).  Plaintiff's attachment on the face shows satisfaction of this measure.  Consequently, his claim under Causes of Action Nos. 2, 4, 6 and 7 should be denied as to all defendants.

### 4.    Hampering Grievance

Plaintiff claims that Counselor Supervisor Ouellet deliberately "lost" his grievance appeal and that Deputy Commissioners Matos and Tokarz did not answer his complaints and that Warden Myers denied his grievance.  Amended Complaint paras. 66, 67, 68 and 69.  Intentional

obstruction of a prisoner's right to seek redress of grievances states a claim.  Graham v. Henderson, 89 F.3d 75 (2nd Cir 1996).  However, we can find no case which gives prisoners the constitutional right to have a particular grievance acted upon favorably, or which constitutionally prohibits lost property.  The contrary is indicated.  See, e.g. Davidson v. Cannon, 474 U.S. 344, 88 L.Ed.2d 677 (1986).  Moreover, plaintiff's conclusory allegation of deliberate conduct will not survive a Motion to Dismiss.  See Flaherty v. Coughlin, 713 F.2d 10, 13 (2nd Cir. 1983).  Accordingly, Cause of Action No. 8 should be dismissed.

Moreover, plaintiff does not allege that he has exhausted the prison grievance procedures, and any appeals therefrom, on this point.  Exhaustion is required.  See Doe v. Barrett, Civ. No. 3:01CV519 (PCD) (Ruling, May 15, 2002); Attachment C.

### 5.    Denial of Public Information

Plaintiff complains further that Major Coates redacted information from incident reports which were disclosed to him.  Amended Complaint, para. 62.  The Connecticut Freedom of Information (FOI) Act allows the public to see records of state agencies, Conn. Gen. Stat. § 1-210(a), but there are exceptions including:

> (18) Records, the disclosure of which the Commissioner of Correction, or as it applies to Whiting Forensic Division facilities of the Connecticut Valley Hospital, the Commissioner of Mental Health and Addiction Services, has reasonable grounds to believe may result in a safety risk, including the risk of harm to any person or the risk of an escape from, or a disorder in, a correctional institution or facility under the supervision of the Department of Correction or Whiting Forensic Division facilities.  Such records shall include, but are not limited to:

Conn. Gen. Stat. § 1-210(b)(18).

Moreover, any person denied the right to inspect records can appeal to the Freedom of Information Commission, and thence to the Connecticut Superior Court for judicial review. Conn. Gen. Stat. § 1-206(b)(1), (d).

The alleged failure to comply with State regulatory requirements, where there are no federal requirements, is not a violation of constitutional rights. Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); Bolden v. Alston, 810 F.3d 353, 358 (2nd Cir. 1987), cert. denied 484 U.S. 896 (1987). There are no federal requirements in this claim. Accordingly, inmate lawsuits based on FOI violations are routinely dismissed. See, e.g. Leitzsey v. Coombe, 998 F. Supp. 282 (W.D.N.Y. 1998); Webb v. Ashburn, 1997 U.S. Dist. LEXIS 2848 (S.D.N.Y. 1997); Odom v. Keane, 1996 U.S. Dist. LEXIS 17543 (S.D.N.Y. 1996); Daniels v. Walker, 1995 U.S. Dist. LEXIS 2459 (N.D.N.Y. 1995).

Accordingly, the claim in Cause of Action No. 9 should be dismissed.

**G.    The Defendants Are Protected By Qualified Immunity**

The defendants in this case, by virtue of their status as public officials who must be allowed to do their jobs in good faith without fear of being liable for damages each time they make a decision on behalf of the State, are clothed with qualified immunity in this case. Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

The Supreme Court has held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, supra, at 818. In order for the immunity to be available, the public official or employee must have acted under an objectively reasonable belief that his actions were lawful. Gomez v. Toledo, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); Eng v. Coughlin, 858 F.2d 889, 895 (2nd Cir. 1988).

While the issues of qualified immunity and privilege ordinarily involve issues of fact which need to be affirmatively pleaded, and which are not tested in a motion to dismiss, the

Supreme Court has sanctioned the final resolution of civil rights cases on qualified immunity grounds on motion in appropriate cases.  See Harlow v. Fitzgerald, supra; see also, Cartier v. Lussier, 955 F.2d 841 (2nd Cir. 1992); Magnotti v. Kuntz, 918 F.2d 364 (2nd Cir. 1990).  In the instant case, the Complaint shows no grounds upon which a constitutional claim can stand under the facts alleged.  Schecter v. Comptroller, City of New York, 79 F.3d 265 (2nd Cir. 1996); Mozzochi v. Borden, 959 F.2d 1174, 1178 (2nd Cir. 1992).  Even if the law was clearly established, under the circumstances alleged, the facts do not support the sufficiently culpable state of mind necessary to support liability.  Thus, the facts alleged demonstrate that it was objectively reasonable for the officials to believe that their actions did not violate those rights. Bliveira v. Mayer, 23 F.3d 642, 648-49 (2nd Cir. 1994).  The plaintiff's allegations should not suffice to subject these governmental officials either to the costs of trial or to the burdens of broad reaching discovery.  Harlow, supra, at 817-18.  It follows then, that the public officials in these cases should be shielded from any personal liability.  This case should, thus, be dismissed with prejudice.

Should any portion of this Complaint survive the Motion to Dismiss currently under consideration, then we respectfully reserve the right to affirmatively plead and prove the defense in an appropriate motion or at trial.

**H.    The Court Should Decline To Exercise Supplemental Jurisdiction Over The State Law Claims**

The District Court may decline to exercise supplemental jurisdiction over such state law claims, such as the assault and battery and negligence claims raised in this case, particularly when it has dismissed all claims over which it has original jurisdiction, such as the § 1983 claims raised in this case.  See 28 U.S.C. § 1367(c)(3).  Where federal claims are dismissed before trial,

the state claim should be dismissed as well.  United Mine Workers v. Gibbs, 383 U.S. 715, 86

S.Ct. 1130, 16 L.Ed.2d 218 (1966); Baylis v. Marriott Corp., 843 F.2d 658, 665 (2nd Cir. 1988).

Accordingly, we urge the Court to decline supplemental jurisdiction over the state law claims in

this case.

## CONCLUSION

For all of the foregoing reasons, we urge the Court to dismiss the plaintiff's Complaint.


DEFENDANTS
James Smiley, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:    _____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05222
E-Mail:  robert.vacchelli@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this _____ day

of January 2002:

Ramon Lopez #261685
Northern Correctional Institution
P.O. Box 665
Somers, CT  06071

_____
Robert F. Vacchelli
Assistant Attorney General