UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Hartford)

FILED
2004 MAR 29 P 2:51
U.S. DISTRICT COURT
HARTFORD, CT.

*******************************

RAMON LOPEZ                  *   3:02 CV 1020 (RNC)(DFM)
                             *
V.                           *
                             *
                             *
JAMES SMILEY, ET AL          *   MARCH 26, 2004
*******************************

PLAINTIFF'S REBUTTAL TO THE DEFENDANTS' OBJECTION TO THE PLAINTIFF'S MOTION FOR LEAVE TO FILE THE AMENDED COMPLAINT

The defendant pointed out in his objection to the plaintiff's attempt to amend his complaint that the only two purposes for amending the complaint were to add defendants the plaintiff had secured permission to drop and to repeat "allegations" this Court had previously dismissed. Defendants' Objection, pg. 1 (March 10, 2004). That characterization is incomplete. The other purposes of the amendment are to replead facts under Connecticut's Constitution, plead the federal aspect of the case under the 14th Amendment and delete reference to the 8th Amendment because the plaintiff was a pre-trial detainee at the time of his victimization by the defendants and to add facts to all of the allegations.

The defendants' first objection was that moving for leave to amend the complaint was improper because several sections of the amended complaint had been dismissed by this Court on September 22, 2003, [Document 39]. The plaintiff disagrees. The plaintiff points out, however, that the entire case was not dismissed. "[W]hen a court dismisses only the complaint and fails to enter an order dismissing the entire suit, the plaintiff has the option of either treating the dismissal as final and appealing or, alternatively, moving for leave to amend." 3 Moore's Federal Practice, §15.12[2], pg. 15-21 (Matthew Bender 3d ed. 2003). Hence, the

plaintiff entreats the Court to decline the defendants' invitation to now treat its Motion to Dismiss as a resurrected Motion for Summary Judgment, as improper.

The defendant rightly points out that this proposed Amended Complaint repleads the August 31, 2001 incident and all of the claims surrounding the September 5, 2001 incidents. What the defendants do not also assert is that additional facts are pled in those sections to overcome the deficiencies in the first complaint that allowed a motion to dismiss be granted but perhaps the most significant change in the amended complaint is that the plaintiff alleges violations of the Connecticut Constitution which, is not subject to the Prison Litigation Reform Act.

"[A] state court is entirely free to read its own State's constitution more broadly that this Court reads the Federal Constitution, or to reject the mode of analysis used by this Court in favor of a different analysis of its corresponding constitutional guarantee." City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 293, 102 S.Ct. 1070, 1077, 71 L.Ed 2d 152 (1982). "State and federal constitutional provisions need not be interpreted to have identical meanings. Federal decisional law is not a lid on the protections guaranteed under the State constitution." Lillibask Ex Rel. Mauclaire v. Sergi, 193 F. Supp. 2d 503, 512 (2002). By way of example, a warrantless search of a car after police impound it is prohibited under Article First, §7 of Connecticut's constitution but under the 4th Amendment to the U.S. Constitution that same search would be legal. State v. Miller, 227 Conn. 363, 386-87, 630 A.2d 1315 (1993). Further, even though there is a good faith exception to the exclusionary rule under the 4th Amendment to the U.S. Constitution, there is no such exception under Art. I, §7 of the Connecticut constitution. State v. Marsala, 216 Conn. 150, 171, 579 A.2d 58 (1990). Art. I, §§7 & 9 of the Connecticut constitution afford more protection to the privacy rights of citizens

than the 4th Amendment to the U.S. Constitution. State v. Wilkins, 240 Conn. 489, 504-507, 692 A.2d 1233 (1997). There is a private right of action under Art. I, §§7 & 9 of the Connecticut Constitution pursuant to Binette v. Sabo, 244 Conn. 23, 41-51, 710 A.2d 688, 697-701 (1998) that is available in this case.

"[The Connecticut Supreme Court's]adoption, for purposes of state constitutional analysis, of an analytical framework used under the federal constitution does not preclude [the Connecticut Supreme Court]from concluding that a statute [such as the federal Prison Litigation Reform Act], that would be valid under the federal constitution is nevertheless invalid under our state constitution." Ramos v. Town of Vernon, 254 Conn. 799, 761 A.2d 705, 727 (2000).

Further, those allegations in the amended complaint that state that grievances were given to defendants, which later s disappeared or were destroyed or where oral complaints were not communicated by the defendants to the appropriate Department of Correction personnel violated the plaintiff's free speech rights under the State Constitution. "The Connecticut Supreme Court has recognized a private right of action under the free speech clause of the Connecticut Constitution." "[Article I, §§3, 4, 5 & 14] provide greater protection than the free speech clause of the federal Constitution." Ward v. Housatonic Area Regional Transit District, 154 F. Supp. 2d 339, 356 (D. Conn. 2001).

The defendants' decrying the plaintiff's insistence upon declaratory and injunctive relief should be overruled. Where a police practice or policy creates a real and immediate threat of future injury to an identifiable plaintiff or class of plaintiffs a request for Injunctive or Declaratory Judgment should be part of the complaint. The 11th Amendment is no bar to this relief. The fact that the defendants only include State employees and not the State itself is no

bar in this case because the relief requested is prospective and not retroactive. <u>Idaho v. Coeur d'Alene Tribe of Idaho</u>, 521 U. S. 261, 117 S.Ct. 2028, 2046-2047, 138 L.Ed 2d 438 (1997), (O'Connor, J., concurring).

## CONCLUSION

For all of the reasons advanced herein, and such others as the Court might discern, the Plaintiff entreats this Court to overrule the defendants' objection.

RESPECTFULLY SUBMITTED,

RAMON LOPEZ
THE PLAINTIFF

BY: _____
ATTY. ERSKINE D. McINTOSH
FEDERAL BAR NO. CT 09743
THE LAW OFFICES OF ERSKINE D. McINTOSH, P.C.
3129 WHITNEY AVENUE, SECOND FLOOR
HAMDEN, CT 06518-2364
(203) 787-9994
FAX (203) 848-1213

**COUNSEL FOR THE PLAINTIFF**

## C E R T I F I C A T I O N

This is to certify that a copy of the foregoing was sent by first-class mail, postage prepaid on this the 26th day of March, 2004 to:

Atty. Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, Conn. 06105

_____
ATTY. ERSKINE D. McINTOSH

19 MEMO-REBUT OBJ. AMEND COMPLAINT