UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON LOPEZ | : | CIVIL NO. 3:02CV1020 (RNC)(DFM) |
| v. | : | |
| JAMES SMILEY, ET AL. | : | APRIL 6, 2004 |

### MEMORANDUM IN OPPOSITION TO
### PLAINTIFF'S RENEWED MOTION TO COMPEL
### DATED FEBRUARY 25, 2004

The defendants, James Smiley, et al., by and through their undersigned counsel, respectfully request the Court to deny plaintiff's Motion to Compel Discovery dated February 25, 2004, which renews his pro se inmate motion of November 6, 2003. The defendants' positions on the various demands of plaintiff are as follows:

**1.   All redacted parts of security division report relating to the August 31, 2001 and September 5, 2001 incidents.**

On this point, plaintiff does not specify what information is requested and why it is necessary. This is particularly true concerning the reports on the August 31, 2001 incident as all of plaintiff's claims concerning that matter were dismissed. See Ruling and Order of September 22, 2003. Court File, Docket # 39 at p. 6. Accordingly, this request, and all of the others which share this defect, should be denied as not in compliance with Local Rule 37(a)(3).

Moreover, in general categories, the defendants have redacted from the report inmate identification numbers, unrelated disciplinary action against officers, and statements by inmate informants.

Plaintiff is not entitled to personal information about other inmates as it is an invasion of privacy and jeopardizes security.

With regard to inmate informant witnesses, it is well settled that security and personal safety is the most central of all correctional goals.  See e.g. Hudson v. Palmer, 468 U.S. 517, 524 (1984); Bell v. Wolfish, 441 U.S. 520, 540 (1979); Turner v. Safley, 482 U.S. 78, 85 (1987); O'Lone v. Shabazz, 482 U.S. 342, 348 (1987).  The potential retaliation against inmates interviewed and named on incident reports weighs extremely heavily against disclosure.  See Cullen v. Margiotta, 811 F.2d 698, 716 (2d Cir. 1987) (potential for retaliation against interviewees was sufficient to deny disclosure; strength of privilege is greater in civil litigation than in criminal.").  To overcome this privilege, the plaintiffs have an extremely heavy burden.  United States v. Jimenez, 789 F.2d 167, 170 (2d Cir. 1986).  "Plaintiffs must show that the information sought is both relevant and essential to the presentation of the case on the merits."  (Emphasis added).  Cullen v. Margiotta, supra at 716; United States v. Russotti, 746 F.2d 945, 949-950 (2d Cir. 1984).  Plaintiffs must also demonstrate that the need for disclosure outweighs the need for secrecy.  United States v. Lilla, 699 F.2d 99, 105 (2d Circ. 1983); United States v. Manley, 632 F.2d 978, 985 (2d Cir. 1980), cert. denied, 449 U.S. 1112 (1981); In re United States, 565 F.2d 19, 22-23 (2d Cir. 1977), cert. denied, 436 U.S. 962 (1978).

Under the circumstances, this threat to security should not be risked.

Defendants earlier disclosed to plaintiff the disciplinary investigation and reports reflecting personnel action taken with regard to all allegations in this case concerning both the August 31 and September 5, 2001 incidents alleged.  With regard to any other disciplinary history, the request is overly broad, vague, burdensome and not calculated to lead to the

discovery of admissible evidence. It also pries into defendants' private employment records and is designed to harass, annoy and abuse defendants, and should not be permitted, especially with regard to the defendants who have already been dismissed from this case.

**2. Disciplinary work history of any prior misconduct, use of force complaints by other inmates as to all defendants.**

This wholesale unspecific discovery request is overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence. It invades the privacy of defendants, and is not calculated to lead to the discovery of admissible evidence, particularly with regard to dismissed claims. It also invades the privacy of the other inmates to the extent plaintiff seeks information concerning complaints by other inmates. No explanation is given for the need for the information and what use would be made of it. Moreover, no similarly broad request was made for work history on all defendants in the past. It is not a proper subject for a Motion to Compel. Accordingly, the request should be dismissed under Local Rule 37(a)(3). It is noted, however, that defendants earlier disclosed to plaintiff the disciplinary investigation and reports reflecting personnel action taken with regard to all allegations in this case concerning both the August 31 and September 5, 2001 incidents alleged.

**3. State Police Reports showing names and inmate numbers.**

Plaintiff's effort to obtain personal information about other inmates and disclosure of identities of inmate informants jeopardizes safety and security of the facility, inmates and staff and should not be required to be disclosed to the pro se inmate informant for the same under the same authority explained in topic number one above.

4. **Viewing of sally port corridor security camera.**

Plaintiff's counsel has substituted himself as the person requesting inspection of the premises in issue in this case. Defendants have prepared what they consider an appropriate protective order permitting inspection by counsel and it is being circulated for signatures. Upon agreement of the parties, it will be submitted to the court for order. Accordingly, we ask the court to defer action on this request at this time.

5. **Release of videotapes of handheld camera and sally port corridor security camera tapes to designated person.**

Like the request described in item 4 above, defendants have prepared what they consider appropriate protective orders permitting viewing by counsel and it is being circulated for signatures. Upon agreement of the parties, they will be submitted to the court for order. Accordingly, we ask the court to defer action on this request at this time.

6. **Incident Report page of September 5, 2001 report prepared by Lt. Salius.**

This report was provided to plaintiff on December 13, 2002 along with approximately 739 pages of documents in the case in response to plaintiff's Request for Production. The purpose of this request is unclear. If plaintiff is complaining about a partial obstruction on a copy of page 5 of the report, another copy, without obstruction, was given to plaintiff on or about December 15, 2003.

Accordingly we urge the Court to deny plaintiff's Motion to Compel.

             DEFENDANTS
             James Smiley, et al.

             RICHARD BLUMENTHAL
             ATTORNEY GENERAL


BY:  /s/_____
   Robert F. Vacchelli
   Assistant Attorney General
   110 Sherman Street
   Hartford, CT  06105
   Federal Bar #ct05222
   E-Mail: robert.vacchelli@po.state.ct.us
   Tel.: (860) 808-5450
   Fax: (860) 808-5591


## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 6th day of April 2004:

Erskine D. McIntosh, Esq.
Law Offices of Erskine D. McIntosh, P.C.
3129 Whitney Ave., Second Floor
Hamden, CT 06518-2364


         /s/_____
         Robert F. Vacchelli
         Assistant Attorney General

5