UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON LOPEZ | : | NO. 3:02CV1020(RNC)(DFM) |
| | : | |
| VS. | : | |
| | : | |
| JAMES SMILEY, ET AL. | : | APRIL 15, 2004 |

**MEMORANDUM IN RESPONSE TO PLAINTIFF'S REBUTTAL BRIEF DATED MARCH 26, 2004 AND IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY DATED MARCH 31, 2004**

The following is submitted in response to plaintiff's Rebuttal Brief, dated March 26, 2004, and in opposition to plaintiff's Motion to Modify dated March 31, 2004:

**Rebuttal Brief**

In his Rebuttal Brief dated March 26, 2004, plaintiff contends, inter alia, that he should be allowed to Amend his Complaint, despite the late date, because he is not only repleading claims previously dismissed, he is also raising new legal theories for recovery based on those same facts, especially Connecticut constitutional issues  Rebuttal Brief, p. 2.  We urge the court to deny the effort for failure to state a claim upon which relief can be granted.

In particular, plaintiff proposes to allege that the incidents of August 31 and September 5, 2001, violated his free speech and liberty due process rights under the Connecticut Constitution citing  Conn. Const. Art. I, Secs. $4^1, 5^2, 7^3$ and $9^4$, entitling him to money damages.  See proposed

---

[1] Conn. Const. Art I, Sec. 4 provides:
   Every citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that liberty.

Amended Complaint of February 25, 2004 at p. 15, paras. 2 and 74 and at p. 16, para. 75. He claims a right to money damages pursuant to <u>Binette v. Sabo</u>, 244 Conn. 23, 41-51, 710 A.2d 688 (1998) and <u>Ward v. Housatonic</u>, 154 F.Supp.2d 339, 356 (D.Conn. 2001). These provisions do not give plaintiff a cause of action for money damages in this case.

<u>Binette v. Sabo</u> did not sanction lawsuits for money damages under all provisions of the Connecticut Constitution. To the contrary, that case specifically, and narrowly, created a cause of action where local police enter a private home without a warrant and engage in egregious conduct. See, <u>ACT Partnership v. Town of Windham</u>, 251 Conn. 597, 613, 741 A.2d 305 (1999). The <u>Binette</u> case set forth several factors to be considered, on a case-by-case basis, in determining whether, in the future, any other causes of action for money damages would be recognized under the Connecticut Constitution:

> The factors to be considered include: the nature of the constitutional provision at issue; the nature of the purported unconstitutional conduct; the nature of the harm; separation of powers considerations and other factors articulated in <u>Bivens</u> and its progeny; the concerns expressed in <u>Kelley Property Development, Inc.</u>; and any other pertinent factors brought to light by further litigation.

---

[2] Conn. Const. Art. I, Sec. 5 provides:
No law shall ever be passed to curtail or restrain the liberty of speech or of the press.

[3] Conn. Const. Art. I, Sec. 7 provides:
The people shall be secure in their persons, houses, papers and possessions from unreasonable searches or seizures; an no warrant to search any place, or to seize any person or things, shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation.

[4] Conn. Const. Art. I, Sec. 9 provides:
No person shall be arrested, detained or punished, except in cases clearly warranted by law.

Binette v. Sabo, supra at 48.

The Connecticut Supreme Court has rejected arguments that there should exist a cause of action for money damages under the Connecticut Constitution for due process violations. Kelley Property Development, Inc. v. Town of Lebanon, 226 Conn. 314, 627 A.2d 909 (1993), or for intentional abuse of eminent domain powers. ACT v. Town of Windham, supra. To our knowledge, the Connecticut Supreme Court has never created a cause of action for money damages under the Connecticut Constitution for Connecticut inmates on any of fact circumstances described in plaintiff's proposed Amended Complaint.[5] Consequently, plaintiff's proposed Amended Complaint fails to state a claim upon which relief can be granted on these points.

To the extent that plaintiff seeks to allege a Connecticut Constitutional ground for declaratory and injunctive relief, the need for such relief on this ground, or any other, now almost 3 years after the events, is speculative. Generally, to obtain an injunction, a party must show the absence of an adequate remedy at law and irreparable harm if the relief is not granted. Rondeau v. Mosinee Paper Co., 422 U.S. 49, 57, 95 S.Ct. 2069, 45 L.Ed.2d 12 (1975); N.Y. State NOW v. Terry, 886 F.2d 1339, 1363 (2nd Cir. 1989). When seeking an injunction against the government, considerations of federalism compel the court to take care to exercise proper

---

[5] Plaintiff cites Ward v. Housatonic, 154 F.Supp.2d 339 (D.Conn. 2001) as sanctioning a private right of action for money damages under Connecticut Constitution Art. I, Secs. 3 through 5 and 14. Id at 356. However, the cased relied upon by Ward, Connecticut v. Linares, 232 Conn. 345, 655 A.2d 737 (1995), did not create a cause of action for money damages.

respect for the integrity and functions of local government institutions when considering the remedies requested. Knox v. Salinas, 193 F.3d 123 (2nd Cir. 1999). The irreparable injury condition is most significant. Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2nd Cir. 1985). To demonstrate irreparable harm, the plaintiff must show "'an injury that is neither remote nor speculative, but actual and imminent' and that cannot be remedied by an award of money damages." Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 332 (2nd Cir. 1995) [quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2nd Cir. 1989)]. Qualifying circumstances do not exist in this case.

Moreover, the Connecticut Supreme Court, in Martin v. Brady, 261 Conn. 372, 802 A.2d 814 (2002), taught that where an officer's alleged conduct falls within the scope of his or her employment, and is not wanton, reckless or malicious, they are immune from suit under state law claims, including any alleged Binette v. Sabo type claims. Martin v. Brady, supra at 378 citing Conn. Gen. Stat. § 4-165.

In Martin v. Brady, the defendant police officers were accused of (1) forcibly entering the plaintiff's home without a search warrant, striking and pushing him to the floor after he submitted to arrest, (2) searching his home pursuant to a search warrant obtained pursuant to a false affidavit, and (3) during that search, smashing windows and breaking down doors. Nevertheless, the court ruled that these allegations fell within the scope of their employment or within their "granted statutory authority." Id. at 377. In this regard, the court tested the nature of the alleged conduct and its relation to the duties incidental to the employment, i.e., whether the

alleged conduct was designed to advance any interest of the employer or served any legitimate state interest, as opposed to being motivated by "purely personal considerations entirely extraneous to his employers duties." Ibid. at 378. In Martin, the court concluded, "None of these actions was arguably outside the scope of their employment as state police officers. The arrest of the plaintiff was sought for legitimate government interests … there was no allegation of misuse of governmental authority for personal gain … nor was there any allegation of extraneous manipulation of governmental authority in order to justify erroneous conduct …" Id. at 379.

Similarly, with regard to the inquiry as to whether the defendants' conduct in Martin v. Brady was "wanton, reckless or malicious", the court held it was not, employing the following test:

> In order to establish that the defendants' conduct was wanton, reckless, willful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's action …[Such conduct] is more than negligence, more than gross negligence …[I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them …It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action …[in sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent."

Martin v. Brady, supra at 379 (Citations an internal quotations omitted).

The court found no reason to infer, from these allegations, that the defendants' conduct was indicative of such a state of mind that the conduct rose to the level of egregiousness necessary to be considered wanton, reckless or malicious. Similarly, in the instant case, the complaint alleges an event involving the use of force between officers and an inmate which the court has already found states a cause of action for excessive force and failure to protect, regardless of the merits or truth of the claim. Officers are authorized to use force on inmates inside prisons for a variety of lawful purposes. Conn. Gen. Stat. § 53-18(2). That plaintiff may be able to allege a tort does not bring the case outside of the defendants' immunity. Shay v. Rossi, 253 Conn. 134, 170-72, 749 A.2d 1147 (2000).

Accordingly, the plaintiff's proposed new legal ground for action does not state a claim upon which relief can be granted. Under these circumstances, no amendment should be allowed. See, e.g., Platsky v. CIA, 953 F.2d 26, 29 (2nd Cir. 1991) (per curiam). It need not be granted where it would be futile. Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2nd Cir. 1999); Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2nd Cir. 1991); Katzman v. Khan, 67 F. Supp. 2d 103 (E.D.N.Y. 1999); Tri-State Judicial Services, Inc. v. Markowitz, 624 F.Supp. 925, 926 (E.D.N.Y. 1985).

**Motion to Modify**

In his Motion to Modify, plaintiff asks the court to allow him to make additional amendments to his proposed Amended Complaint, particularly to allow him to allege a cause of

action for money damages for violation of his free speech and due process liberty interests under Conn. Const. Art I, Sec. 8[6], 10[7] and 14[8], and to allege injury to his reputation.

With regard to the Connecticut Constitutional claims, as pointed out above, the Connecticut Supreme Court has not created any cause of action for money damages for inmates under the factual circumstance alleged in this case under the Connecticut Constitution to our knowledge. To the contrary, it has found no cause of action for money damages for due process violations. See, Kelley Property Development, Inc. v. Town of Lebanon, supra.

With regard to injury to reputation, it is apparently plaintiff's intent to allege that his reputation was injured when an unspecified person told him they had no grievance or grievance appeal from him on a certain points. See proposed, modified Amended Complaint of March 30, 2004 at p. 6, para. 26; p. 13 at para 68. He also proposes to claim that his reputation was injured when he received a copy of an incident report containing redactions for security reasons. Id. at p. 10, para. 54. These proposed allegations do not state a claim upon which relief can be granted. Any claim of harm to reputation depends upon the existence of a false and defamatory statement.

---

[6] Conn. Const. Art. I, Sec. 8 provides, in pertinent part, as follows:
   No person shall be compelled to give evidence against himself, nor be deprived of live, liberty or property without due process of law, nor shall excessive bail be required nor excessive fines imposed.

[7] Conn. Const. Art. I, Sec. 10 provides:
   All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay.

[8] Conn. Const. Art. I, Sec. 14 provides:
   The citizens have a right, in a peaceable manner, to assemble for their common good, and to apply those invested with the powers of government, for redress of grievances, or other proper purposes, by petition, address or remonstrance.

3 Restatement (Second) Torts § 558.  There must be a "stigma" imposed on plaintiff.  <u>Schwartz v. Thompson</u>, 497 F.2d 430 (2nd cir. 1974)  If the alleged defamatory words could not reasonably be considered defamatory in any sense, the matter becomes an issue of law for the court.  <u>Charles Parker Co. v. Silver City Crystal Co.</u>, 142 Conn. 605, 612, 116 A. 2d 440 (1955) accord, <u>Valmonte v. Bane</u>, 18 F.3d 992, 999-1000 (2nd Cir. 1994).  The alleged statements in this case cannot reasonably be characterized as defamatory.

      Moreover, damage to reputation by itself is not actionable under 42 U.S.C. § 1983.  <u>Paul v. Davis</u>, 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).  Loss of reputation, to be actionable, must be coupled with some other legal right or legally protected status known as "stigma plus".  <u>See</u>, <u>Neu v. Corcoran</u>, 869 F.2d 662, 667 (2nd Cir. 1989); <u>Van de velde v. Wearing</u>, 2004 U.S. Dist. LEXIS 4295 (D.Conn. 2004).  In the instant proposal, the alleged defamation occurred in the course of plaintiff's requests for information from the agency, which was supplied.  The connection of the statements to any tangible deprivation or loss allegedly sustained by plaintiff is "too attenuated" to be actionable.  <u>See, e.g.</u>, <u>Nicholas v. O'Connor</u>, 2000 U.S. App. LEXIS 3470 (2nd Cir. 2000).

      For all of the foregoing reasons, and for the reasons stated in their Memorandum in Opposition to Plaintiff's Motion to Amend the Complaint dated March 10, 2004, the defendants urge the Court to deny the Motion to Amend and Motion to Modify the Proposed Amended Complaint.

DEFENDANTS,
James Smiley, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _/s/_____
Robert F. Vacchelli
Assistant Attorney General
Federal Bar No. ct05222
110 Sherman Street
Hartford, CT  06105
Telephone No. (860) 808-5450
Fax No. (860) 808-5591
E-Mail:  robert.vacchelli@po.state.ct.us


## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 15th day of April, 2004:

Erskine D. McIntosh, Esq.
Law Office of Erskine D. McIntosh, P.C.
3129 Whitney Ave., Second Floor
Hamden, CT 06518-2364


_/s/_____
Robert F. Vacchelli
Assistant Attorney General