UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON LOPEZ | : | NO. 3:02CV1020(RNC)(DFM) |
| | : | |
| VS. | : | |
| | : | |
| JAMES SMILEY, ET AL. | : | MAY 26, 2004 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE A PARTY DATED MAY 18, 2004**

The defendants, James Smiley, et al., by and through their undersigned counsel and pursuant to Rule 25(a)(1), F.R.Civ.P., hereby oppose plaintiff inmate's Motion to Substitute a Party dated May 18, 2004, which seeks to substitute the Estate of Saundra Katz-Feinberg for the defendant Katz-Feinberg in the above case. Ms. Katz-Feinberg, who was a nurse at the Northern Correctional Institution, died on February 18, 2004.

Defendants oppose the substitution because the Complaint was dismissed as to this defendant on September 22, 2003. See Ruling and Order, Docket # 39. The decision on whether to grant a Motion to Substitute a Party under Rule 25 is a matter within the discretion of the trial court, and it can be denied where it would be unfair to grant such a motion. See Anderson v. Yungkau, 329 U.S. 482, 485, 67 S.Ct. 428, 91 L.Ed.2d 436 (1997). It would be unfair to allow plaintiff to continue litigating against the estate of Nurse Katz-Feinberg because the suit against her was earlier dismissed, and because she is no longer alive to testify against plaintiff's old claims.

Moreover, in the Complaint that was dismissed, the only factual allegation against Nurse Katz-Feinberg was that she and Nurse Wollenhaupt falsified medical incident reports to downplay plaintiff's injuries. Plaintiff claimed that these nurses "falsified medical incident reports-medical charts to downplay and minimize the injuries inflicted on the restrained plaintiff by defendant Smiley and staff. Exhibit L clearly shows contusions/abrasions to the face-neck area and trauma to the right knee on the plaintiff." Amended Complaint filed November 19, 2002, para. 61. The referenced Exhibit L, attached to the Amended Complaint, was a medical incident report actually written by the defendant Wollenhaupt and a cursory review shows that it reported contusion and abrasions to the face, neck and trauma to the right knee of the plaintiff. See Plaintiff's Exhibit L to Amended Complaint. Thus the nurses' report supports, not contradicts, plaintiff's alleged condition. In this light, the claim against Nurse Feinberg is frivolous, or fails to state a claim, and should be dismissed. 28 U.S.C. § 1915(e). In fact, it was dismissed, earlier, for failure to exhaust administrative remedies. The effort to resume litigation against Nurse Katz-Feinberg's estate by this motion should not be permitted. It has not even been served on the estate, as required. Rule 4, F. R. Civ. P.; Allah v. Juchnewicz, 2003 U.S. Dist. LEXIS 16262 (S.D. N.Y. 2003).

That plaintiff has again moved to amend the Complaint to restate claims previously dismissed should not alter this result. As defendants earlier argued against this latest proposed Amended Complaint, the liberal rules of federal procedure provide that leave to amend should be freely granted when justice so requires. Rule 15(a), F.R.Civ.P.; Forman v. Davis, 371 U.S. 178,

182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  However, the court has discretion in deciding whether or not to grant leave to amend.  <u>Azurite Corp. v. Amster & Co.</u>, 52 F.ed 15, 19 (2nd Cir. 1995).  Even in cases involving pro se litigants, it has been held that leave to amend need not be given if the proposed complaint does not indicate that a valid claim may be stated.  <u>Platsky v. CIA</u>, 953 F.2d 26, 29 (2nd Cir. 1991). (per curiam).  It need not be granted if it would be futile.  <u>Pargburn v. Culbertson</u>, 200 F.3d 65, 70-71 (2nd Cir. 1999); <u>Ricciuti v. N.Y.C. Transit Authority</u>, 941 F.2d 119, 123 (2nd Cir. 1991); <u>Katzman v. Khan</u>, 67 F. Supp. 2d 103 (E.D.N.Y. 1999); <u>Tri-State Judicial Services, Inc. v. Markowitz</u>, 624 F. Supp. 925, 926 (E.D.N.Y. 1985).  Undue delay or prejudice to the opposing party are also grounds for denial.  <u>Forman v. Davis</u>, <u>supra</u> at 182.

      Plaintiff's proposed Second Amended Complaint re-states the same factual allegations expressed in his Amended Complaint filed November 19, 2002.[1]  That complaint then listed 21 different defendants, and it essentially concerned two incidents at the Northern Correctional Institution, one on August 31, 2001 and the other on September 5, 2001, wherein plaintiff alleged that he was assaulted by correctional officers, wrongfully given disciplinary tickets and denied proper medical attention.  That complaint was dismissed, in part, on September 22, 2003.  <u>See</u>, Ruling, <u>supra</u>.  Plaintiff's proposed Second Amended Complaint, in effect, seeks a reconsideration of the Court's September 22, 2003 ruling without even explaining why such an

---

[1] The only perceived difference is that plaintiff proposes to drop defendants Armstrong, Tokarz, Coyle and Whidden.  Of course, the defendants have no objection to the deletion of these parties.  However, plaintiff earlier requested to drop the defendants Tokarz, Whidden, Zacharewicz, Coates and Lajoie and the Motion was granted on September 22, 2003. <u>See</u>, Attachment A, p. 2.  It would be unjust to allow plaintiff to re-name the defendants Zacharewicz, Coates and Lajoie at this late date in these proceedings.  Plaintiff also adds more legal theories for recovery.

effort should be considered. In fact, it should not. Plaintiff's effort is too late and the Motion should be denied on this ground. Local Rule 7(c), Rules of the United States District Court for the District of Connecticut. Repeat filing of claims previously dismissed should be dismissed. See, e.g., Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362 (2nd Cir. 2000). Alternatively, we urge the court to render the same ruling for the same reasons advanced by the defendants in their Motion to Dismiss dated January 3, 2003. To the extent that the previously filed Motion to Dismiss contained documentation outside of the pleadings, and if deemed necessary, the motion can be treated by the Court as a Motion for Summary Judgment and disposed of as provided in Rule 56 after giving reasonable notice to the plaintiff. Rule 12 (b), F.R.Civ.P.; See, e.g., Morales v. Mackalam, 278 F.3d 126, 130 (2nd Cir 2002).

In its Ruling of September 22, 2003, this Court dismissed all of plaintiff's claims arising out of the August 31, 2001 incident, and all of the claims arising out of the September 5, 2001 incident, against all defendants except federal and state claims of excessive force and failure to protect against the defendants Smiley, Farley, Galinisky, Stewart and Salius only in their individual capacities. See Ruling, Id. The defendants answered these allegations in the remainder of the Amended Complaint on October 16, 2003, and the pleadings are closed. It would be unjust to require the defendants, particularly the Estate of Nurse Katz-Fineberg, to start over and re-litigate those issues previously decided, and judicial economy would be better served pursuing a resolution of this case.

Also, plaintiff's proposed Second Amended Complaint again seeks injunctive relief in the form of official state actions and renovations to the prison.  See, Proposed Second Amended Complaint at p. 18.  These same requests were previously dismissed or denied as premature.  See Ruling, n. 2.  The requests should not be heard again for the reasons articulated above and for the original reasons for rejection.  Moreover, in the proposed Second Amended Complaint, the defendants are sued only in their individual capacities.  Proposed Second Amended Complaint, para. 4.  Individual capacity suits are not against the state.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Plaintiff's effort at prospective relief against the state lies in an official capacity suit.  See, Minotti v. Lensink, 798 F.2d 607, 609 (2nd Cir. 1986) citing Ex Parte Young, 209 U.S. 123, 156, 28 S.Ct. 441, 52 L.Ed. 714 (1908); Green v. Mansour, 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985).  Accordingly, this proposal does state a claim and should be dismissed.  Additional arguments are presented in defendants' Memorandum in response to Plaintiff's Rebuttal Brief, dated April 15, 2004, to which the defendants respectfully refer the court.

Accordingly, the plaintiff's Motion to Substitute a Party should be denied.

> DEFENDANTS,
> James Smiley, et al.
>
> RICHARD BLUMENTHAL
> ATTORNEY GENERAL
>
>
> BY:_____/s/_____
> Robert F. Vacchelli
> Assistant Attorney General
> Federal Bar No. ct05222
> 110 Sherman Street
> Hartford, CT  06105
> Telephone No. (860) 808-5450
> Fax No. (860) 808-5591
> E-Mail:  robert.vacchelli@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 26th day of May, 2004:

Erskine D. McIntosh, Esq.
Law Office of Erskine D. McIntosh, P.C.
3129 Whitney Ave., Second Floor
Hamden, CT 06518-2364

> _____/s/_____
> Robert F. Vacchelli
> Assistant Attorney General