UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Hartford)

FILED

2004 JUL -6 A 11: 42

U.S. DISTRICT COURT

*************************************

| | |
|---|---|
| RAMON A. LOPEZ | *  3:02 CV 1020 (RNC)(DFM) |
| | * |
| V. | * |
| | * |
| JAMES SMILEY, ET AL | *  JULY 2, 2004 |

*************************************

## PLAINTIFF'S SUPPLEMENTARY REBUTTAL TO DEFENDANTS' OBJECTION TO PLAINTIFFS' APRIL 1, 2004 SECOND AMENDED COMPLAINT

On June 30th, 2004, oral argument was had on, among other things, the plaintiff's

motion to amend his complaint, dated February 25, 2004 and plaintiff's Motion to Modify the

Proposed Second Amended Complaint, filed April 1st, 2004, before this Court. During the

course of that argument, this Court entreated of counsel whether or not, Mr. Lopez, in his pro

se capacity, pled in his previous complaint the following:

> That his grievance concerning the August 31, 2001 attack upon
> him was suppressed by one or more of the defendants thereby
> doing him injury.

The answer to the question, is no.

On the other hand, the defendants in their July 1, 2004 supplement assert that there are

nine (9) instances in which they claim Mr. Lopez "in substance" pled the above assertion in

his complaint, which was the subject of a trial court decision on the defendants' motion to

dismiss. The plaintiff, however, not only denies that the claim was ever raised by him in fact

but asserts that it was not raised in substance either. The defendants cite the following

portions of the plaintiff's previous pro se complaint to support their claim:

> Pg. 2-¶ 9; Pg. 4-¶ 19; Pg. 7-¶ 38; Pg. 12-¶ 66; Pg. 13-¶¶ 67 & 69; Pg. 14 (7[th] &
> 8[th] Causes of Action) and Pg. 16-¶ 4. (Addendum I, attached)

**Pgs. 2 & 7-¶¶ 9 & 14, respectively:** These pages are under the "Party's" section of the plaintiff's complaint which is designed only to identify the defendants and the capacities in which they are sued. There is no reference to the August 31, 2001 attack or the suppression of Mr. Lopez's grievance for that attack in either of these paragraphs. There is like wise no claim of injury as a result of the suppression.

**Pg. 7-¶ 38:** This paragraph alleges, in part, that Mr. Lopez personally handed his grievance, concerning the August 31, 2001 attack upon him, to co-defendant Faneuff the day of the assault. At no time does Mr. Lopez allege a <u>suppression</u> by Faneuff of his grievance for that August, 2001 attack in that paragraph. There is like wise no claim of injury as a result of the suppression.

**Pg. 12-¶ 66:** It is important to note that this paragraph comes under the page 11 subheading: <u>Denial of Proper Medical Care/Falsification of Documents</u>. It is important to also note that that above subheading comes after the page 8 subheading: <u>Retaliatory Assault & Battery</u>, which relates to the <u>September 5, 2001</u> assault of Mr. Lopez; CO Smiley's second attack upon the plaintiff. The context of this paragraph bespeaks the fact that it relates undoubtedly to the September 5, 2001 incident and the grievances generated by that second attack. At no time does Mr. Lopez allege a <u>suppression</u> by Faneuff of his grievance for that August, 2001 attack in this paragraph. There is like wise no claim of injury as a result of the suppression.

**Pg. 13-¶¶ 67 & 69:** To get the proper interpretation of the two paragraphs one must also read paragraph 68. The three paragraphs, when read together, relate only to the September, 2001 incident and grievance number 141-01-531, which exclusively relates to the

September, 2001 attack. There is absolutely no reference to the August 31, 2001 attack or the suppression of Mr. Lopez's grievance for that attack in either of these paragraphs.

**Pg. 14-(7th & 8th Causes of Action):** There is absolutely no reference to the August 31, 2001 attack or the suppression of Mr. Lopez's grievance for that attack in either of these paragraphs. The only grievance, which the plaintiff specifically addresses at length in the entire complaint as being suppressed, is the grievance concerning the September, 2001 incident, not the August 31, 2001 incident.

**Pg. 16-¶ 4:** At no time does Mr. Lopez allege a <u>suppression</u> by Faneuff of his grievance for that August, 2001 attack in this paragraph. There is like wise no claim of injury as a result of the suppression. Please also note that in this paragraph Mr. Lopez alleged the failure to properly process only one "grievance", singular. Mr. Lopez does not allege a failure to process properly his grievances, plural. Again, a fair reading of his pro se complaint yields that he only addresses the inadequacy of the defendants to properly deal with the grievance dealing with the second, September, attack by CO Smiley.

Hence, Mr. Lopez neither alleged the illegal suppression of his grievance concerning the August attack upon him nor the consequent injury he sustained as a result of that suppression.

Contrary to the pro se complaint, the plaintiff's proposed second amended complaint, filed on April 1, 2004, asserts that his grievance concerning the August 31, 2001 attack upon him <u>was suppressed</u> by one or more of the defendants thereby doing him injury. Those allegations can be found at page 6, ¶¶ 24 & 26 as well as page 13, ¶¶ 70& 72. (Addendum II) However, the plaintiff does not believe that these comparisons and interpretations of the complaints by the party's are dispositive of this issue. Lest there be any doubt about Mr.

3

Lopez's claim, he is stating that as far as he is concerned he fully complied with the grievance requirement of the Prison Litigation Reform Act, 42 U.S.C. §1997e(a), hereafter, (PLRA). Any claim or assertion to the contrary is not the product of Mr. Lopez's failure to comply but was the direct result of the defendants' illegal acts of suppressing his grievances concerning both the August 31, 2001 and the September 5, 2001 incidents.

Therefore, the plaintiff asserts that pursuant to the opinion of <u>Duane Ziemba v. George Wezner, et al.</u>, Docket No. 02-340 (2d Cir. April 23, 2004)(attached as Addendum III) not only should the plaintiff be allowed to have the entirety his proposed second amended complaint be the operative complaint but that the defendants be estopped from asserting the allegation of failure to exhaust as a defense and a jurisdictional bar. <u>Id.</u> at pages 6 & 7.

Additionally, the plaintiff is asserting substantial compliance with substantial compliance with the PLRA's grievance procedure because of his complaints to the Office of the U.S. Attorney and to the Connecticut Department of Corrections. Please see Addendum IV, which is a copy of a letter from Atty. John B. Hughes, Chief of the Civil Division of the U.S. Attorney's Office for the District of Connecticut indicating that Mr. Lopez's complaint was referred to the FBI. As of this date, the undersigned has not received any indication that the FBI has completed its investigation. Since this investigation is presumable still on going, his claims are rendered non-grievable pursuant to DOC Administrative Directive 9.6.

The plaintiff also claims that his complaint to the Office of the U.S. Attorney constituted substantial exhaustion of his grievances adequate to satisfy the PLRA.

Further, the plaintiff asserts that his complaint to the Connecticut Department of Corrections of the August 31, 2001 assault, which resulted in a DOC investigation that also involved the Connecticut State Police, constituted substantial exhaustion of his grievances

4

adequate to satisfy the PLRA. (Addendums V & VI).

Finally, on March 7, 2002, Mr. Lopez addressed a letter to the Commissioner of Corrections, which was received by it on March 21, 2002 and, by the Deputy Commissioner of Corrections on March 27, 2002. (Addendum VII) On the third (3rd) page of this letter, Mr. Lopez indicates that he gave his grievance concerning the August assault to co-defendant Faneuff. Mr. Lopez states that Mr. Faneuff tried to cover up the incident and also lied in a report to make it appear that the plaintiff was injured by his cellmate during horseplay. The plaintiff claims that his use of the term cover-up in this context has to do with the suppression of his grievance by one or more of the defendants. The plaintiff avers that the receipt of this letter by DOC's Commissioner and Deputy Commissioner and the resultant investigation; more than adequately satisfied any PLRA grievance requirement.

Consequently, for all of the reasons advanced by the plaintiff, we entreat this Court to grant the plaintiff's motion to file the proposed second amended complaint, filed on April 1, 2004.

RESPECTFULLY SUBMITTED,

RAMON LOPEZ
THE PLAINTIFF

BY:

**ATTY. ERSKINE D. McINTOSH**
**FEDERAL BAR NO. CT 09743**
**THE LAW OFFICES OF ERSKINE D. McINTOSH, P.C.**
**3129 WHITNEY AVENUE, SECOND FLOOR**
**HAMDEN, CT 06518-2364**
**(203) 787-9994**
**FAX (203) 848-1213**

**COUNSEL FOR THE PLAINTIFF**

# C E R T I F I C A T I O N

This is to certify that a copy of the foregoing was sent by first-class mail, postage prepaid on this the 2nd day of July, 2004 to:

Atty. Robert F. Vacchelli
Assistant Attorney General
Office of the Attorney General
110 Sherman Street
Hartford, Conn. 06105

**ATTY. ERSKINE D. McINTOSH**

19 MEMO-REBUT-SUPP OBJ. AMEND COMPLAINT

6

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAMON LOPEZ, PLAINTIFF

VS.

JAMES SMILEY - WINSTON FARLEY - DENNIS OGLESBY -
WILLIAM FANEUFF - JOHN OULETTE - JOHN GALINSTY -
DAN STEWART - LYNN NORDELL - RON YOUNG, ALL
BEING SUED IN THEIR INDIVIDUAL CAPACITIES, AND
LARRY MYERS - THOMAS COATES - CHRISTINE WHIDDEN -
SCOTT SALIUS - MICHAEL LAJOIE - PETER MATOS - DENNIS
COYLE - JACK TOKARZ - SAUNDRA KATZ-FEINBERG -
PATRICIA WOLLENHAUPT - MICHAEL ZACHAREWICZ -
AND JOHN ARMSTRONG, ALL BEING SUED IN
BOTH OFFICIAL/INDIVIDUAL CAPACITIES. ALL OF
287 BILTON RD, SOMERS, CT 06071 WITH THE
EXCEPTION OF MATOS - TOKARZ - COYLE AND ARM-
STRONG OF 24 WOLCOTT HILL RD - WETHERSFIELD CT
06109

— DEFENDANTS —

CASE NO. 3:02CV1020 (RNC)

AMENDED COMPLAINT

JURY TRIAL DEMANDED

United States District Court
District of Connecticut
FILED AT        BRIDGEPORT
11/19/02        20
Kevin F. Rowe, Clerk
By
Deputy Clerk

PRELIMINARY STATEMENT

THIS IS A CIVIL RIGHTS ACTION FILED BY RAMON LOPEZ, A STATE PRISONER, FOR DAMAGES
AND DECLARATORY RELIEF UNDER 28 U.S.C. §2201-§2202; INJUNCTIVE RELIEF UNDER 42
U.S.C. §1981-§1983 -§1985 -§1986 AND §1988. ALSO RELIEF OF RETALIATION UNDER 42 U.S.C.
§3301 ALLEGING MALICIOUSLY/SADISTIC EXCESSIVE USE OF FORCE - DENIAL OF
MEDICAL CARE & CONSPIRACY IN VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONS-
TITUTION AND RETALIATORY/CONSPIRATORIALLY PLANNED DISCIPLINARY ACTION IN
VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S.
CONSTITUTION. THE PLAINTIFF ALLEGES DELIBERATE INDIFFERENCE - DEFAMATION OF
CHARATER AND ASSAULT & BATTERY.

JURISDICTION

1.) THE COURT HAS JURISDICTION OVER PLAINTIFFS' CLAIMS OF VIOLATION OF FEDERAL CONSTITUTION
RIGHTS UNDER 42 U.S.C. §1331(a) - §1343 AND §1367.

2.) PLAINTIFF CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. SECTIONS 2283 AND
2284 AND RULE 65 OF THE FED. R. CIV. P.

(1)        — Addendum I

3.) The Plaintiff seeks the court would exercise pendent jurisdiction over state claims that violate the Connecticut General Statutes - §52-237 - §53-20 - §53-37b - §53-39 - §539-48 - §539-59 - §539-62 - §539-63 - §539-155 - §539-157b §539-180 - §53a-180a - §539-181b - §539-182 - §539-183

<u>Parties</u>

4.) Plaintiff Ramon Lopez, was incarcerated at the notorious Northern Correctional in Somers, CT during the events described in this complaint.

5.) Defendant Smiley is a correctional officer at Northern C.I. who is known for assaulting fully restrained prisoners and falsifying incidents, He's being sued in his individual capacity.

6.) Defendant Farley is a correctional officer at Northern C.I. who is known for abusing prisoners at Northern C.I. He's being sued in his individual capacity.

7.) Defendant Oglesby is an acting lieutenant at Northern C.I. well known for abusing prisoners and fabricating/falsifying incidents by staff at Northern C.I. He's being sued in his individual capacity.

8.) Defendant Faneuff is an acting captain at Northern C.I. who is notorious for abusing prisoners - slandering prisoners and fabricating reports of abuse by staff, at Northern C.I. He's being sued in his individual capacity.

9.) Defendant Oulette is the grievance coordinator at Northern C.I. He's known for intentional and deliberately hampering and denying prisoners ability to exhaust administrative remedies through the inmate grievance process. He's being sued in his individual capacity.

10.) Defendant Galinsky is a correctional officer at Northern C.I. known for abusing fully restrained prisoners and fabricating incident reports. He's being sued in his individual capacity.

11.) Defendant Stewart is a correctional officer at Northern C.I. known for verbally abusing and physically assaulting restrained prisoners. He's being sued in his individual capacity.

(2)

12.) DEFENDANT NORDELL IS A NURSE AT NORTHERN C.I. KNOWN FOR CONSPIRING WITH D.O.C. STAFF TO FALSIFY MEDICAL ASSESSMENTS/DOCUMENTS TO COVER ABUSE/INJURIE INFLICTED ON PRISONERS BY SAID STAFF, SHE'S BEING SUED IN HER INDIVIDUAL CAPACITY.

13.) DEFENDANT YOUNG IS A CORRECTIONAL OFFICER AT NORTHERN C.I. KNOWN FOR FALSIFYING DOCUMENTS TO FAVOR D.O.C. STAFF/COVERUP INCIDENTS AGAINST PRISONERS. HE'S BEING SUED IN HIS INDIVIDUAL CAPACITY.

14.) DEFENDANT MYERS IS THE WARDEN AT NORTHERN C.I. WHO CONDONES THE DEFENDANTS BEHAVIOR AND FAILS TO CORRECT THE ABUSES INFLICTED ON PRISONERS THROUGH DENIALS AND CONSPIRACIES TO COVER SAID ABUSES AND INCIDENTS. HE'S BEING SUED IN BOTH OFFICIAL INDIVIDUAL CAPACITIES.

15.) DEFENDANT COATES IS THE ADMINISTRATIVE MAJOR AT NORTHERN C.I. HE CONSPIRED WITH THE DEFENDANTS TO WITHHOLD INFORMATION FROM THE PLAINTIFF TO COVERUP AND FALSIFY THE ASSAULT BY STAFF ON THE PLAINTIFF. HE'S BEING SUED IN BOTH OFFICIAL/ INDIVIDUAL CAPACITIES.

16) DEFENDANT WHIDDEN IS THE PROGRAM/TREATMENT MAJOR AT NORTHERN C.I. WHO CONSPIRED WITH THE DEFENDANTS TO COVER UP THE ASSAULT BY ACTING DELIBERATELY INDIFFERENT/IGNORING THE INCIDENT. SHE'S BEING SUED IN BOTH OFFICIAL/INDIVIDUAL CAPACITIES.

17.) DEFENDANT SALIUS IS AN ACTING LIEUTENANT AT NORTHERN C.I. WHO ALLOWED STAFF TO PHYSICALLY ASSAULT A RESTRAINED PRISONER AND IS KNOWN FOR ALLOWING STAFF TO ABUSE FULLY RESTRAINED PRISONERS AT SAID FACILITY. HE'S BEING SUED IN BOTH OFFICIAL/INDIVIDUAL CAPACITIES.

18.) DEFENDANT LAJOIE IS THE MAJOR OF OPERATIONS AT NORTHERN C.I. WHO FAILED TO CURB DEFENDANT SMILEYS BEHAVIOR OF ROUTINELY ASSAULTING PRISONERS AT SAID FACILITY, WHO CONSPIRED AND COVERUP INCIDENTS OF THE DEFENDANTS ASSAULTS WHICH LED TO THE PLAINTIFFS BEATING. HE'S BEING SUED IN BOTH OFFICIAL/INDIVIDUAL CAPACITIES.

19.) DEFENDANT MATOS IS THE DEPUTY COMMISSIONER FOR THE DEPT. OF CORRECTIONS, WHO OVERSEES THE GRIEVANCE PROCESS FOR PRISONERS AT NORTHERN C.I., AS THE LEVEL II REVIEWER. HE'S NOTORIOUS FOR "MISPLACING" OR FLAT OUT DENYING RECEIVING GRIEVANCES CONCERNING SERIOUS ISSUES DENYING PRISONERS ACCESS TO EXHAUST ADMINISTRATIVE REMEDIES AND ACCESS TO THE COURTS. HE'S BEING SUED IN BOTH OFFICIAL /INDIVIDUAL CAPACITIES.

20.) DEFENDANT COYLE IS THE DEPUTY COMMISSIONER FOR THE DEPT. OF CORRECTIONS IN CHARGE OF SECURITY WHO ROUTINELY COVERUP INCIDENTS OF STAFF ABUSING PRISONERS BY CONSPIRING WITH THE DEFENDANTS TO FABRICATE SAID INCIDENTS AND NOT CONDUCTING THOROUGH INVESTIGATIONS. HE'S BEING SUED IN BOTH OFFICIAL / INDIVIDUAL CAPACITIES.

21.) DEFENDANT TOKARZ IS THE DEPUTY COMMISSIONER FOR THE DEPT. OF CORRECTIONS, (PROGRAMS & TREATMENT) WHO CONSPIRED WITH THE DEFENDANTS TO FABRICATE / FALSIFY THE INCIDENTS THROUGH FEIGNING IGNORANCE AND DENIAL. HE'S BEING SUED IN BOTH OFFICIAL / INDIVIDUAL CAPACITIES.

22.) DEFENDANTS FEINBERG AND WOLLENHAUPT ARE THE NURSE PRACTITIONER (THE FORMER) AND MEDICAL SUPERVISOR (THE LATTER) AT NORTHERN C.I. BOTH ARE NOTORIOUS FOR FALSIFYING MEDICAL CHARTS - MEDICAL INCIDENTS REPORTS TO COVERUP / DOWN PLAY INFLICTED ON PRISONERS BY D.O.C. STAFF AT NORTHERN C.I. IN CONSPIRACY WITH THE DEFENDANTS. BOTH ARE BEING SUED IN THEIR OFFICIAL / INDIVIDUAL CAPACITIES.

23.) DEFENDANT ZACHAREWICZ IS A CAPTAIN AT NORTHERN C.I. NOTORIOUSLY KNOWN SOLELY FOR FALSIFYING / FABRICATING INCIDENT REPORTS TO COVER UP STAFFS' PHYSICAL ASSAULTS ON RESTRAINED PRISONERS AT SAID FACILITY. HE'S BEING SUED IN BOTH OFFICIAL / INDIVIDUAL CAPACITIES.

24) DEFENDANT ARMSTRONG IS THE COMMISSIONER OF THE DEPT. OF CORRECTIONS WHO IS FULLY AWARE OF THE ATROCITIES INFLICTED ON PRISONERS AT NORTHERN C.I. BY THE DEFENDANTS. HE CONDONES STAFFS BEHAVIOR AND ACTS IN CONSPIRACY WITH THE DEFENDANTS TO FALSIFY INCIDENTS AND OR DENY / IGNORE THE SAID ACTIONS OF THE DEFENDANTS AGAINST PRISONERS. HE'S BEING SUED IN BOTH OFFICAL / INDIVIDUAL CAPACITIES.

25.) At all times the defendants have acted, and continue to act under color of state law at all times relevant to this complaint. The defendants have all acted in conspiracy to violate the Plaintiff's constitutional rights while condoning staff's behavior in allowing them to beat a fully restrained prisoner without repercussions.

FACTS

26.) On August 31, 2001, Least Unit - Third Shift - Cell 216 Defendant Smiley came to the celldoor and alleged that my cellmate (Michael Neweden # 251292) and I flooded the tier.

27.) Due to my cellmate being a white supremacist this harassment by said defendant was routine in which I received as well although I'm Hispanic and do not believe in white supremacy.

28.) Defendant Smiley ordered my cellmate and myself to be handcuffed, which we complied and Defendant Smiley took it upon himself without any assistance from another c/o - without notifying the shift supervisor - without notifying the acting lieutenant and disregarding Dio.C. policy/protocol for Northern C.I. to enter Cell 216 by himself. This is highly unusual in a super maximum security prison for the "worst of the worst".

29.) Once Defendant Smiley was inside Cell 216 he immediately struck Neweden with the flashlight on the left side of his face while taunting him/threatening him. Then Defendant Smiley hit me on the right side of my face with his hand/flashlight while I was handcuffed as was my cellmate at the time. Defendant Smiley violated Conn. Gen. Statutes §53-20 - §53-37b - §53a-59 - §53a-62 - and §53a-183. Also violating the Eighth Amendment to the U.S. Constitution.

30.) After assaulting my cellmate and I, Defendant Smiley threatened both Neweden and myself by stating, "If you two aren't sleeping when I come around again, it's not going to be pleasant." In violation of C.G.S. §53a-62 and §53a-181b.

31.) AFTER THE ASSAULT ON THE PLAINTIFF AND HIS CELLMATE, DEFENDANT SMILEY THEN NOTIFIED HIS SUPERIOR DEFENDANT OGLESBY. THE TWO DEFENDANTS TURNED OFF THE WATER TO CELL 216 DEPRIVING THE PLAINTIFF AND HIS CELLMATE THE USE OF A FULLY FUNCTIONAL TOILET (SEE LAREAU v. MACDOUGALL. 473 F.2d 974, 978 (2d Cir. 1972) IN VIOLATION OF THE EIGHTH AMENDMENT AND C.G.S. §53-37b - 53-20 AND 539-48,

32.) DEFENDANT SMILEY WOULD ARGUE WITH NEWEDEN AS HE DID HIS TOURS DURING THIRD SHIFT (AFTER THE ASSAULT) NEWEDEN WOULD MAKE DEROGATORY RACIAL COMMENTS TOWARDS SMILEY. DEFENDANT SMILEY THEN PROCEEDED TO THREATEN BOTH MY CELLMATE AND ME BY STATING, "I'LL BE SEEING ONE OF YOU IN THE A/P ROOM".

33.) DEFENDANT SMILEY THEN FALSIFIED A DISCIPLINARY REPORT AND INCIDENT REPORT TO COVER HIS WRONG-DOINGS ONCE THEY WERE BROUGHT TO HIS ATTENTION. EXHIBIT A SHOWS SMILEY OMITS ENTERING THE PLAINTIFF'S CELL WITHOUT BACKUP OR HAVING NOTIFIED HIS SUPERIOR OFFICER BEFORE ENTERING THE CELL IN HIS DISCIPLINARY REPORT (EXHIBIT A)

34.) DEFENDANT SMILEY THEN CHANGES HIS STORY IN THE INCIDENT REPORT STATING THAT OFFICER MORIN WAS PRESENT AND ASSISTED IN CUFFING UP THE PLAINTIFF AND HIS FORMER CELLMATE. SMILEY CLAIMS HE WENT INTO THE CELL TO CLEAN UP THE WATER THAT WAS POURED INTO THE VENT IN CELL 216. DEFENDANT SMILEY HAD NO MOP AT THAT TIME, ONLY A FLASHLIGHT IN HIS HANDS AND THERE WAS NO WATER IN CELL 216 FLOOR. IT IS HIGHLY UNUSUAL FOR AN CORRECTIONAL OFFICER TO CLEAN THE CELL OF TWO (2) GROWN MEN AT 3AM (SEE EXHIBIT B) THIS IS IN VIOLATION OF C.G.S. §539-155 §539-157b - 539-180 NOTE HOW SMILEY NOTIFIED HIS SUPERIOR AFTER THE INCIDENT.

35.) THE PLAINTIFF BEING FULLY AWARE OF DEFENDANTS SMILEY AND OGLESBY EFFORTS TO COVERUP THE ASSAULT WAITED UNTIL FIRST SHIFT TO BRING THE MATTER TO DEFENDANT FANEUFF'S ATTENTION.

36.) ON AUGUST 31, 2001, THE PLAINTIFF AND HIS CELLMATE REPEATEDLY REQUESTED MEDICAL ATTENTION FROM STAFF TO EVALUATE AND DOCUMENT INJURIES INFLICTED BY DEFENDANT SMILEY. STAFF IGNORED AND DELIBERATELY

DENIED US MEDICAL ATTENTION. AS A RESULT OF SAID DENIAL WE COVERED THE WINDOW TO OUR CELL DOOR (EXHIBIT C)

37.) DEFENDANT FANEUFF CAME TO THE CELL AND ORDERED NEDWEDEN AND MYSELF TO UNCOVER THE WINDOW OR HE WOULD MACE THE CELL. WE COMPLIED AND EXPLAINED THE EVENTS THAT OCCURRED WITH DEFENDANT SMILEY AND OGLESBY. WE TOLD DEFENDANT FANEUFF TO REVIEW THE SURVEILLANCE CAMERA VIDEOTAPE TO SUBSTANTIATE OUR CLAIMS.

38.) DEFENDANT FANEUFF SAID HE REVIEWED THE VIDEOTAPE AFTER COMING BACK TO CELL 216 AFTER GETTING DEFENDANT NORDELL TO GIVE NEDWEDEN AND MYSELF A MEDICAL EVALUATION. FANEUFF STATED HE WAS GOING TO DOCUMENT THE INCIDENT THAT OUR INJURIES WERE A RESULT OF "HORSEPLAYING" IN THE CELL. AT THAT TIME MY CELLMATE AND I HANDED GRIEVANCES PERSONALLY TO DEFENDANT FANEUFF

39.) DEFENDANT FANEUFF IN HIS REPORT STATED NO INJURIES WERE OBSERVED ON THE PLAINTIFF'S FACE THEN FLIP-FLOPS AND STATES MINOR INJURIES WERE OBSERVED ON BOTH THE PLAINTIFF AND HIS CELLMATE (SEE EXHIBIT D) FANEUFF STATES IN SAID REPORT DEFENDANT SMILEY MOPPED THE PLAINTIFF'S CELL IN ONE MINUTE AND LEFT. ( SMILEY HAD NO MOP IN HIS HANDS AT THAT TIME, ONLY A FLASHLIGHT) FANEUFF THEN STATES SMILEY LEFT THE CELL WITHOUT INCIDENT ALTHOUGH DEFENDANT FANEUFF WAS AT HOME IN BED AT 3:31AM WHEN THE ASSAULT OCCURRED. DEFENDANT FANEUFF FAILS TO NOTE THAT NO SHIFT SUPERVISOR WAS PRESENT AT THIS TIME WHICH IN HIGHLY UNUSUAL AND SUSPECT. AND FAILS TO MENTION C/O MORIN PRESENT WITH SMILEY IN CUFFING-UP THE PLAINTIFF AND HIS CELLMATE BEFORE ENTERING CELL 216. DEFENDANT FANEUFF EVEN GOES AS FAR AS TO DEFAME THE CHARACTER OF THE PLAINTIFF BY CALLING HIM A LIAR. IN VIOLATION OF C.G.S.-§53-37b-§53g-48-§53g-155-§53g-157b,-§53g-180 ALSO DELIBERATE INDIFFERENCE-CONSPIRACY AND DENIAL OF DUE PROCESS. (SEE EXHIBIT D)

40.) DEFENDANT NORDELL SUBSTANTIATED THE INJURIES INFLICTED ON THE PLAINTIFF BY DEFENDANT SMILEY (EXHIBIT E) IN CONSPIRACY AND COERCION WITH DEFENDANT FANEUFF NORDELL FALSIFIED THE MEDIAL INCIDENT REPORT STATING," ALTERCATION BETWEEN CELLMATES R/U

(7)

MALINGERED/FEIGNED ASSAULT." DEFENDANT NORDEII HAD NO FIRSTHAND KNOWLEDGE OF WHAT TOOK PLACE AND WROTE HEARSAY EVIDENCE AS INSTRUCTED BY DEFENDANT FANEUFF. IN VIOLATION OF C.G.S. 53-153-§539-48 - §539-155 -§539-157b AND 539-180.

41.) DEFENDANT LAJOIE IN HIS PART OF THE CONSPIRACY ALLOWED FANEUFF AND SMILEY TO COVER UP THE INCIDENT ALTHOUGH THE OBVIOUS DISCREPANCIES ARE PLAIN TOO SEE. EXHIBIT F SHOWS DEFENDANT FANEUFF STATING THERE WERE NO INJURIES, BUT IN EXHIBIT D HE STATED, "MINOR INJURIES WERE OBSERVED ON THE INMATES..", WHILE LAJOIE IGNORES THAT DEFEND-ANT SMILEY ENTERED THE CELL AT 3:31AM BY HIMSELF WITH NO BACKUP AND NO NOTIFICATION TO HIS SUPERIOR'S — NO MOP — IS HIGHLY UNUSUAL AND HIGHLY SUSPECT, FINDS NOTHING OUT OF ORDER. IN VIOLATION OF THE C.G.S. §53-37b-§539-48 -§539-155 AND CONSTITUTES AS DELIBERATE INDIFF-ERENCE. (EXHIBIT F)

## RETALIATORY ASSAULT & BATTERY

42.) ON SEPTEMBER 5, 2001, I RECEIVED A CALL VIA THE CELL INTERCOM BY DEFENDANT SMILEY WHO ORDERED ME TO GET READY "NOOWWWW"! I WAS THEN ESCORTED SHORTLY AFTER SAID CALL FROM IEAST UNIT-CELL 216 BY DEFENDANT FARLEY. I WAS ESCORTED TO THE A/P ROOM FULLY RESTRAINED (LEG-IRONS -HANDCUFFS - CONNECTED W/TETHERED CHAIN)

43.) UPON ARRIVING IN THE A/P ROOM, I WAS PLACED IN THE NOTORIOUS CELL NUMBER FOUR WHICH IS FAMOUS FOR ASSAULTING PRISONERS DUE TO NOT HAVING A SURVEILLANCE CAMERA TRAINED ON IT LIKE CELLS ONE (1) THROUGH THREE (3). DEFENDANT FARLEY REMOVED THE LEG-IRONS AND TETHERED CHAIN AS I WAS KNEELING ON THE BENCH IN CELL FOUR FACING THE WALL (WHICH IS PROPER PROCEDURE).

44.) AS I WAS KNEELING FACING THE WALL I HEARD ANOTHER PERSON ENTER THE CELL AND IMMEDIATELY FELT A HUGE DEBILATATING SLAP TO MY RIGHT EAR AND FACIAL AREA, CAUSING EXTREME PAIN. I THEN FOUND MYSELF BEING CHOKED BY DEFENDANT SMILEY WHO WAS STATING IF I SAID ANYTHING OR DO ANYTHING CONCERNING THE PREVIOUS INCIDENT THAT OCCURRED AUGUST 31, 2001, AND THAT HE WOULD MAKE MY LIFE MISERABLE AND THAT

HE COULD GET AWAY WITH MURDER IF HE WANTED TO. DEFENDANT FARLEY JUST WATCHED AND DID NOTHING TO CEASE DEFENDANT SMILEY'S BEHAVIOR. IN VIOLATION OF C.G.S. § 53-20 - § 53-37b - 539-48 - § 53a-59 - § 53a-60 - § 53a-62 - § 53a-63 AND § 53a-182b.

46.) BEING HANDCUFFED IN THE BACK I WAS DEFENSELESS SO I REMAINED KNEELING ON THE BENCH AS DEFENDANT SMILEY REPEATEDLY SPAT IN MY FACE WHILE CHOKING ME AND DEFENDANT FARLEY WATCHED.

47.) DEFENDANT SMILEY THEN SLAPPED ME IN THE BACK OF MY HEAD FORCEFULLY, THEN BOTH DEFENDANTS (SMILEY & FARLEY) EXITED THE CELL LEAVING ME IN THE KNEELING POSITION WITH SPIT ON MY FACE AND THE PAIN IN MY EAR / FACIAL AREA AND THROAT. ONCE THE CELL DOOR CLOSED I GOT UP.

48.) AS PER PROCEDURE, I WENT TO THE CELL DOOR TO HAVE MY HANDCUFFS REMOVED. DEFENDANT SMILEY WAS AT THE DOOR TO REMOVE THE HANDCUFFS. AS I APPROACHED THE CELL DOOR I NOTICED DEFENDANT SALIUS STANDING BEHIND DEFENDANT SMILEY.

49.) DEFENDANT SALIUS WATCHED THE ENTIRE INCIDENT AND DID NOTHING TO CEASE IT. I EVEN INFORMED DEFENDANT SALIUS OF THE OCCURRED INCIDENT WITH SMILEY IN CASE HE MISSED IT, SALUIS ACTED WITH DELIBERATE IN-DIFFERENCE AND HAD NO CONCERN FOR MY SAFETY. DEFENDANT SALUIS ALSO IGNORED MY PLEAS FOR MEDICAL ATTENTION.

50.) SEEING AGAIN THAT STAFF ALLOWED DEFENDANT SMILEY TO ASSAULT ME WITH-OUT REPRECUSSION AS THE AUGUST 31, 2001, INCIDENT. I SPAT IN DEFEND-ANTS SMILEY'S FACE FOR ASSAULTING ME ONCE MORE.

51.) DEFENDANT SALIUS ALLOWED DEFENDANT SMILEY TO RE-ENTER THE CELL TO FINISH WHAT HE STARTED WHILE I WAS STILL HANDCUFFED BEHIND THE BACK. DEFENDANT SMILEY VIOLENTLY LUNGED AT ME AS I YELLING FOR SALUIS TO HELP ME AS DEFENDANT SMILEY BASHED MY HEAD INTO THE WALL WHILE REPEATEDLY PUNCHING MY BODY AND MY HEAD TAKING ME TO THE FLOOR.

52.) DEFENDANT SMILEY JAMMED HIS KNEE INTO MY BACK, WHILE RAMMING HIS FINGERS INTO MY NECK AND THROAT. THIS UNNECESSARY USE OF FORCE WAS USED ON ME WHILE I WAS STILL HANDCUFFED BEHIND THE BACK. THIS WAS DONE IN A MALICIOUS-SADISTIC WAY TO SOLELY CAUSE HARM, NOT FOR CONTROL PURPOSES. DEFENDANT SALIUS COVERED UP THE INCIDENT AS IF MY LIFE MEANT NOTHING.

53.) WHILE ON THE GROUND HANDCUFFED IN SEVERE PAIN AND SEMI-CONSCIOUS I HEARD OTHER CORRECTIONAL OFFICERS RESPOND. I HEARD DEFENDANT SMILEY TELL OTHER C/O'S TO RE-APPLY THE LEG IRONS AND REMOVE THE HAND-CUFFS. ALL WHILE I WAS BEING SUBJECTED TO EXCESSIVE FORCE BY C/O'S BENDING MY LEGS/ARMS AND WRIST CAUSING EXTREME PAIN.

54.) DEFENDANT SALIUS FALSELY REPORTED THE INCIDENT (SEE EXHIBIT G 1) SALIUS STATES HE WAS IN THE A/P ROOM BUT HE NEVER MENTIONS DEFEND-ANT SMILEY ASSAULTING ME NOR DID HE HEAR ANYTHING OF MY ASSAULT. DEFENDANTS SMILEY -FARLEY- GALINSKY OR STEWART WHO ALLEGEDLY WITNESSED THE PLAINTIFF SPIT ON DEFENDANT SMILEY FAILED TO NOTIFY DEFENDANT SALIUS, NOR DID SMILEY SEEK IMM-EDIATE MEDICAL TREATMENT.

55.) DEFENDANT SALIUS DID NOT RELIEVE SMILEY IMMEDIATELY TO OBTAIN MEDICAL TREATMENT NOR DID HE STOP SMILEY FROM RE-ENTERING THE CELL TO FURTHER ASSAULT THE PLAINTIFF, WHO SUFFERED INJURIES. (EXHIBIT G1) SALIUS THEN REPORTS THE AUGUST 31, 2001, INCIDENT AS CAUSE AS WHY THE PLAINTIFF SPAT IN DEFENDANT SMILEYS FACE TO COVER UP THE ASSAULT THAT OCCURRED IN CELL FOUR (EXHIBIT G 2)

56.) DEFENDANT FURTHER LIES IN THE REPORT TO ASSASSINATE THE CHARA-CTER OF THE PLAINTIFF RECEIVED A CLASS "A" TICKET FOR ASSAULT ON STAFF ON MAY 3, 2001, WHEN IN REALITY IT WAS AN ATTEMPTED ASSAULT (SEE G3 EXHIBIT AND H EXHIBIT) AT THE BOTTOM OF EXHIBIT G3 IT SHOWS DEFENDANT SMILEY ACTED TO EXTRACT REVENGE AND RETALIATION ON THE PLAINTIFF. IT STATES, "OFFICER SMILEY DID UNSECURE AND ACTING ON HIS OWN ACCORD WITHOUT DIRECTION

ENTERED THE CELL WITHOUT FIRST NOTIFYING...." THE REST OF THE REPORT WAS DELIBERATELY COVERED TO HIDE THE INCRIMINATING EVIDENCE. DEFENDANT SALIUS VIOLATED C.G.S. § 53-153 - 53a-48 - 53a-155 -53a-157b AND 53a-180. (SEE G4)

57.) DEFENDANTS GALINSKY AND STEWART BOTH PROVIDE FALSIFIED STATEMENTS THAT THEY WATCHED THE PLAINTIFF SPIT IN DEFENDANT SMILEY'S FACE, BUT THEY FAILED TO NOTIFY THEIR SUPERIOR (SALIUS) WHO WAS RIGHT THERE IN THE A/P ROOM AND FAILED TO STOP DEFENDANT SMILEY FROM RE-ENTERING THE CELL TO ASSAULT ME. IN VIOLATION OF C.G.S. § 53-37b - § 53a-48 -§53a-155 -§ 53a-157b. (SEE EXHIBIT I)

58.) DEFENDANT YOUNG ALSO SUBMITTED A FALSE STATEMENT TO COVERUP THE INCIDENT IN VIOLATION OF THE ABOVE MENTIONED C.G.S. (EXHIBIT J)

59.) DEFENDANT ZACHAREWICZ WHO WASN'T IN THE A/P ROOM SUBMITTED A FALSE REPORT OF THE INCIDENT WHICH CLEARLY **CONTRADICTS** WITH DEFENDANTS SALIUS REPORT THAT NO SPIT NET/MASK WAS AVAILABLE. (SEE G1) BUT DEFENDANT STATES A SPIT MASK WAS USED AND JUSTIFIES THE DEFENDANTS ASSAULT ON THE PLAINTIFF. (EXHIBIT Ⓡ )(ALSO IN VIOLATION OF C.G.S. MENTIONED ABOVE)

60.) THE PLAINTIFF WAS BEATEN SO SEVERELY HE HAD NO STRENGTH AND WAS SEMI-CONSCIOUS AS HE WAS RESTRAINED AND DOMINATED BY THE DEFENDANTS. I HEARD DEFENDANT SALIUS ORDER STAFF TO TAKE ME TO MEDICAL AND TO DRAG ME IF THEY HAD TO.

## DENIAL OF PROPER MEDICAL CARE / FALSIFICATION OF DOCUMENTS

61.) DEFENDANTS FEINBERG AND WOLLENHAUPT FALSIFIED MEDICAL INCIDENT REPORTS - MEDICAL CHARTS TO DOWNPLAY AND ~~ANIMALIZE~~ MINIMIZE THE INJURIES INFLICTED ON THE RESTRAINED PLAINTIFF BY DEFENDANT SMILEY AND STAFF. EXHIBIT Ⓛ CLEARLY SHOWS CONTUSIONS/ABRASIONS TO THE FACE - NECK AREA AND TRAUMA TO THE RIGHT KNEE ON THE PLAINTIFF. THE DEFENDANTS BASICALLY HAD A "FIELD DAY" ON THE RESTRAINED PLAINTIFF, TO TAKE ONE DOWN TO THE PRONE POSITION DOES NOT INCLUDE SPITTING AND RAMMING FINGERS INTO THE NECK/THROAT WHILE DELIVERING BODY BLOWS.

EXHIBIT (L) SHOWS AN UNJUSTIFIED USE OF FORCE ON A RESTRAINED PLAINTIFF WHILE DEFENDANT WOLLENHAUPT AND FEINBERG FABRICATE THE REPORT IN CONSPIRACY WITH THE DEFENDANTS. VIOLATING C.G.S. § 53-153 - § 53a-48 - § 53a-155 - § 53a-157b AND § 53a-180 ALSO DELIBERATE INDIFFERENCE VIOLATING THE PLAINTIFFS EIGHTH AMENDMENT RIGHTS.

62.) DEFENDANT COATES DELIBERATELY OMITS INFORMATION FROM THE INCIDENT REPORT THAT IMPLICATES DEFENDANTS SMILEY - ZACHAREWICZ - FANEUFF- AND SALIUS (SEE EXHIBITS (B) - (D) - (G)3 - (K) AND (M)) FABRICATING THE INCIDENT AND REPORT. IN VIOLATION OF C.G.S. § 53-37b - § 53-153 - § 53a- 48 - § 53a-155)

63.) THE PLAINTIFF INFORMED BOTH DEFENDANTS LAJOIE AND WHIDDEN ALSO COATES WHO FAILED TO RECTIFY THE INCIDENT BY ACTING DELIBERATELY IN- DIFFERENT AND IGNORING THE MATTER. THE DEFENDANTS ARE AWARE OF DEFENDANT SMILEY BEHAVIOR AS HE HAD A PRIOR INCIDENT SIMILIAR WITH PRISONER KENNETH PLADSEN. SAID DEFENDANTS CONDONE THIS TYPE OF BEHAVIOR BY NORTHERN C.I. STAFF WHICH IS AWARDED WITH IMPUNITY.

64.) DEFENDANT COATES - WHIDDEN - LAJOIE AND MYERS CONSPIRED TO DELIBER- ATELY ~~████████~~ DENY DUE PROCESS TO THE PLAINTIFF BY NOT ALLOWING HIM TO DEFEND HIMSELF IN THE DISCIPLINARY COURT. THE DEFENDANTS STATES HE "REFUSED" TO ATTEND THE DISCIPLINARY HEARING, IN REALITY HE WAS DENIED ALL OPPORTUNITY TO FIGHT THE CONSPIR- ATORIALLY PLANNED DISCIPLINARY ACTION THAT RESULTED IN SEVERE SANCTIONS (EXHIBIT N)

65.) THE PLAINTIFF FILED A GRIEVANCE ON THE MATTER WHICH WAS ROUTINELY DENIED BY DEFENDANT MYERS WHO CONSPIRED WITH THE DEFENDANTS TO COVER UP THE INCIDENT (EXHIBIT O)

66.) DEFENDANT OULETTE SINCE TAKING OVER AS GRIEVANCE COORDINATOR HAS DELIBERATELY "LOST" OR DENIED RECEIVING THE PLAINTIFF'S LEVEL I OR LEVEL II GRIEVANCES SUBMITTED AFTER BEING DENIED BY

DEFENDANT MYERS. THIS IS AN ONGOING PROBLEM ON BOTH LEVELS I AND II TO HAMPER PRISONERS AND OR DENY ATTEMPTS TO EXHAUST ADMINISTRATIVE REMEDIES AS REQUIRED BY THE COURTS. IN MILLER V. NORRIS, 247 F.3d 736 (8th Cir. 2001) THE COURT RULED DENIAL OF GRIEVANCE FORMS IS DENIAL OF REMEDY. THE SAME APPLIES TO THIS PRACTICE BY THE DEFENDANTS. OULETTE CONSPIRED WITH THE DEFENDANTS TO HAMPER THE PLAINTIFFS EFFORTS TO EXHAUST HIS ADMINISTRATIVE REMEDIES.

67.) DEFENDANT MATOS IS THE LEVEL II GRIEVANCE REVIEWER OF THE GRIEVANCE PROCESS WHO CONSPIRES WITH THE DEFENDANTS TO DELIBERATELY HAMPER THE EXHAUSTION OF ADMINISTRATIVE REMEDIES OF PRISONERS WITH SERIOUS ISSUES IN VIOLATION OF ADMIN. DIRECTIVE 9.6, INMATE GRIEVANCES — (5) - (6) (A) (1) (2) (3) (4) (5) (6) - (7) (A) (B) (C) (D) - (8) (A) (B) (C) (D) (E) (F) (G) — (9) — (12) - (13) - (15) - (16) - (20) (A) (1) (2) - (B) (1) (2) (3) - (C) (D) (E) — (22) — (23) AND (24). (SEE EXHIBIT P)

68.) THE PLAINTIFF'S REPEATEDLY WROTE DEFENDANT MATOS CONCERNING GRIEVANCE 141-01-531 THAT WENT UNANSWERED. (EXHIBIT P) THE ACTIONS OF DEFENDANTS OULETTE AND MATOS CONSTITUTES CONSPIRACY AND DENIAL OF REMEDY AND ACCESS TO THE COURTS.

69.) DEFENDANTS TOKARZ AND ARMSTRONG WERE NOTIFIED OF THE ASSAULT AND ABUSE AT THE HANDS OF THE NAMED DEFENDANTS IN THIS COMPLAINT AND HAS BASICALLY DONE ABSOLUTELY NOTHING TO REMEDY THE MATTER. THIS IS DUE TO THE FACT THAT DEFENDANTS TOKARZ AND ARMSTRONG ARE IN CONSPIRACY TO 'WHITE WASH' AND COVER UP THE ABUSES INFLICTED UPON THE PLAINTIFF / PRISONERS AT NORTHERN C.I. THE PLAINTIFF SUFFERED DEFAMATION OF CHARACTER, COVER UPS, LIES AND CONSPIRATORIALLY PLANNED DISCIPLINARY ACTIONS FROM THE DEFENDANTS AND REPEATED ASSAULTS. THE DEFENDANTS (TOKARZ AND ARMSTRONG) IGNORED THE PLAINTIFF'S PLEA FOR HELP (EXHIBIT Q)

## FIRST CAUSE OF ACTION

DEFENDANTS USED UNNECESSARY VIOLENT PHYSICAL FORCE ON THE RE-STRAINED PLAINTIFF TWICE WITH NO REMEDY TO DATE.

## SECOND CAUSE OF ACTION

DEFENDANTS FABRICATED/FALSIFIED INCIDENTS OF MALICIOUS/SADISTIC ABUSE OF THE PLAINTIFF TO COVER UP THE RETALIATORY UNLAWFUL BEATINGS.

### THIRD CAUSE OF ACTION

THE DEFENDANTS CONSPIRED TO DELIBERATELY VIOLATE THE PLAINTIFFS' CONSTITUTIONAL RIGHTS THROUGH PHYSICAL FORCE

### FOURTH CAUSE OF ACTION

DEFENDANTS CONSPIRATORIALLY PLANNED DISCIPLINARY ACTIONS VIOLATED THE PLAINTIFF'S DUE PROCESS RIGHTS OF THE FOURTEENTH AMENDMENT AND THE DUE PROCESS CLAUSE.

### FIFTH CAUSE OF ACTION

DENIAL OF PROPER MEDICAL TREATMENT AND FABRICATION/FALSIFICATION OF MEDICAL CHARTS/MEDICAL INCIDENT REPORTS BY THE DEFENDANTS CONCERNING THE BEATING INCIDENTS OF THE PLAINTIFF, CONSTITUTES CONSPIRACY-DELIBERATE INDIFFERENCE IN VIOLATION OF THE EIGHTH AMENDMENT.

### SIXTH CAUSE OF ACTION

DEFENDANTS RETALIATORY IMPOSED SANCTIONS WERE RETALIATORY AND CONSPIRATORIALLY PLANNED VIOLATING THE PLAINTIFF'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS AND DUE PROCESS CLAUSE.

### SEVENTH CAUSE OF ACTION

ALL DEFENDANTS ACTED IN CONSPIRACY TO FALSIFY REPORTS AND DELIBERATE INDIFFERENCE TO COVER UP THE ABUSE UTILIZED AGAINST THE PLAINTIFF.

### EIGHTH CAUSE OF ACTION

THE DEFENDANTS CONSPIRING TO DELIBERATELY DENY THE PLAINTIFF ACCESS TO EXHAUST ADMINISTRATIVE REMEDIES THROUGH THE GRIEVANCE PROCESS IS ALSO DENIAL OF ACCESS TO THE COURTS

## NINTH CAUSE OF ACTION

DEFENDANTS DENIAL OF PUBLIC INFORMATION TO THE PLAINTIFFS SELF-INVESTIGATION/SELF ASSISTANCE CONSTITUTES AS CONSPIRACY TO COVER UP THE ABUSE INFLICTED ON THE PLAINTIFF.

## TENTH CAUSE OF ACTION

DEFENDANTS FAILED TO CURB OR INTERVENE TO CEASE DEFENDANT SMILEY'S ABUSE ON THE PLAINTIFF, ALTHOUGH HE HAD PREVIOUSLY HAD SIMILIAR ABUSES ON PRISONER KENNETH PLADSEN JR.    THIS CONSTITUTES DELIBERATE INDIFFERENCE AND CONSPIRACY IN VIOLATION OF THE EIGHTH AMENDMENT.

## CLAIMS FOR RELIEF

1.) THE ACTIONS OF DEFENDANT SMILEY IN USING EXCESSIVE PHYSICAL FORCE TWICE ON THE RESTRAINED PLAINTIFF WITHOUT NEED OR PROVOCATION, WERE DONE MALICIOUSLY/SADISTICALLY/RETALIATORY AND CONSTITUTED CRUEL & UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION, AND ALSO VIOLATED C.G.S. § 53-20 - § 53-37b - § 539-59 - § 539-62 AND § 539-181b.

2.) THE ACTIONS OF DEFENDANTS OGLESBY - FARLEY - FANEUFF - GALINSKY - STEWART - YOUNG AND SALIUS IN FAILING TO INTERVENE TO PREVENT THE MISUSE OF FORCE ON THE RESTRAINED PLAINTIFF, AND FAILING TO CURB THE KNOWN PATTERN OF PHYSICAL ABUSE OF INMATES BY DEFENDANT SMILEY CONSTITUTED CONSPIRACY - DELIBERATE INDIFFERENCE AND CONTRIBUTED TO AND PROXIMATELY CAUSED THE ABOVE DESCRIBED VIOLATION OF EIGHTH AMENDMENT RIGHTS AND ASSAULT AND BATTERY AND ALSO C.G.S. § 539-48 - § 53-37b AND 53-20.

3.) THE ACTIONS OF DEFENDANTS FANEUFF - ZACHAREWICZ IN FAILING TO REPORT THE PHYSICAL ABUSE OF THE PLAINTIFF AND REPRIMAND DEFENDANT SMILEY CONSTITUTED DELIBERATE INDIFFERENCE - CONSPIRACY AND GAVE FREE REIGN TO DEFENDANT SMILEY TO REPEATEDLY ASSAULT THE PLAINTIFF IN VIOLATION OF HIS EIGHTH AMENDMENT RIGHTS.

4.) THE FAILURE OF DEFENDANTS OULETTE AND MATOS TO PROPERLY PROCESS THE GRIEVANCE AS PER THE ADMINISTRATIVE DIRECTIVE 9.6 - INMATE GRIEVANCES - TO EXHAUST ADMINISTRATIVE REMEDIES CONSTITUTES AS CONSPIRACY - DENIAL OF DUE PROCESS - DELIBERATE INDIFFERENCE AND DENIAL OF ACCESS TO THE COURTS IN VIOLATION OF THE EIGHTH AND FOUR-TEENTH AMENDMENTS TO THE U.S. CONSTITUTION, ALSO THE C.G.S. § 53a-48.

5.) THE FAILURE OF DEFENDANTS ARMSTRONG - MATOS - TOMARZ AND COYLE TO ACT ON THE KNOWN PATTERN OF ABUSE ON PRISONERS BY THE NAMED DEFENDANTS IN THIS COMPLAINT CONSTITUTES AS CONSPIRACY - DELIBERATE INDIFFERENCE WHICH CONTINUES ON A ROUTINE PATTERN OF ABUSE TO THIS DATE.

6.) THE FAILURE OF DEFENDANT MYERS, COATES, LAJOIE, FANEUFF, WHIDDEN, AND ZACHAREWICZ TO TAKE DISCIPLINARY ACTION TO CURB THE KNOWN PATTERN OF PHYSICAL ABUSE BY DEFENDANT SMILEY AND FAILURE TO CURB THE SITUATION CONSTITUTED DELIBERATE INDIFFERENCE - CONSPIRACY WHICH ALLOWED AND PROXIMATELY CAUSED THE REPEATED ASSAULTS ON THE RESTRAINED PLAINTIFF.

7.) THE ACTIONS OF FANEUFF COERCION IN GETTING DEFENDANT NORDELL TO FABRICATE THE MEDICAL INCIDENT REPORT / MEDICAL CHARTS CONSTIT-UTES AS CONSPIRACY AND VIOLATES THE C.G.S. § 53a-192 - 53a-48 AND 53a-157b.

8.) THE ACTIONS OF DEFENDANT NORDELL FALSIFYING / FABRICATING THE MEDICAL INCIDENT REPORTS / MEDICAL CHARTS CONSTITUTES CONSPIRACY-DELIBERATE INDIFFERENCE AND VIOLATES C.G.S. 53-153 - § 53a-48 - §~~53-153~~ §53-153 - § 53a-155 - § 53a-157b AND § 53a-180.

9.) THE ACTIONS OF DEFENDANTS FEINBERG AND WOLLENHAUPT FAILURE TO PROVIDE ADEQUATE MEDICAL TREATMENT - FAILURE TO REPORT EXCESS-IVE PHYSICAL ABUSE ON THE RESTRAINED PLAINTIFF BY THE DEFENDANTS AND FALSIFYING MEDICAL INCIDENT REPORTS / MEDICAL CHARTS TO DOWNPLAY THE PLAINTIFF'S INJURIES CONSTITUTES CONSPIRACY

DELIBERATE INDIFFERENCE - CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT AND C.G.S. §539-48 - §539 - 37b - § 539 - 155 - § 539 - 157b AND §539 - 180.

## RELIEF REQUESTED

WHEREFORE THE PLAINTIFF REQUESTS THAT THE COURT GRANT THE FOLLOWING RELIEF SPECIFICALLY AS RETROACTIVE AND PROSPECTIVE RELIEF:

A) ISSUE A DECLARATORY JUDGMENT STATING THAT:

1) THE PHYSICAL ABUSE OF THE PLAINTIFF BY THE DEFENDANT (SMILEY) VIOLATED THE PLAINTIFF'S RIGHTS UNDER THE EIGHTH AMENDMENT AND CONSTITUTED AS ASSAULT AND BATTERY UNDER STATE LAW AND FEDERAL LAW.

2) DEFENDANTS FARLEY, OGLESBY, GALINSKY, STEWART, FANEUFF, ZACHAREWICZ, MYERS, COATES, WHIDDEN, LAJOIE, SALIUS, ARMSTRONG, TOMARZ AND MATOS **FAILURE** TO TAKE ACTION TO CURB THE PHYSICAL ABUSE OF PRISONERS / PLAINTIFF VIOLATED THE EIGHTH AMENDMENT AND CONSTITUTED AN ASSAULT AND BATTERY UNDER STATE LAW AND CONSPIRACY.

3) DEFENDANTS FEINBERG - NORDELL AND WOLLENHAUPT ACTIONS IN FABRICATING THE INCIDENTS / DOCUMENTATION TO COVER UP THE PHYSICAL ABUSE INFLICTED ON THE PLAINTIFF BY STAFF AND FAILURE TO PROVIDE ADEQUATE MEDICAL CARE FOR THE PLAINTIFF VIOLATED THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION.

B) ISSUE AN INJUNCTION ORDERING DEFENDANTS ARMSTRONG - TOMARZ, OR THEIR AGENTS TO:

1) REMOVE THE PLAINTIFF FROM NORTHERN C.I. IMMEDIATELY AND PLACE HIM IN GENERAL POPULATION, WITH RESTORED PRIVILEGES AND ALL RIGHTS.

2) EXPUNGE THE DISCIPLINARY CONVICTIONS DESCRIBED IN THIS COMPLAINT FROM THE PLAINTIFFS INSTITUTIONAL RECORD.

C.) ISSUE AN INJUNCTION ORDERING DEFENDANT MYERS OR HIS SUCCESSOR;

1) IMPLEMENT THE SYSTEM OF RECORDED RECEIPTS FOR THE GRIEVANCE PROCESS ON All LEVELS (I - II AND III) TO ENSURE GRIEVANCES ARE PROPERLY PROCESSED,

2) TO UTILIZE VIDEO SURVEILLANCE FROM THE CAMERAS TO ASSIST THE PRISONERS IN THE DISCIPLINARY PROCESS TO VERIFY STAFF'S ABUSE ON PRISONERS.

D.) AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:

1) $ 250,000  JOINTLY AND SEVERALLY AGAINST DEFENDANTS SMILEY - OGLESBY - FARLEY - GALINSKY - STEWART - YOUNG AND SALIUS FOR THE PHYSICAL AND EMOTIONAL INJURIES SUSTAINED AS A RESULT OF THE TWO BEATINGS ON THE PLAINTIFF.

2) $ 100,000 JOINTLY AND SEVERALLY AGAINST DEFENDANTS FANEUFF - ZACH - AREWICZ - MYERS - COATES - WHIDDEN - LAJOIE - MATOS - COYLE - TOKARZ AND ARMSTRONG FOR THE PUNISHMENT / EMOTIONAL INJURY RESULTING FROM THEIR FAILURE TO PROTECT THE PLAINTIFF OR CURB THE PHYSICAL ABUSE KNOWN BY DEFENDANT SMILEY TO INFLICT ON PRISONERS.

3) $ 50,000 AGAINST DEFENDANTS OULETTE AND MATOS FOR FAILING TO PROCESS GRIEVANCES THROUGH DELIBERATE DENIAL TO COVER UP THE ASSAULT ON THE PLAINTIFF, AND DENIAL OF ACCESS TO THE COURTS WHICH RESULTED IN EMOTIONAL INJURY.

4) $ 90,000 AGAINST DEFENDANTS FEINBERG - NORDELL AND WOLLENHAUPT JOINTLY AND SEVERALLY FOR FAILING TO PROVIDE ADEQUATE MEDICAL CARE AND FABRICATING / FALSIFYING EVIDENCE TO COVER UP THE DEFENDANTS ABUSE WHICH RESULTED IN PHYSICAL / EMOTIONAL INJURY.

E) AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:

1) $ 50,000 AGAINST DEFENDANT SMILEY

2) $ 40,000 AGAINST DEFENDANTS FARLEY - STEWART - GALINSKY

(18)

YOUNG - FANEUH - SALUS - ZACHARLEWICZ - COATES - WHIDDEN - MYERS - LAJOIE - MATOS - COYLE - TOKARZ - OULETTE AND ARMSTRONG EACH.

3.) $20,000 EACH AGAINST DEFENDANTS FEINBERG, NORDELL AND WOLLENHAUPT.

F) GRANT SUCH OTHER RELIEF AS IT MAY APPEAR THAT PLAINTIFF IS ENTITLED.

RESPECTFULLY SUBMITTED,

8/1/02
August first, two ~~thousand~~ and two

Ramón Lopez #261685
Northern Corr. Inst.
P.O. Box 665
Somers, CT. 06071

(19)

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
### (Hartford)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RAMON LOPEZ | \* | 3:02 CV 1020 (RNC)(DFM) |
| | \* | |
| VS. | \* | |
| | \* | |
| JAMES SMILEY, ET AL | \* | MARCH 30, 2004 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### SECOND AMENDED COMPLAINT

#### COUNT ONE
#### FEDERAL LAW CLAIMS

#### JURISDICTION

1.    This action is brought pursuant to sections 1983, 1986 and 1988 of Title 42 of

the United States Code and the First, Fourth, Fifth and Fourteenth Amendments to the U.S.

Constitution.  Jurisdiction is founded on 28 U. S .C. §1331 and §1343 (1)(2)(3)(4) and the

aforementioned statutory and Constitutional provisions.  Plaintiff further invokes the pendent

jurisdiction of this Court to prosecute causes of action arising under State law sounding in

State Constitutional tort and common law tort pursuant to 28 U. S. C. §1367(a).

2.    This action is further brought by the Plaintiff as authorized by 28 U. S. §§2283

and 2284 and FRCP Rule 65b seeking injunctive relief.

#### THE PARTIES

3.    During all times mentioned in this Complaint, the plaintiff, a Hispanic man,

was, and he still is, an adult citizen of the United States.  He was a pre-trial detainee and

detained at Northern Correctional Institution (NCI), Somers, Connecticut at the time of the

*Addendum II*

events described herein, and now resides at that same location.

4.    During all times mentioned in this Complaint, the defendants, C.O. James Smiley (Smiley), C.O. Winston Farley (Farley), Dennis Oglesby (Oglesby), Captain William Faneuff (Faneuff), grievance coordinator John Oulette (Oulette), C.O. John Galinsky (Galinsky), C.O. Dan Stewart (Stewart), Nurse Lynn Nordell (Nordell), C.O. Ron Young (Young), Warden Larry Myers (Myers), Major Thomas Coates (Coates), Lt. Scott Salius (Salius), Major Michael Lajoie (Lajoie), Deputy Commissioner Peter Matos (Matos), Nurse Practioner Saundra Katz-Feinberg (Katz),  Medical Supervisor  Patricia Wollenhaupt (Wollenhaupt),  and Captain Michael Zacharewicz (Zacharewicz), were duly appointed employees of the Department of Corrections for the State of Connecticut action in their official capacities.  Each Defendant is sued only in his individual capacity.

5.    During all times mentioned in this Complaint, the defendants, C.O. Smiley, C.O. Farley, C.O. Oglesby, Captain William Faneuff, Oulette, C.O. Galinsky, C.O. Stewart, Nurse Nordell, C.O. Young, Warden Myers, Major Coates, Lt. Salius, Major Lajoie, Deputy Commissioner Matos, Nurse Practioner Katz, Medical Supervisor Wollenhaupt, acted under color of law, that is under color of the Constitution, statutes, laws rules, regulations, customs and usages of the State of Connecticut and the United States.

6.    At all times mentioned in this Complaint, the defendants acted willfully, jointly, in conspiracy and in concert with each other.  Each defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendant but each defendant failed and refused to perform such duty, thereby proximately causing the plaintiff's injuries.

2

7.     During all times mentioned in this Complaint, the defendants and each of them separately and in concert acted jointly, willfully and in conspiracy with each other and each defendant aided and abetted the others in carrying out the acts and omissions described herein, and thereby deprived the plaintiff of his rights, secured to him by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States and the State of Connecticut.

8.     During all times mentioned in this Complaint, and upon information and belief, all defendants were on duty.

### FACTS

9.     On August 31, 2001, at I east unit, third Shift, Cell 216 Defendant C.O. Smiley stopped at the cell door to cell 216, looked at the air vent area above the sink with his flash light, looked at the plaintiff and his cell mate Mr. Michael Nedweden (Nedweden) #251292, and stated to the plaintiff and Nedweden "Cut it out."  When the plaintiff and Nedweden asked defendant Smiley what he meant by "Cut it out", defendant Smiley stated "If I have to come in there you'll know what I'm talking about" and left the area.

10.     A short while later defendant C.O. Smiley returned and ordered the plaintiff and Nedweden to submit to handcuffing and they complied.

11.     Defendant C.O. Smiley told another C.O. to open the plaintiff's cell and after the cell door was opened, C.O. Smiley entered the plaintiff's cell alone, i.e., without another C.O. being present, without notifying the shift supervisor and without notifying the acting lieutenant in complete violation of D. O. C. policy and protocol for Northern C. I.

3

12.    Once defendant C.O. Smiley was inside cell 216 he immediately struck Nedweden with the flashlight on the left side of his face while taunting him and threatening him, while Mr. Nedweden was handcuffed.

13.    Then defendant C.O. Smiley hit the plaintiff on the right side of his face with his hand and flashlight while the plaintiff was handcuffed.

14.    After assaulting the plaintiff and his cellmate, defendant C.O. Smiley threatened both gentlemen by stating, "IF you two aren't sleeping when I come around again, it's not going to be pleasant."

15.    After the assault on the plaintiff and his cellmate, defendant C.O. Smiley then notified his superior, co-defendant Lt. Oglesby, wherein, the two defendants turned off the water to cell 216 depriving the plaintiff and his cellmate of the use of a fully functional toilet.

16.    Subsequent to the assault of the plaintiff by C.O. Smiley, as he made his tours during the third shift, C.O. Smiley would stop by the plaintiff's cell and just stare at the plaintiff and Nedweden, upon information and belief because he knew the plaintiff and Nedweden had told Lt Oglesby about our beating by Smiley and/or because Nedweden would make racially derogatory comments towards C.O. Smiley, a black man.

17.    Thereafter, defendant C.O. Smiley stated in a menacing tone to both the plaintiff and his cellmate the following:  **"I'll be seeing one of you in the A/P room."**

18.    Defendant C.O. Smiley exhibited consciousness of guilt by falsifying a disciplinary report and incident report by intentionally omitting the fact that, in violation of

4

DOC and NCI policy, he entered the plaintiff's cell alone or without having notified his superior officer before entering the cell.

19.    Co-defendant C.O. Smiley further claimed to have gone to the plaintiff's cell to mop up the water that was poured into the vent in cell 216, however, a videotape showed that defendant C.O. Smiley had no mop but only a flashlight in his hand and there was in fact, no water in cell 216, the plaintiff's cell.

20.    The plaintiff being fully aware of defendants C.O. Smiley and Oglesby efforts to cover up the assault waited until first shift to bring the matter to co-defendant Captain Faneuff's attention.

21.    On August 31, 2001, the plaintiff and his cellmate repeatedly requested medical attention from staff to evaluate and document injuries inflicted by defendant C.O. Smiley. Staff ignored and deliberately denied the plaintiff medical attention. As a result of said denial, the plaintiff covered the window to his cell door in order to draw attention to their plight.

22.    Co-Defendant Capt. Faneuff came to the cell and ordered the plaintiff and Nedweden to uncover the window or he would mace the cell. The plaintiff complied and explained the events that occurred with defendant C.O. Smiley and Oglesby. We told defendant Faneuff to review the surveillance camera videotape to substantiate our claims.

23.    Defendant Capt. Faneuff said he reviewed the videotape after coming back to cell 216 after getting co-defendant Nurse Nordell to give the plaintiff and Nedweden a medical evaluation.

5

24. At that time the plaintiff handed his grievance to co-defendant Capt. Faneuff. This co-defendant then stated that he was going to document the incident and state that the plaintiff's injuries were a result of "Horse playing" in the cell.

25. Co-defendant Capt. Faneuff stated in his report that no injuries were observed on the plaintiff's face then contradicted himself by stating later, that minor injuries were observed on the plaintiff.

26. The plaintiff was told that the grievance he personally gave to Capt. Faneuff did not exist and consequently did not make it to the appropriate authorities; all of which designed to harm the plaintiff's reputation for truthfully reporting DOC employee physical abuse.

27. Co-defendant Nordell substantiated the injuries inflicted on the plaintiff by defendant C.O. Smiley, however, in conspiracy with one or more co-defendants, Nordell falsified the medical incident report by stating, "altercation between cellmates R/U malingered/Feigned assault."

28. Upon information and belief, Co-defendant Major Lajoie a superior officer and supervisor of co-defendants Faneuff and C.O. Smiley illegally allowed them to attempt to cover up the August 31, 2001 incident by permitting Faneuff and C.O. Smiley to file reports that were inconsistent with the facts, even though he knew it and did not punish or discipline them for so doing.

29. On September 5, 2001, the plaintiff received a call via the cell intercom by defendant C.O. Smiley who ordered him to get ready to go to Court on the case for which he was being held in lieu of the payment of a bond.

6