UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT
(Hartford)

2004 JUL 12  A 11: 36

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RAMÓN A. LÒPÉZ                 *  3:02 CV 1020 (RNC)  US DISTRICT COURT
                               *                       HARTFORD, CT.
V.                             *
                               *
                               *
JAMES SMILEY, ET AL            *  JULY 8, 2004
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S FOURTH SUPPLEMENTARY REBUTTAL TO DEFENDANTS' OBJECTION TO PLAINTIFFS' APRIL 1, 2004 SECOND AMENDED COMPLAINT

Given the fact that this Court vacated its referral of plaintiff's motion to amend his complaint [doc. 55] the plaintiff would like to take the opportunity to articulate his position concerning the reach of the Connecticut Constitution's ambit to address, for money damages certain State Constitutional claims in the proposed amendment.

With respect to the State due process clauses, to wit, Art. I, §§8[1] & 10[2] it has been said that the federal and state "due process clauses [do not] have the same meaning[s nor do they] impose similar constitutional limitations. Additionally, "[t]he distinction [between the §8 and the §10 due process clauses] is of little consequence unless reputation is involved. The fact that reputation is specially protected under section 10 probably means that the Connecticut due process clause affords full protection for one's reputation, which the present majority of the Supreme Court of the United States is unwilling to hold under the federal Constitution." Berdon, Robert I., <u>Protecting Liberty and Property under the Connecticut and Federal Constitutions: The Due Process Clauses</u>, 14 U. Conn. L.Rev. 41, 43-44, 45n.22 (Fall 1982).

---

[1] The due process clause of this provision provides: "No person shall be compelled to give evidence against himself, nor be deprived of life, liberty or property without due process of law[.]"

[2] "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

Article I, §8 of the Connecticut Constitution, one of Connecticut's due process clauses affords more protection for individuals in the areas of privacy, liberty and property than the federal constitution. Id. at 45-55.

Article I, §9[3] of Connecticut's Constitution [is one of our state's constitutional provisions guaranteeing due process of law." State v. Lamme, 216 Conn. 172, 579 A.2d 484, 486-489 (1990).

Article I, §10 of Connecticut's Constitution has been held to stand for the proposition that, "It is now established beyond a reasonable doubt that prisoners have a constitutional right of access to the courts. . . and that such access must be adequate, effective and meaningful." Washington v. Meachum, 238 Conn. 692, 680 A.2d 262, 284 (1996). Clearly, Mr. Lòpéz's access under the federal constitution has been undermined, suppressed and obstructed by dint of the defendants' individual and cumulative actions in impairing his grievance process. It is possible that this type of obstruction may be lawful under the federal constitution but it certainly is not under the State constitution. The Prison Litigation Reform Act has no application to State constitutional claims. That type of limitation is why, "[Connecticut's] constitution may, in certain instances, afford greater substantive due process rights than the federal constitution." Ramos v. Town of Vernon, 254 Conn. 799, 761 A.2d 705, 727 (2000).

The defense might argue and in fact has argued that it believes there is no legal precedent for money damage claims under certain provisions of the Connecticut Constitution. That assertion is inaccurate. Under the private attorney general theory, monetary awards can very well exist. Satter & Geballe, Litigation Under the Connecticut Constitution—Developing a Sound Jurisprudence, 15 U. Conn. L.Rev. 57, 84-85 (Fall 1982).

---

[3] "No person shall be arrested, detained or punished, except in cases clearly warranted by law."

2

The plaintiff believes that the authority it cited above, in its rebuttal, filed on March 26, 2004, to the defendants' objection to plaintiff's motion to amend and its Motion to Modify the Proposed Second Amended Complaint, filed on April 1, 2004, all support its position that in every respect the proposed second amended complaint, as modified, states valid claims under the Connecticut constitution.

RESPECTFULLY SUBMITTED,

RAMÓN A. LÒPÉZ
THE PLAINTIFF

BY: _____
ATTY. ERSKINE D. McINTOSH
FEDERAL BAR NO. CT 09743
THE LAW OFFICES OF ERSKINE D. McINTOSH, P.C.
3129 WHITNEY AVENUE, SECOND FLOOR
HAMDEN, CT 06518-2364
(203) 787-9994
FAX (203) 848-1213
COUNSEL FOR THE PLAINTIFF

### C E R T I F I C A T I O N

This is to certify that a copy of the foregoing was sent by first-class mail, postage prepaid on this the _____ day of July, 2004 to:

Atty. Robert F. Vacchelli
Assistant Attorney General
Office of the Attorney General
110 Sherman Street
Hartford, Conn. 06105

_____
ATTY. ERSKINE D. McINTOSH

19 MEMO-REBUT-4th SUPP OBJ. AMEND COMPLAINT