UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON LOPEZ | : | NO. 3:02CV1020(RNC)(DFM) |
| | : | |
| VS. | : | |
| | : | |
| JAMES SMILEY, ET AL. | : | JULY 19, 2004 |

### DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFF'S THIRD SUPPLEMENTAL REBUTTAL BRIEF DATED JULY 8, 2004, RE:CERTIFICATION

The defendants, James Smiley, et al., by and through their undersigned counsel, take this opportunity to respond to plaintiff's Third Supplemental Rebuttal brief dated July 8, 2004, wherein plaintiff reiterates his verbal Motion to Certify to the Connecticut Supreme Court the question of whether his proposed second amended complaint, as modified, states claims under the Connecticut Constitution if those questions are found to be uncertain. For the following reasons, we urge the court to deny the motion.

Connecticut law permits a federal district court to certify questions of state law directly to the Connecticut Supreme Court. Conn. Gen. Stat. § 51-199b; Conn. Practice Book Secs. 82-1 et seq. The fact that the law in issue may concern difficult or unsettled issues of state law does not suffice to remit the question. Meridith v. Winter Haven, 320 U.S. 228, 323 (1943). Certification is not to be made routinely simply because it may be available. Dorman v. Satti, 862 F.2d 432, 435 (2nd Cir. 1988) cert. denied 490 U.S. 1099 (1989). In deciding whether to make certification, the federal court must be satisfied that there is no controlling appellate court decision, constitutional provision or statute which governs the question of Connecticut law and that important state policy concerns are involved. Old Republic National Title Ins. Co. v. Bank of

East Asia, Ltd., 247 F. Supp. 2d 197, 199 (D. Conn. 2003). The use of the certification procedure is not obligatory but "rests in the sound discretion of the federal courts." Lehman Brothers v. Schein, 416 U.S. 386, 391 (1974); L. Cohen & Co., Inc. v. Dun & Bradstreet, Inc., 629 F. Supp. 1419, 1421 (D. Conn. 1986). The federal court should consider (1) the extent to which the issue sought to be certified has truly been left unsettled by the state courts; (2) the availability of resources--such as statutory and case law, regulations, legislative histories and agency decisions--that would assist the judge in deciding the issue; (3) the judge's own familiarity with the relevant state law; (4) the age and urgency of the litigation; (5) the frequency with which the particular legal issue is likely to recur in future litigation; and (6) the other demands on the judge's own docket and the docket of the State's judiciary. L. Cohn & Co., Inc. v. Dun & Bradstreet, Inc., supra at 1423. "We use much judgment, restraint and discretion in certifying. We do not abdicate." Id. (Citations and quotations omitted).

   Connecticut further requires that the facts be fixed and the questions determinative of the case:

> A certification request shall set forth: (1) The questions of law to be answered; and (2) a finding or stipulation approved by the court setting forth all facts relevant to answering the questions certified and showing fully the nature of the controversy in which the questions arose.
>
> The questions presented should be such as will be determinative of the case, and it must appear that their present determination would be in the interest of simplicity, directness and economy of judicial action.
>
> All questions presented shall be specific and shall be phrased so as to require a Yes or No answer, wherever possible.

Practice Book Sec. 82-3.

2

Under these standards and tests, plaintiff's request for certification in this case should be denied for the following reasons:

**1.   Delay**

As earlier argued, these Connecticut constitutional issues were not included in plaintiff's First Amended Complaint of November 19, 2002 and the issues, in part, concern events dismissed from the complaint by the court's decision of September 22, 2003. Defendants answered the complaint on October 16, 2003.  It is now too late to start adding these new issues or restating dismissed claims.  See Defendant's Memorandum in Opposition to Plaintiff's Motion to Amend dated March 10, 2004.

The liberal rules of federal procedure provide that leave to amend should be freely granted when justice so requires.  Rule 15(a), F.R.Civ.P.; Forman v. Davis, 371 U.S. 178, 182, (1962).  However, the court has discretion in deciding whether or not to grant leave to amend. Azurite Corp. v. Amster & Co., 52 F.3d 15, 19 (2nd Cir. 1995).  Even in cases involving pro se litigants, it has been held that leave to amend need not be given if the proposed complaint does not indicate that a valid claim may be stated.  Platsky v. CIA, 953 F.2d 26, 29 (2nd Cir. 1991). (per curiam).   It need not be granted if it would be futile.  Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2nd Cir. 1999); Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2nd Cir. 1991); Katzman v. Khan, 67 F. Supp. 2d 103 (E.D.N.Y. 1999); Tri-State Judicial Services, Inc. v. Markowitz, 624 F. Supp. 925, 926 (E.D.N.Y. 1985).  Undue delay or prejudice to the opposing party are also grounds for denial.  Forman v. Davis, supra at 182.

Defendants have shown that plaintiff's efforts to add these new issues and restated claims should be denied because it is too late.  See Memorandum of March 10, 2004, supra.  Likewise it

is too late to seek certification of those same matters to the Connecticut Supreme Court. It is time to conclude pretrial proceedings and prepare the case for disposition, not start afresh.

**2.   Status of Law**

Before certifying a question, the district court must be satisfied that the question is one for which there is "no controlling appellate court decision, constitutional provision or statute of this state." Conn. Gen. Stat. § 51-199b(d). The absence of clear, controlling Connecticut Supreme Court precedent on the unresolved state law question does not allow the district court to remit the plaintiff to state court. Under these circumstances a federal court must determine how the state's highest court would decide its law. Hume v. The Hertz Corp., 628 F.Supp. 763, 766-67 (D.Conn. 1986) (citations omitted).

In the instant case, the defendants have demonstrated that the Connecticut Supreme Court has set forth guidelines for when it permits actions for money damages under the Connecticut Constitution, and defendants have demonstrated that no case has allowed suit in claims like plaintiff, nor has plaintiff demonstrated under those tests why his claim satisfies the tests. See Defendant's Memorandum in Response to Plaintiff's Rebuttal Brief dated April 15, 2004. In the past, where the district court has found that Connecticut has not yet recognized a certain cause of action, it has dismissed the claim. See, e.g., Cowen v. Fed. Express Corp., 25 F.Supp. 2d 33, 39 (D.Conn. 1998); Perkett v. Applied Printing Technologies, 2004 U.S. Dist. LEXIS 2399 (D.Conn. 2004). It should do so again here without the need for certifying the questions to the Connecticut Supreme Court.

**3.   Determinative Questions**

Certification ordinarily is appropriate in situations where the questions presented are "determinative of the case." Conn. Practice Book Sec. 82-3. Accordingly, dispositive questions are properly presented with a stipulation of facts and questions which can be answered yes or no. See, e.g., Jagger v. Mohawk Mountain Ski Area, Inc., 2002 U.S. Dist. LEXIS 20948 (D.Conn. 2002); Minnesota Mutual Life Ins. Co. v. Ricciardello, 1998 U.S. Dist. LEXIS 6721 (D.Conn. 1998); but see Gerber Trade Finance, Inc. v. Davis, Sita & Co., 128 F. Supp. 2d 86 (D.Conn. 2001). In the instant case, the parties are in complete disagreement as the material facts. See Defendants' Answer. The certification would not resolve this case. Accordingly, the request should be denied.

**4.   Alternatives to Certification**

Alternatively, it should be noted that plaintiff seeks to raise these issues under the court's discretionary, supplemental jurisdiction authority. Supplemental Jurisdiction is a doctrine of discretion, not of plaintiff's right. Lippa v. GMC, 1997 U.S. App. LEXIS 2703 (2nd Cir. 1997) citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). The decision whether to exercise supplemental jurisdiction is within the discretion of the court. Purgess v. Sharrock, 33 F.3d 134, 138 (2nd Cir. 1994); Kidder, Peabody & Co. v. Maxus Energy Corp., 925 F.2d 556, 563 (2nd Cir. 1991) cert. denied 501 U.S. 1218 (1991). "The district court may decline to exercise supplemental jurisdiction over a claim … if… the claim raises a novel or complex issue of state law." 28 U.S.C. 1367(c). Thus, if the court finds that plaintiff is unnecessarily drawing the court into unsettled and confusing areas of state law, then the court can decline to accept jurisdiction. See, e.g., Kersey v. Sheraton Corp., 662 F.Supp. 10 (D.Conn. 1986). Plaintiff's effort to add what are, at best, dubious issues of state constitutional law to an

otherwise straightforward prisoner excessive force claim will certainly confuse a jury. Thus, supplemental jurisdiction over the Connecticut constitutional issues proposed in this case should be denied.

## **CONCLUSION**

For all of the foregoing reasons, we urge the court to deny plaintiff's request for certification of issues to the Connecticut Supreme Court.

>DEFENDANTS,
>James Smiley, et al.
>
>RICHARD BLUMENTHAL
>ATTORNEY GENERAL
>
>BY: ___/s/_____
>Robert F. Vacchelli
>Assistant Attorney General
>Federal Bar No. ct05222
>110 Sherman Street
>Hartford, CT  06105
>Telephone No. (860) 808-5450
>Fax No. (860) 808-5591
>E-Mail: robert.vacchelli@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 19th day of July, 2004:

Erskine D. McIntosh, Esq.
Law Office of Erskine D. McIntosh, P.C.
3129 Whitney Avenue, Second Floor
Hamden, CT 06518-2364

Ramon A. Lopez, No. 261685
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT  06071

    /s/
Robert F. Vacchelli
Assistant Attorney General