```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


RAMON LOPEZ,                      :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :     CASE NO. 3:02CV1020(RNC)
                                  :
JAMES SMILEY, ET AL.,             :
                                  :
     Defendants.                  :
```

## RULING ON PLAINTIFF'S DISCOVERY MOTIONS

Pending before the court are the plaintiff's motions to compel. (Doc. #44, 58.) The motions are GRANTED in part and DENIED in part as follows:

1. Request for Production 1 is denied.

2. Request for Production 2 is granted as follows. The defendants shall review files pertaining to the defendant Smiley to determine whether there exist any documents responsive to the plaintiff's request. If there exist responsive documents, they shall be submitted to the court for <u>in camera</u> review. The court then will determine whether the documents shall be disclosed to the plaintiff. If there are no responsive documents, counsel shall so state in writing.

3. Request for Production 3 is denied. Informant identity is subject to the informer's privilege. <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957). As courts within this district have noted, "[t]he burden is on the [movant] to demonstrate the need for the extraordinary remedy of disclosure." <u>Ortega v. United States</u>, 897

F. Supp. 771, 780 (S.D.N.Y. 1995). On the present record, the plaintiff has failed to discharge his "burden of establishing that the information sought is both relevant and essential to the presentation of his case on the merits . . . and that the need for disclosure outweighs the need for secrecy." <u>Cullen v. Margiotta</u>, 811 F.2d 698, 715-16 (2d Cir.) (citations omitted), <u>cert. denied</u>, 483 U.S. 1021 (1987), <u>overruled on other grounds</u>, <u>Agency Holding Corp. v. Malley-Duff & Associates, Inc.</u>, 483 U.S. 143 (1987).

    4. Request for Production 4 is granted as to plaintiff's counsel only and pursuant to a protective order or confidentiality agreement.

    5. Request for Production 5 is granted as follows. The tapes may be produced to plaintiff's counsel and the plaintiff pursuant to a protective order or confidentiality agreement.

    6. Request for Production 6 is denied as moot.

    SO ORDERED at Hartford, Connecticut this 23rd day of July, 2004.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge