UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Hartford)

*************************************
RAMON LOPEZ                           *   3:02 CV 1020 (RNC)
                                      *
    V.                                *
                                      *
JAMES SMILEY, ET AL                   *   AUGUST 3/, 2004
*************************************

## PLAINTIFF'S REBUTTAL TO THE DEFENDANTS' RESPONSE TO PLAINTIFF'S THIRD SUPPLEMENTAL REBUTTAL RE: *CERTIFICATION* OF JULY 8TH, 2004

Comes now the plaintiff, by and through counsel, who avers that this Court ought reject the defendants' July 19th, 2004 response to the plaintiff's third supplemental rebuttal to the defendants' objection to the plaintiff's second amended complaint.

At page four of their July 19th response, the defendants incorrectly cited Hume v. The Hertz Corp., 628 F.Supp. 763, 766-767 (D.Conn. 1986), for the proposition that the absence of clear, controlling Connecticut Supreme Court precedent means that this Court either must decide the State law questions itself or decline pendant jurisdiction. The defendants failed to mention that in Hume, Judge Nevas availed himself of the certification alternative pursuant to §51-199b and now, P.B. Rule 82-1.

At page five of their July 19th response, the defendants assert that because they dispute the plaintiff's factual allegations this Court could not certify the questions about the applicability of the State Constitutional claims. At this stage, the question is not whether the factual allegations are in fact true beyond a fair preponderance of the evidence but whether the allegations plead a state cause of action under the State constitutional guarantees as advocated by the plaintiff. Please see, Jagger v. Mohawk Mountain Ski Area, Inc., 269 Conn. 672, 674-

676, 849 A.2d 813, 815-817(2004). In <u>Jagger</u>, there was clearly a stipulation as to what were the plaintiff's allegations. Further, the parties had only reached the defendant's motion to dismiss in <u>Jagger</u> which prompted the certification that this Court undertook in the first place, where the veracity of the plaintiff's claims were not in dispute only whether those claims were barred under the assumption of risk statutory doctrine and/or whether they were viable under the theory of co-participant liability in team contact sports articulated in a recent Connecticut Supreme Court decision. Hence, the defendants' denial of this plaintiff's allegations is of no moment.

Finally, any delay attributable to certification pails in comparison to the interests of federal and state comity. Moreover, the plaintiff still believes that the authority to which he cited to the Court in his July 12th, 2004 fourth supplementary rebuttal, his April 1, 2004 motion to modify and his March 26, 2004 rebuttal shows that the plaintiff's claims are supported by the Connecticut Constitution and certification may not be necessary.

        RESPECTFULLY SUBMITTED,
        RAMON LOPEZ
        THE PLAINTIFF

BY: _____
        ATTY. ERSKINE D. McINTOSH
        FEDERAL BAR NO. CT 09743
        THE LAW OFFICES OF ERSKINE D. McINTOSH, P.C.
        3129 WHITNEY AVENUE, SECOND FLOOR
        HAMDEN, CT 06518-2364
        (203) 787-9994
        FAX (203) 848-1213

        **COUNSEL FOR THE PLAINTIFF**

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent by first-class mail, postage prepaid on this the ___ day of August, 2004 to:

Atty. Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, Conn. 06105

ATTY. ERSKINE D. McINTOSH

19 MOTION-REBUTTAL TO DEFENDANTS' RESPONSE-LOPEZ