UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAMON LOPEZ,

    Plaintiff,

v.                      :   CASE NO. 3:02CV1020 (RNC)

JAMES SMILEY, ET AL.,

    Defendants.

FILED

2004 OCT -5 P 2: 10

DISTRICT COURT
HARTFORD, CT.

## RULING AND ORDER

Ramon Lopez, a Connecticut inmate, brings this action pursuant to 42 U.S.C. § 1983 against six correctional officers claiming that they beat him, and failed to protect him from being beaten, in violation of federal and state law. He alleges that defendant James Smiley assaulted him on August 31, 2001, and again on September 5, 2001, and that the other defendants were present during the latter assault yet failed to intervene to protect him. The case is before the court on plaintiff's motions for leave to modify his amended complaint [Doc. 68] and to substitute a party [Doc 83]. In essence, he seeks to reassert claims previously dismissed against several defendants, including one who has since died, and add new state constitutional and common law claims.[1] For the reasons that follow, plaintiff's

---

[1] By a ruling and order filed September 22, 2003, familiarity with which is assumed, the court (a) dismissed federal civil rights claims against all defendants for money damages in their official capacities based on the Eleventh Amendment and (b) dismissed the case against several defendants
(continued...)

motion to modify is granted in part and the motion to substitute is denied as moot.

Claims under §§ 1983 and 1986

In its previous ruling, the court found that plaintiff had exhausted his administrative remedies only with regard to the alleged assault and failure to protect of September 5, 2001. On the basis of that finding, all other claims were dismissed. Plaintiff now seeks leave to pursue claims based on the alleged assault of August 31, 2001, as well as additional claims arising out of the incident of September 5, 2001, on the ground that he did exhaust his administrative remedies. With regard to the alleged assault of August 31, he alleges that he handed a level one grievance to William Faneuff (who has denied receiving it). Second Am. Compl. ¶¶ 24, 26. He does not allege that he filed a level two grievance or that he gave a grievance to another prison

---

¹(...continued)
for failure to exhaust administrative remedies and failure to allege personal involvement. All claims were dismissed against the following defendants: Commissioner John Armstrong, Deputy Commissioner Peter Matos, Deputy Commissioner Dennis Coyle, Warden Larry Myers, Major Christine Whidden, Captain William Faneuff, Lieutenant Dennis Oglesby, Grievance Coordinator John Oulette, Medical Supervisor Patricia Wollenhaupt, Nurse Lynn Nordell and Nurse Saundra Katz-Feinberg. Before the court ruled, plaintiff withdrew his claims against Deputy Commissioner Jack Tokarz, Major Thomas Coates, Major Michael Lajoie and Captain Michael Zacharewicz. As a result, the only remaining defendants are: Lieutenant Scott Salius, Correctional Officer James Smiley, Correctional Officer Winston Farley, Correctional Officer Ron Young, Correctional Officer Dan Stewart and Correctional Officer John Galinsky.

official.[2] With regard to claims arising out of the incident of September 5, besides the alleged assault and failure to protect, he alleges that he filed a level one grievance regarding "the beating," which Warden Myers denied, and that he repeatedly contacted Deputy Commissioner Matos about grievance "141-01-531," which concerned the alleged assault and failure to protect. Second Am. Compl. ¶¶ 67, 68, 69.

After careful consideration of plaintiff's current allegations in light of the grievance records, I continue to find that he exhausted his administrative remedies only with regard to the assault and failure to protect of September 5. His request for leave to assert other claims is therefore denied. As a result of this ruling, his motion to substitute a party is moot.

State Constitutional Claims

Plaintiff seeks leave to assert claims under the Connecticut constitution for violations of Article I, §§ 4, 5, 7 and 9, pursuant to Binette v. Sabo, 244 Conn. 23 (1998). A Binette cause of action may be brought against a person in his official capacity only. Martin v. Brady, 261 Conn. 372, 374 (Conn. 2002).

---

[2] Plaintiff's correspondence to prison officials supports the conclusion that he did nothing to pursue administrative remedies after Faneuff failed to process the level one grievance. In a letter to Deputy Commissioner Matos dated June 1, 2002, plaintiff cited a number of unanswered grievances and appeals; ; none relate to an incident on August 31, 2001. In a letter to Matos dated July 1, 2002, plaintiff again cited several unanswered grievances, none related to an incident on August 31, 2001. (See attachments to Defs.' Opp. to Am. Compl.)

3

The six defendants are sued only in their individual capacity.

<u>Other State Law Claims</u>

Plaintiff seeks leave to add a state law claim for intentional infliction of emotional distress. The alleged assaults by Smiley and the alleged failure to protect by Farley, Salius, Galinsky and Stewart might provide a basis for recovery on the ground that their alleged conduct was atrocious, exceeded the bounds of decency, and cannot be tolerated. See <u>Appleton v. Bd. of Educ.</u>, 254 Conn. 205, 210-11 (2000). Moreover, this claim is not barred by statutory immunity. See <u>Witczak v. Gerald</u>, 69 Conn. App. 106 (2002). Accordingly, plaintiff's request for leave to add this claim is granted.

Plaintiff also seeks leave to add claims for negligence and negligent infliction of emotional distress. These claims are barred by statutory immunity. Conn. Gen. Stat. § 4-165 provides in relevant part: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter." Plaintiff's negligence-based claims fall within the ambit of this provision. See <u>Miller v. Egan</u>, 265 Conn. 301, 319 (2003).

Finally, plaintiff seeks leave to add a claim for false

imprisonment. "False imprisonment is the unlawful restraint by one person of the physical liberty of another." See Rivera v. Double A Trans., Inc., 248 Conn. 21, 31 (1999). Plaintiff has not shown that a person who is lawfully confined in a Connecticut correctional facility may bring such a cause of action.

Accordingly, plaintiff's motion to modify his amended complaint is granted with regard to his claim for intentional infliction of emotional distress against defendants Smiley, Farley, Galinas and Stewart but otherwise denied.

So ordered.

Dated at Hartford, Connecticut, this 5th day of October 2004.

---
Robert N. Chatigny
United States District Judge