UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON LOPEZ | : | CIVIL NO. 3:02CV1020 (RNC)(DFM) |
| v. | : | |
| JAMES SMILEY, ET AL. | : | OCTOBER 14, 2004 |

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT DATED MARCH 30, 2004 WITH AFFIRMATIVE DEFENSES**

**Count One**

**Jurisdiction**

    1.    Paragraphs 1 and 2 are denied.

**The Parties**

    1.    As to paragraph 3, the defendants admit that the plaintiff was, at all times referenced in the Second Amended Complaint, an unsentenced inmate incarcerated at the Northern Correctional Institution.  He is now a sentenced inmate.  The rest and remainder of the allegations are denied.

    2.    As to paragraph 4, the defendants admit that the remaining defendants, following the Court's rulings on the Motion to Dismiss, Motion to Amend, Motion to Modify, Motion to Substitute Party, and others, i.e., Smiley, Farley, Galinsky, Stewart and Salius, were, at all times referenced in the Second Amended Complaint, employees and officials of the Connecticut Department of Correction assigned to the Northern Correctional Institution.  The case has been dismissed as to the other persons referenced and the rest and remainder of the allegations are denied.

3. As to paragraph 5, the remaining defendants admit that they acted under color of state law at all times referenced in the Second Amended Complaint. The rest and remainder of the allegations are denied.

4. Paragraphs 6-8 are denied.

**Facts**

1. Paragraphs 9-28 have been dismissed.

2. As to paragraphs 29-73, as to the remaining defendants and as to the remaining causes of action following the Court's rulings on the Motion to Dismiss, Motion to Amend, Motion to Modify, Motion to Substitute Party and others, the defendants admit that on September 5, 2001, while in the admitting and processing area of the Northern Correctional Institution, the plaintiff assaulted the defendant Smiley, spitting in his face, and that the plaintiff received a Disciplinary Report for Assault on a D.O.C. employee in that matter. The rest and remainder of the allegations are denied.

**Count Two**

1. As to paragraphs 1 and 2 of the Second Count, as to the remaining defendants and as to the remaining causes of action following the Court's rulings on the Motion to Dismiss, Motion to Amend, Motion to Modify, Motion to Substitute Party and others, the allegations are denied.

2. The defendants' answers to paragraphs 3-73 of Count One are thereby incorporated by reference as if fully set forth and are hereby made answers to paragraphs 3-73 of Count Two.

3. As to paragraphs 74-79, as to the remaining defendants and as to the remaining causes of action following the Court's rulings on the Motion to Dismiss, Motion to Amend, Motion to Modify, Motion to Substitute Party, and others, the allegations are denied.

## AFFIRMATIVE DEFENSES

**As To All Counts**

### FIRST AFFIRMATIVE DEFENSE

The allegations of the Second Amended Complaint do not state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that this case is effectively against state officials and employees in their official capacities, it is barred by the Eleventh Amendment to the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant to this lawsuit, the defendants acted within the scope of their duties as officials/employees of the State of Connecticut performing discretionary functions and they acted within their qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

The defendants, at all times relevant to the Second Amended Complaint, were state officials/employees and their conduct was not wanton, reckless or malicious, and was caused in the discharge of their duties or within the scope of their employment. They are, therefore, immune from liability pursuant to Conn. Gen. Stat. § 4-165 and under the doctrine of sovereign immunity and their common law privileges and immunities.

**FIFTH AFFIRMATIVE DEFENSE**

As to all claims alleging state law causes of action, such may only be maintained upon authorization by statute or by order of the State Claims Commissioner, and since the plaintiff has not and cannot demonstrate authority or authorization, this action is barred by the doctrine of sovereign immunity, the doctrine of primary jurisdiction and for failure to exhaust administrative remedies.

**SIXTH AFFIRMATIVE DEFENSE**

The Federal Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

**SEVENTH AFFIRMATIVE DEFENSE**

The plaintiff has failed to exhaust his administrative remedies required by federal law.

>                       DEFENDANTS
>                       James Smiley, et al.
>
>                       RICHARD BLUMENTHAL
>                       ATTORNEY GENERAL
>
>
> BY:      /s/
>                       Robert F. Vacchelli
>                       Assistant Attorney General
>                       110 Sherman Street
>                       Hartford, CT  06105
>                       Federal Bar #ct05222
>                       E-Mail:  robert.vacchelli@po.state.ct.us
>                       Tel.: (860) 808-5450
>                       Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 14th day of October, 2004:

Erskine D. McIntosh, Esq.
Law Offices of Erskine D. McIntosh, P.C.
3129 Whitney Avenue, Second Floor
Hamden, CT  06518-2364

Ramon Lopez #261685
Northern Correctional Institution
P.O. Box 665
Somers, CT  06071

_____/s/_____
Robert F. Vacchelli
Assistant Attorney General