UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Hartford)

FILED
2004 NOV 10  A 10: 16
US DISTRICT COURT
HARTFORD, CT.

*************************************
RAMON LOPEZ                              *    3:02 CV 1020 (RNC)
                                         *
V.                                       *
                                         *
JAMES SMILEY, ET AL                      *    NOVEMBER 8, 2004
*************************************

## PLAINTIFF'S MOTION FOR RECONSIDER OF THE COURT'S RULING AND ORDER DATED OCTOBER 5, 2004 (Doc. 104)

Comes now the plaintiff, by and through counsel, who avers that this Court ought reconsider and revise its Ruling & Order [Doc. 104] with respect to the State Constitutional claims under Binette v. Sabo, 244 Conn. 23, 41-51, 710 A.2d 688, 697-701 (1998) and the State tort claim of battery relative to both the August 31, 2001 and the September 5, 2001 incidents as alleged in the Second Amended Complaint dated March 30, 2004, consistent with this motion.

### The State Constitutional Claims

The plaintiff asserts that the Court wrongfully denied him the right to plead violations of the State Constitution, because the Court misinterpreted the case of Martin v. Brady, 261 Conn. 372, 374 (2002). At page three of the Ruling & Order this Court stated that, "A Binette cause of action may be brought against a person in his official capacity only." The plaintiff hazards that the Court must have relied upon the following language from Brady to support the above quoted sentence because no such sentence appears in Brady: "Although the defendants' brief addressed the certified question, at oral argument before this court the defendants conceded that, in the plaintiff's complaint, properly construed, he sued them in

their *individual*, rather than their *official*, capacities, and that, therefore, *Binette v. Sabo, supra, 23*, was inapplicable." [Emphasis supplied.] The Supreme Court of Connecticut is not saying in this sentence that all <u>Sabo</u> claims must be made against a governmental defendant in his official capacity.

The plaintiff would have this Court note that the procedural context of <u>Brady's</u> Supreme Court decision was whether or not <u>Sabo</u> permitted the plaintiff's tort claim because of the claims of sovereign immunity and that the facts were not sufficiently egregious. This was the question. The quote that this Court used to reject Mr. Lopez's claims came directly after the certified question. The correct interpretation of what the <u>Brady</u> Supreme Court said was that whether or not <u>Sabo</u> barred this action because of the doctrine of sovereign immunity was "inapplicable" because the defendants were sued in their individual capacities, which does not implicate sovereign immunity concerns.

Please refer to the attached transcript of the <u>Brady</u> oral argument before Connecticut's Supreme Court. (Addendum I) The Court will see that the Supreme Court understood from both the plaintiff's attorney and the assistant Attorney General, who argued for the defendants, that a <u>Sabo</u> claim is a claim against the governmental employee in his individual capacity and that a <u>Sabo</u> claim is not a claim against the State. (T. 15) The parties and the Supreme Court in <u>Brady</u> understand this because by <u>Sabo's</u> own reasoning, its decision finding a State Constitutional tort is an "analog" of a federal <u>Bivens</u> claim. (T. 15-16) In the <u>Brady</u> Supreme Court decision the parties were saying that the Appellate Court decision of <u>Brady</u> was wrong when it ruled that sovereign immunity is implicated even if a plaintiff raises a claim against a State actor asserting that the State actor is only being sued in his "individual" capacity.

2

Please see pages 21-22 of Addendum I, where the assistant attorney general concedes that where a plaintiff asserts in writing that he is suing the state actors in their individual capacities only, sovereign immunity is **not implicated**. Moreover, during the oral argument in Brady the plaintiff's attorney indicated that the plaintiff's claims in Sabo were against the defendants in their individual capacities. (T. 14)

Moreover, if this Court reads the text of the Brady Supreme Court opinion it will find that the Supreme Court found that those claims under Sabo were barred by §4-165 CGS's personal immunity not because the claims were alleged under the State of Connecticut Constitution against a defendant in his individual or official capacity. See, Brady, 261 Conn. at 377. A fair reading to the decision clearly leads one to the conclusion that the Supreme Court assumed that the claims could be brought under the State Constitution. However, the claims did not survive because they were not sufficient to overcome the requirements of §4-165 CGS.

Therefore, the plaintiff herein, Mr. Lopez, entreats this Court to completely reverse its Ruling and Order relative to all of the State Constitutional claims because this Court's reasoning for rejecting those claims does not comport with the full record of Brady.

### State Common law Tort Claim

This Court did not address in its October 5, 2004 ruling whether the State common law tort claim of battery at page 16, ¶ 76 of the Second Amended Complaint, which involves both the August 31, 2002 and the September 5, 2002 attacks upon the plaintiff, could be raised by the plaintiff. The plaintiff is not unmindful of the Court's decision about the §1983 claim regarding the August 31, 2002 incident. However, there is no exhaustion requirement under the State common law. Hence, for the reasons this Court permitted the plaintiff's claim of

3

intentional infliction of emotional distress relative to both the August 31, 2002 and the September 5, 2002 claims, it should likewise permit the battery claim to be alleged as to both dates as well.

                    RESPECTFULLY SUBMITTED,
                    RAMON LOPEZ
                    THE PLAINTIFF

BY: _____
                    ATTY. ERSKINE D. McINTOSH
                    FEDERAL BAR NO. CT 09743
                    THE LAW OFFICES OF ERSKINE D. McINTOSH, P.C.
                    3129 WHITNEY AVENUE, SECOND FLOOR
                    HAMDEN, CT 06518-2364
                    (203) 787-9994
                    FAX (203) 848-1213

                    COUNSEL FOR THE PLAINTIFF

## CERTIFICATION

This is to certify that a copy of the foregoing motion and attached Addendum I were sent by first-class mail, postage prepaid on this the _____ day of November, 2004 to:

Atty. Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, Conn. 06105

Mr. Ramón A. Lòpéz
No. 261685
Northern C.I.
P.O. Box 665
Somers, Conn. 06071-0665

                    _____
                    ATTY. ERSKINE D. McINTOSH

19 MOTION-REBUTTAL TO DEFENDANTS' RESPONSE-LOPEZ