UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Hartford)

2004 NOV 15  A 10: 12

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RAMON LOPEZ | \* 3:02 CV 1020 (RNC) |
| | \* HARTFORD, CT |
| V. | \* |
| | \* |
| JAMES SMILEY, ET AL | \* NOVEMBER //, 2004 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S SUPPLEMENTAL MOTION FOR RECONSIDER OF THE COURT'S RULING AND ORDER DATED OCTOBER 5, 2004 (Doc. 104)

Comes now the plaintiff, by and through his counsel, who avers that this Court ought reconsider and revise its Ruling & Order [Doc. 104] with respect to the §1983 claim regarding the August 31, 2001 assault upon the plaintiff as alleged in the Second Amended Complaint dated March 30, 2004, consistent with this motion.[1]

### The §1983 Claim—August 31, 2001 Assault

The Court's Ruling & Order [Doc. 104] at pages 2-3 n. 2, states in part that there was no evidence advanced by the plaintiff to indicate that he pursued in writing to any other jail official his grievance about the August 31, 2001 assault upon him by the named defendant. Please see the plaintiff's Second Supplementary Rebuttal to Defendants' Objection to Plaintiff's April 1, 2004 Second Amended Complaint **and its exhibit**, attached as Addendum I. Further, this Court's ruling and order never mentioned the written request of the plaintiff nor discussed the significance of Mr. Lopez's claim of grievance suppression within the context of <u>Duane Ziemba v. George Wezner, et al</u>, Docket No. 02-340 (2d Cir. April 23,

---

[1] The plaintiff's November 8th, 2004 Motion For Reconsider Of The Court's Ruling And Order dated October 5, 2004 (Doc. 104), is adopted herein by reference as though set out it full.

2004), attached as Addendum II. The <u>Ziemba</u> case was cited in the aforementioned Addendum I.

If the idea of grievance suppression is far fetched, please see the September 6, 2002 memo from the Warden to the plaintiff telling him he is prohibited from filing grievances (See Addendum III) or the response Mr. Lopez got when he reported that DOC employee for giving him grievance appeal forms, refuses to supply the forms to Mr. Lopez (See Addendum IV).

Given what was pled in the plaintiff's Second Amended Complaint coupled with, Addendum I, Addendum III and <u>Ziemba</u>; the plaintiff asserts that this Court ought revise its previous ruling by finding that the defendants are estopped from asserting the PLRA as a bar to the August assault and permit the §1983 claim concerning it to stand.

                      RESPECTFULLY SUBMITTED,
                      RAMON LOPEZ
                      THE PLAINTIFF

BY: _____
     ATTY. ERSKINE D. McINTOSH
     FEDERAL BAR NO. CT 09743
     THE LAW OFFICES OF ERSKINE D. McINTOSH, P.C.
     3129 WHITNEY AVENUE, SECOND FLOOR
     HAMDEN, CT 06518-2364
     (203) 787-9994
     FAX (203) 848-1213

     **COUNSEL FOR THE PLAINTIFF**

<u>**C E R T I F I C A T I O N**</u>

This is to certify that a copy of the foregoing motion and attached Addendums I -IV were sent by first-class mail, postage prepaid on this the ___ day of November, 2004 to:

Atty. Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, Conn. 06105

Mr. Ramón A. Lòpéz
No. 261685
Northern C.I.
P.O. Box 665
Somers, Conn. 06071-0665

_____
ATTY. ERSKINE D. McINTOSH

19 MOTION-SUPP. REBUTTAL TO DEFENDANTS' RESPONSE-LOPEZ

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Hartford)

*******************************

RAMON A. LOPEZ                    *   3:02 CV 1020 (RNC)(DFM)
                                  *
    V.                            *
                                  *
JAMES SMILEY, ET AL               *   JULY 8, 2004

*******************************

FILED
2004 JUL -9 A 8: 14
US DISTRICT COURT
HARTFORD, CT.

### PLAINTIFF'S SECOND SUPPLEMENTARY REBUTTAL TO DEFENDANTS' OBJECTION TO PLAINTIFFS' APRIL 1, 2004 SECOND AMENDED COMPLAINT

On June 30th, 2004, oral argument was had on, among other things, the plaintiff's motion to amend his complaint, dated February 25, 2004 and plaintiff's Motion to Modify the Proposed Second Amended Complaint, filed April 1st, 2004 before this Court. During the course of that argument, this Court entreated of counsel to draft memoranda on whether or not, Mr. Lopez, in his pro se capacity, pled in his previous complaint the following:

> That his grievance concerning the August 31, 2001 attack upon him <u>was suppressed</u> by one or more of the defendants thereby doing him injury.

On July 2, 2004, the plaintiff drafted a supplementary rebuttal to the defendants' objection to the amending of the plaintiff's complaint. The plaintiff, in the aforesaid supplementary rebuttal answered the Court's question in the negative.

In further support of the plaintiff's present claim that one or more of the defendants illegally undermined his attempt to grieve and thereby sue the defendants please see the October 25, 2001 "Inmate Request Form" authored by Mr. Lopez and addressed to Lt. Manley complaining, in part, about the fact that co-defendant Fanueff and "the majors" were ignoring his complaints and questions about the whereabouts of two grievances he filed concerning the

— *Addendum I* —

August 31, 2001 assault upon him by co-defendant Smiley. (Addendum I) Lt. Manley's response completely ignores this issue; he does not even address it. Lt. Manley simply states in a rather indifferent manner that he "understand[s his] dilemma." This request form clearly supports the plaintiff's claim that his grievance channels and avenue to the courts were totally undermined and suppressed by one or more of the defendants in this case.

Hence, the defendants ought be estopped from asserting any alleged PLRA grievance deficiency consistent with Duane Ziemba v. George Wezner, et al., Docket No. 02-340 (2d Cir. April 23, 2004).

RESPECTFULLY SUBMITTED,

RAMON LOPEZ
THE PLAINTIFF

BY: _____
ATTY. ERSKINE D. McINTOSH
FEDERAL BAR NO. CT 09743
THE LAW OFFICES OF ERSKINE D. McINTOSH, P.C.
3129 WHITNEY AVENUE, SECOND FLOOR
HAMDEN, CT 06518-2364
(203) 787-9994
FAX (203) 848-1213
COUNSEL FOR THE PLAINTIFF

### CERTIFICATION

This is to certify that a copy of the foregoing was sent by first-class mail, postage prepaid on this the _____ day of July, 2004 to:

Atty. Robert F. Vacchelli
Assistant Attorney General
Office of the Attorney General
110 Sherman Street
Hartford, Conn. 06105

_____
ATTY. ERSKINE D. McINTOSH

19 MEMO-REBUT-2nd SUPP OBJ. AMEND COMPLAINT

2

# CONNECTICUT DEPARTMENT OF CORRECTION
## NORTHERN CORRECTIONAL INSTITUTION

### INMATE REQUEST FORM

Date: 10-25-01

HOUSING UNIT: (I)  II  III   (EAST) or WEST   Cell # 216
(Circle One)

Inmate Name: López Ramón   Number: 261685

Request: Dear Lt. Manley, I have a huge dilema, Capt. Fanueff, Griev. Coor., and the majors, keep ignoring my letters and request on the whereabouts of the level 1 & level 2 grievances, on c/o Smiley coming in my cell during 3rd shift and assaulting me and my celly on 8-31-01, and I was hoping you can help me get releif of phone sanctions, so I can call my family. Please help me! :(
(Continue on back if necessary)
                                              T/m López

Submitted to: Lieutenant Manley   Date Received: _____

Acted on by: _____

Action taken and/or response: I UNDERSTAND YOUR DILEMA YOU HAVE TO WRITE TO WARDEN MYERS FOR Relief OF YOUR SANCTIONS.

Date of Response to Inmate: 11/2/01

Signature of Staff Member: Lt M___

NCI 050

— Addendum I —

```
 1              UNITED STATES COURT OF APPEALS
 2                 FOR THE SECOND CIRCUIT
 3
 4                      August Term 2003
 5        (Submitted April 6, 2004   Decided April 23, 2004)
 6                     Docket No. 02-0340
 7   -----------------------------------------------x
 8   Duane Ziemba,
 9
10                     Plaintiff-Appellant,
11
12                       -- v. --
13
14   George Wezner, I/O, John Armstrong, I/O, P. Calcinari, I/O,
15   R. Muccino, I/O, P. Peters, I/O, E. Saundry, I/O, J. Bulger,
16   I/O, T. Torres, I/O, J. Bandzak, I/O, Brian Zawalinski, I/O,
17   Cicero Callender, I/O, Garland Shell, I/O, D. J. Harris,
18   I/O, Sean Cullagh, I/O, William O'Connor, I/O, Jonathan
19   Moore, I/O, All Defendants,
20
21                     Defendants-Appellees.
22
23   -----------------------------------------------x
24
25   B e f o r e :  WALKER, Chief Judge, VAN GRAAFEILAND and
26                  STRAUB, Circuit Judges.
```

27  Appeal from an order of the United States District

28  Court for the District of Connecticut (Donna F. Martinez,

29  Magistrate Judge) dismissing plaintiff-appellant's suit

30  under 42 U.S.C. § 1983 pursuant to Fed. R. Civ. P. 12(c) for

31  failing to exhaust his administrative remedies in compliance

32  with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

33  VACATED and REMANDED.

34

— Addendum II —

>DUANE ZIEMBA, pro se, Somers, CT, for Plaintiff-Appellant (on submission).
>
>MATTHEW B. BEIZER, Assistant Attorney General for the State of Connecticut (Richard Blumenthal, Attorney General, on the brief), Hartford, CT, for Defendants-Appellees (on submission).

PER CURIAM:

Plaintiff-Appellant Duane Ziemba, pro se, appeals from an order of the United States District Court for the District of Connecticut (Donna F. Martinez, Magistrate Judge) dismissing his 42 U.S.C. § 1983 action on the pleadings pursuant to Fed. R. Civ. P. 12(c) for failing to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

In February 2002, Ziemba filed an amended § 1983 complaint, alleging violations of rights conferred under the Eighth and Fourteenth Amendments of the United States Constitution, as well as Connecticut state law. In the complaint, he alleges the following facts to support his claims: While was incarcerated at Cheshire Correctional Facility, he had filed an emergency grievance requesting that prison officials protect him from his cell mate, Patrick Wright, because Wright had a mental disorder and had a history of assaultive behavior and keeping weapons in his

cell. Prison officials took no measures to protect him, and, as a result, on September 9, 1997, Wright stabbed him. After the stabbing, he was placed in a stripped segregation cell, denied medical care, and threatened by a prison official, who also instructed other prison officials not to place any mention of the stabbing on the prison record.

Ziemba further alleges that he was taken to a holding cell at the Middletown Courthouse for a previously scheduled court appearance, at which time the courthouse sheriffs and other officials refused to allow Ziemba to appear in court due to his shocking condition; and that the Middletown Court officials ultimately telephoned Cheshire Correctional Facility in an attempt to assist Ziemba. Upon returning to Cheshire, Ziemba alleges, various officer defendants, in retaliation for the telephone call from Middletown, continued to detain him in segregation and refused him food and medical care.

Ziemba also alleges that prison officials escorted him to an empty shower room on September 12, 1997, and threatened him, intimidated him with police dogs, beat him, and sprayed pepper spray in his eyes and mouth. After the beating, Ziemba alleges, prison officials placed him in four-point restraints on a bed in the segregation unit, where he was denied medical care; the same day, prison

1   officials transferred him to Northern Correctional Facility,
2   where he was given medical attention after being observed by
3   the medical staff.
4       At his behest, Ziemba's family sent numerous complaints
5   regarding the above-described incidents to John Armstrong,
6   Commissioner of the Connecticut Department of Corrections,
7   which went unanswered and unreturned.  Ultimately, his
8   family initiated an FBI investigation.
9       The State of Connecticut answered Ziemba's amended
10  complaint, asserting, <u>inter alia</u>, that Ziemba had failed to
11  exhaust his administrative remedies, as the PLRA requires.
12  The State then moved for judgment on the pleadings.  Ziemba
13  opposed the Rule 12(c) motion, arguing (1) that the State
14  was precluded from asserting the exhaustion defense because
15  prison officials prevented Ziemba from exhausting his
16  administrative remedies by beating him, threatening him,
17  denying him grievance forms and writing implements, and
18  transferring him to another prison; (2) that his complaints
19  to the FBI constituted an informal exhaustion of his
20  administrative grievances sufficient to satisfy the PLRA's
21  exhaustion requirement; and (3) that, in any case, the
22  ongoing FBI investigation rendered his claims non-grievable
23  under Connecticut Department of Corrections Administrative
24  Directive 9.6.  On October 29, 2002, the district court

```
1    granted the State's motion for judgment on the pleadings and
2    dismissed Ziemba's § 1983 action for failure to exhaust.
3    Ziemba filed a timely appeal.
4
5                              DISCUSSION
6         We review a district court's judgment on the pleadings
7    de novo.  See King v. Am. Airlines, Inc., 284 F.3d 352, 356
8    (2d Cir. 2002).  "In deciding a Rule 12(c) motion, we apply
9    the same standard as that applicable to a motion under Rule
10   12(b)(6), accepting the allegations contained in the
11   complaint as true and drawing all reasonable inferences in
12   favor of the nonmoving party."  Burnette v. Carothers, 192
13   F.3d 52, 56 (2d Cir. 1999).
14        Under the PLRA, 42 U.S.C. § 1997e(a), "[n]o action
15   shall be brought with respect to prison conditions under
16   [section 1983], or any other Federal law, by a prisoner
17   confined in any jail, prison, or other correctional facility
18   until such administrative remedies as are available are
19   exhausted."  As the Supreme Court clarified in Porter v.
20   Nussle, 534 U.S. 516 (2002), "the PLRA's exhaustion
21   requirement applies to all inmate suits about prison life,
22   whether they involve general circumstances or particular
23   episodes, and whether they allege excessive force or some
24   other wrong."  Id. at 532.  Following the Nussle decision,
```

we held that "retaliation claim[s] fit[] within the category of 'inmate suits about prison life,' and therefore must be preceded by the exhaustion of state administrative remedies available." Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002). Accordingly, Ziemba's claims fall within the purview of the PLRA's exhaustion requirement.

However, on appeal, Ziemba argues that the State should have been estopped from asserting exhaustion as an affirmative defense. Although Ziemba did not use the technical term "estoppel" in the court below, we have reviewed the record on appeal and are satisfied that the argument was effectively presented to the district court when his counsel argued that Ziemba's inability to exhaust "was the direct result of the defendants' actions . . ."

It is now well-settled in this Circuit that exhaustion under the PLRA is not jurisdictional, see Richardson v. Goord, 347 F.3d 431, 434 (2d Cir. 2003), and that it is an affirmative defense, see Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d Cir. 1999). The Fifth Circuit has held that the PLRA's exhaustion requirement "may be subject to certain defenses such as [] estoppel." See Wright v. Hollingsworth, 260 F.3d 357, 358 n.2 (5th Cir. 2001); see also Lewis v. Washington, 300 F.3d 829, 834 (7th Cir. 2002) (finding the Fifth Circuit's ruling in Wright persuasive "because

6

nonjurisdictional prerequisites to suit in federal court are typically subject to equitable estoppel," but declining to decide whether the PLRA's exhaustion defense is subject to equitable estoppel because the prisoner did not satisfy the requirements for equitable estoppel).

As a matter of first impression in this circuit, we hereby adopt the holding of Wright, 260 F.3d at 358 n.2, and hold that the affirmative defense of exhaustion is subject to estoppel. Accordingly, because the district court erroneously did not address Ziemba's claim that defendants' actions may have estopped the State from asserting the exhaustion defense, we vacate and remand the decision of the district court.

On remand, the district court is directed to consider Ziemba's claim that estoppel bars the State's assertion of the exhaustion defense. Because such consideration will require the court to look beyond the pleadings and the documents attached to the pleadings, the district court must allow factual development and address the estoppel claim at the summary judgment stage. See Fed. R. Civ. P. 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all

1 parties shall be given reasonable opportunity to present all
2 material made pertinent to such a motion by Rule 56"); Fed.
3 R. Civ. P. 56.

4     We note that Ziemba also argues on appeal that his
5 complaints to the FBI, and the subsequent FBI investigation,
6 amounted to exhaustion of his administrative remedies. We
7 express no opinion here as to whether the FBI investigation
8 satisfies the exhaustion requirement. We observe, however,
9 that we have recently appointed counsel in a group of cases
10 to test the limits of unconventional exhaustion, which, when
11 decided, may prove relevant to the district court's analysis
12 of exhaustion on remand. See, e.g., Hemphill v. State of
13 New York, No. 02-0164; Abney v. Dep't of Corr., No. 02-0241;
14 Ortiz v. McBride, No. 02-0038; Johnson v. Reno, No. 02-
15 0145.

16
17 **CONCLUSION**
18     For the foregoing reasons and with the foregoing
19 instructions, the district court's order dismissing Ziemba's
20 suit is hereby VACATED and REMANDED.
21



## NORTHERN CORRECTIONAL INSTITUTION

**TO:** Inmate: Lopez, Ramon #261685 1E-218
**FROM:** Lead Warden Myers
**DATE:** September 6, 2002

**SUBJECT:** Grievance Restriction

---

This memo is to inform you that you have been placed on grievance restriction. Pursuant to Administrative Directive 9.6., Section 19). An inmate who files more than seven (7) grievances in any 60 day calendar period may be determined to be abusing the Inmate Grievance Procedure. A determination has been made that you may file one(1) grievance per month. You may file an emergency grievance if it fits the criteria of Administrative Directive 9.6. If it is found that you are abusing the emergency grievance procedure, the grievance will be returned to you unprocessed. This restriction is for a 6 month period and will be reviewed after 6 months.

The following grievances were received in a 60 day calender period beginning on 7/22/02:

141-2003-38 *1*
141-2003-51 *2*
141-2003-68 *3*
141-2003-89 *4*
141-2003-91 *5*
141-2003-103 *6*

In addition, grievances were received dated 8/2/02 and 8/7/02 which were returned to you in accordance with Administrative Directive 9.6., Section 10). A grievance may be returned without disposition to the inmate for failure to attempt Informal Resolution, or to adequately explain why a response to the Inmate Request Form is not attached, or for failure to comply with the provisions of subsections A through E of Section 10.

— *Addendum III* —

# CONNECTICUT DEPARTMENT OF CORRECTION
## NORTHERN CORRECTIONAL INSTITUTION

### INMATE REQUEST FORM

Date: 11-14-01

HOUSING UNIT: (I) II III  (Circle One)    (EAST) or WEST    Cell # 216

Inmate Name: Lopez Ramon    Number: 261-685

Request: Dear CC. Kay, The grievance coordinator refuses to answer my requests' and or refuses to provide me with level two grievance appeal forms. How can I get one if he doesn't respond to me? This is important!

(Continue on back if necessary)

Submitted to: Counselor - Kay    Date Received: _____

Acted on by: _____

Action taken and/or response: You need to address this with major Coates he maybe able to assist you in this matter

_Addendum IV_

Date of Response to Inmate: 11-15-01

Signature of Staff Member: [signature]

NCI 050