UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Hartford)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RAMON LOPEZ | * 3:02 CV 1020 (RNC) |
| | * |
| V. | * |
| | * |
| JAMES SMILEY, ET AL | * NOVEMBER 23, 2004 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION UNDER SEAL TO ORDER THE U.S. MARSHAL'S SERVICE TO SERVE SUBPOENAS FOR THE PLAINTIFF

Pursuant to the June 25, 2002 Order granting Mr. Lòpéz's motion to proceed In Forma Pauperis, the plaintiff moves this Court for an Order directing the U.S. Marshal's Service to serve the subpoenas attached hereto. At present, the originals of the subpoenas herein are in the possession of Deputy U.S. Marshal Russell Sinney who is located in the Hartford Federal Courthouse. Enclosed is a letter the undersigned sent to the U.S. Marshal's Service that accompanied the two subpoenas Marshal Sinney possesses.

The undersigned felt that give the fact that subpoenas must be personally served pursuant to Rule 46 FRCP, it would be more economical to have them served by the Marshal's Office. Given that there may be other subpoenas to serve, the undersigned requests that the Order indicate that the U.S. Marshals Service it is to serve subpoenas tendered by the undersigned in this case until further notice.

RESPECTFULLY SUBMITTED,

RAMON LOPEZ
THE PLAINTIFF

BY: _____
ATTY. ERSKINE D. McINTOSH
FEDERAL BAR NO. CT 09743
THE LAW OFFICES OF ERSKINE D. McINTOSH, P.C.
3129 WHITNEY AVENUE, SECOND FLOOR
HAMDEN, CT 06518-2364
(203) 787-9994
FAX (203) 848-1213

**COUNSEL FOR THE PLAINTIFF**

19 Motion-Seal US Marshals Subpoena Service

# THE LAW OFFICES OF ERSKINE D. MCINTOSH
### A PROFESSIONAL CORPORATION
3129 WHITNEY AVENUE, SECOND FLOOR
HAMDEN, CONNECTICUT 06518-2364

ERSKINE D. McINTOSH*

* ALSO ADMITTED TO DC BAR

TEL. (203) 787-9994
FAX (203) 848-1213

MAILING ADDRESS:
P.O. BOX 185789
HAMDEN, CT 06518-0789

November 18, 2004

Andrea Whitfield
U.S. Marshals Office
U.S. District Court
141 Church Street
New Haven, CT 06510

Re: Ramón A. Lòpéz v. James Smiley, et al

Dear Ms. Whitfield:

Enclosed are two subpoenas I am requesting be served by the U.S. Marshals Office for my client, Mr. Lòpéz. Also enclosed is a copy of the June 25, 2002 Order granting Mr. Lòpéz's motion to proceed In Forma Pauperis.

Unlike the service of Summons, subpoenas must be personally served upon the party named in the subpoena, hence these subpoenas cannot be mailed to the people to be served. I have also included a copy of the Practice Commentary dedicated to the mode of service.

I am certain that if one your deputy U.S. Marshals calls the two individuals named in the subpoenas and requests that they meet him at their place of employment I am sure they will comply.

Should you have any questions please do not hesitate to call upon me. With kindest regards, I am

Sincerely
Atty. Erskine D. McIntosh

cc: Ramón A. Lòpéz
Enclosures (4)

19 Lopez-U.S. Marshal

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF **CONNECTICUT**
(Hartford)

RAMON LOPEZ

## SUBPOENA IN A CIVIL CASE

V.

CASE NUMBER:[1]  3:02 cv 1020 (RNC)

JAMES SMILEY, et al

TO: LT. RAYMOND ROCHEFORT-(860-692-7505)-Investigations Unit, Security Division, Dept. of Correction, 24 Wolcott Hill Rd., Wethersfield, Ct.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): A COPY OF THE ENTIRETY OF THE D.O.C IVESTIGATION FILE CONCERNING Case No.: II 02-37, TOGETHER WITH ALL EVIDENCE OF IATEVER KIND AND/OR DESCRIPTION COLLECTED INCLUSIVE OF ALL STATEMENTS, MEMORANDA, CTURES, E-MAIL, AND/OR RECORDINGS OF WHATEVER KIND AND/OR DESCRIPTION.

| PLACE | DATE AND TIME |
| --- | --- |
| The Law Offices of Erskine D. McIntosh, P.C. 3129 Whitney Avenue, 2nd Floor, Hamden, Conn. 06518 | 12 -5 PM Thur., Dec. 2, 2004 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]* Attorney for the Plaintiff | 11/17/2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
ATTY. ERSKINE D. MCINTOSH, 3129 Whitney Avenue, 2nd Floor, Hamden, Ct. 06518
203-787-9994

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT
(Hartford)

RAMON LOPEZ

V.

JAMES SMILEY, et al

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1]   3:02 cv 1020 (RNC)

TO: **DET. NEVERILL COLEMAN**-(800-318-7633)-Investigation Section, Eastern District, Troop C, Connecticut State Police, 1320 Tolland Stage Road, Tolland, Conn.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): A COPY OF THE ENTIRETY OF STATE POLICE INVESTIGATION FILE CONCERNING CASE NO.: C-01-302562, TOGETHER WITH ALL EVIDENCE OF WHATEVER KIND AND/OR DESCRIPTION COLLECTED INCLUSIVE OF ALL STATEMENTS MEMORANDA, PICTURES, E-MAIL, AND/OR RECORDINGS OF WHATEVER KIIND AND/OR DESCRIPTION.

| PLACE | DATE AND TIME |
|---|---|
| The Law Offices of Erskine D. McIntosh, P.C. 3129 Whitney Avenue, 2nd Floor, Hamden, Conn. 06518 | 12 - 5 pm Thur., Dec. 2, 2004 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*   Attorney for the Plaintiff | 11/17/2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
ATTY. ERSKINE D. MCINTOSH, 3129 Whitney Avenue, 2nd Floor, Hamden, Ct. 06518
203-787-9994

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RAMON LOPEZ

v.

Case No. 3:02CV1020 (RNC) (DFM)

JAMES SMILEY
DENNIS OGLESBY
JOHN OULETTE
THOMAS COATES
MICHAEL LAJOIE
PETER MATOS
JACK TOKARZ
PATRICIA WOLLENHAUPT
C./O FARLEY
WILLIAM FANEUFF
LARRY MYERS
CHRISTINE WHIDDEN
LT. SALIUS
DENNIS COYLE
SAUNDRA KATZ-FEINBERG
JOHN ARMSTRONG

## ORDER

Plaintiff's Application To Proceed In Forma Pauperis having been granted, plaintiff is directed to complete the enclosed 285 U.S. Marshal service forms. Plaintiff is directed to complete one form to be served on defendants Myers, Coates, Whidden, LaJoie, Matos, Coyle, Tokarz, Feinberg, Wollenhaupt and Armstrong c/o Attorney General to be used to serve these defendants in their official capacities. The address for the Attorney General is 55 Elm Street, Hartford, CT 06105. The plaintiff is also directed to complete one 285 form for each defendant in his or her individual capacity. Plaintiff should use the addresses he has provided to the court in his complaint for

these forms. In addition, the plaintiff is directed to submit SIXTEEN copies of the complaint.

Plaintiff shall complete and return the enclosed forms and the copies of the complaint within twenty days of the date of this order. Plaintiff is cautioned that failure to return the forms and/or copies of the complaint in a timely manner to the Clerk at 915 Lafayette Boulevard, Bridgeport, CT 06604, may result in the dismissal of this case as to any defendant for whom a form and/or copy of the complaint is not returned, without prejudice and without further notice from this court.

Upon receipt of the Marshal forms, the Clerk is directed to forward the appropriate papers to the U.S. Marshal. The U.S. Marshal is directed to serve the complaint on each defendant in his or her individual capacity and on defendants Myers, Coates, Whidden, LaJoie, Matos, Coyle, Tokarz, Feinberg, Wollenhaupt and Armstrong in their official capacities.

SO ORDERED.

Entered in Bridgeport, Connecticut, this 12 of August, 2002.

Holly B. Fitzsimmons
United States Magistrate Judge

[left column — partially cut off]

the person commanded to pro-
order to compel the production.
ction shall protect any person
er of a party from significant
ction and copying commanded.
court by which a subpoena was
e subpoena if it

le time for compliance;

is not a party or an officer of a
more than 100 miles from the
ides, is employed or regularly
n, except that, subject to the
)(iii) of this rule, such a person
be commanded to travel from
te in which the trial is held, or
privileged or other protected
waiver applies, or

ndue burden.

trade secret or other confiden-
r commercial information, or
an unretained expert's opinion
g specific events or occurrenc-
from the expert's study made
ty, or

is not a party or an officer of
pense to travel more than 100
urt may, to protect a person
ubpoena, quash or modify the
whose behalf the subpoena is
ed for the testimony or mate-
met without undue hardship
to whom the subpoena is
compensated, the court may
on only upon specified condi-

ena.

bpoena to produce documents
kept in the usual course of
bel them to correspond with

a subpoena is withheld on a
bject to protection as trial

preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**(e) Contempt.** Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Dec. 29, 1948, eff. Oct. 20, 1949; Mar. 30, 1970, eff. July 1, 1970; Apr. 29, 1980, eff. Aug. 1, 1980; Apr. 29, 1985, eff. Aug. 1, 1985; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Dec. 1, 1991.)

## PRACTICE COMMENTARIES

*by David D. Siegel*

### TABLE OF CONTENTS

C45–1.    Introductory.

*Subdivision (a)*

C45–2.    Content of Subpoena; Form.
C45–3.    Subject Matter Scope of Subpoena.
C45–4.    Issuance; From What Court?
C45–5.    Who "Issues" Subpoena?
C45–6.    Document Production.
C45–7.    Inspection of Premises.

*Subdivision (b)*

C45–8.    Who Serves Subpoena?
C45–9.    Method of Subpoena Service.
C45–10.   When and Where Subpoena Returnable.
C45–11.   Attempt to By-Pass Notice Requirement.
C45–12.   Territorial Reach of Subpoena; Background.
C45–13.   Territorial Reach of Subpoena; Where to Serve Trial Subpoena.
C45–14.   Territorial Reach of Subpoena; Where to Serve Deposition and Pretrial Production Subpoena.
C45–15.   The 100–Mile "Bulge".
C45–16.   Requiring Nonparty to Appear in Distant Trial District.
C45–17.   Serving U.S. Citizen Outside Country.
C45–18.   Serving Parties with Notices of Subpoena; Proof of Service.
C45–19.   Fees and Mileage.

**Rule 45**                                                   RULES OF CIVIL PROCEDURE

### Subdivision (b)

#### C45-8. Who Serves Subpoena?

The subpoena may be served by any person over the age of 18 who is not a party to the action. That was so under subdivision (c) of the old Rule 45 and remains so under subdivision (b)(1) of the rule as amended in 1991. The prior rule also referred to the marshal. The amended rule drops the reference to the marshal, but, simply as a person over 18, a marshal or deputy can still serve the subpoena under the amended rule. That is, if the marshal is willing to. Nothing in the amended rule imposes this function on the marshal's office as any kind of duty.

The nonparty over 18 is also the one who may serve a summons under Rule 4(c)(2)(A).

Since a corporation is an entity distinct from its officers and staff, a corporate employee would apparently be able to serve a subpoena in behalf of the corporation. Rule 45 says nothing to indicate otherwise, but it may not be a good idea, at least as a general practice. Some lawyers prefer to use independent process servers in all circumstances just on the outside chance that an issue may arise about whether the subpoena was served, or was served properly, and the issue may turn in some measure on credibility. Their theory is that the testimony of an independent process server in such circumstances may come off a mite stronger than that of a party's officer or employee.

#### C45-9. Method of Subpoena Service.

Service of a subpoena is made "by delivering a copy" to the person named. That was the requirement before the 1991 amendment and it remains the requirement under subdivision (b)(1) of the amended Rule 45. <u>Personal delivery is the only method specified, and this differs substantially from service of the summons under Rule 4, for which a variety of methods are made available.</u> The recently adopted mail method for summons service, for example, which does not even entail use of a process server, Rule 4(c)(2)(C)(ii), is not available for subpoena service.

Mail would ordinarily be inadvisable even if it were available, especially when the return time of the subpoena is limited. (See Commentary C45-10 below on the return time of subpoenas.) The use of the mails delays the process, reducing the preparation time of the subpoenaed person (who may have to rearrange a schedule, prepare materials, etc.), and it consequently reduces the likelihood of a contempt penalty for disobedience by giving the witness excuses for non-compliance.

One immediate alternative for summons service under Rule 4(d)(1) is the delivery of the summons to a person of suitable age and discretion at the defendant's residence, but that alternative, too, is unavailable for subpoena service, either directly or even with a court order. See *Federal Trade Commission v. Compagnie de Saint-Gobian-Pont-A-Mousson*, 636 F.2d 1300 (D.C.Cir.1980). Lawyers report that this and other methods are nevertheless sometimes used when the witness can't be readily located, and that it frequently happens that the witness so served will honor the subpoena anyway, unaware of the service deviation, or, if aware of it, too intimidated to chance disobedience. Rule 45 authorizes

358

only "delivering" a copy, however, and the party relying on the subpoena had best be mindful that if the subpoenaed person has the courage to disobey the subpoena because of the defective service, the court is not likely to punish the disobedience; the defect is likely to be held jurisdictional.

At least when there is ample time for service before the subpoena is returnable (and there often is), it would of course be helpful to be able to use a method of service other than personal delivery, especially something like the delivering of the subpoena to someone at the witness's residence or place of business. Indeed, the fact that subpoena service is restricted to the method of personal delivery contributes to the situation, discussed in Commentaries C45–12 through C45–14 below, in which a witness may be able to frustrate all efforts to obtain his testimony just by remaining physically more than 100 miles from his residence or place of business. An effort by the revisors to expand the methods of service, at least in designated circumstances, would have been welcome. It was not to be, however, and personal delivery remains the sole method prescribed.

If a particular person in the employ of a corporation or other entity is the person sought as a witness, the subpoena should of course be delivered to that person, but if the corporation itself is the subpoenaed person, as on a subpoena duces tecum that seeks only materials and it doesn't matter who actually produces the materials, the subpoena can be directed to the corporation and served on any appropriate corporate agent. It is a good idea in that case to have the subpoena delivered to a person who could be served with a summons in the corporate (or other entity's) behalf, such as an officer or managing agent (see Rule 4[d][3]), which will clarify that the subpoena has reached someone of responsibility. Serving a person in some menial position in the corporate employ, while it may work, reduces the prospect of a contempt punishment for disobedience if the corporation should claim that it never got notice. The cited rule, Rule 4(d)(3), allows summons service on corporate agents designated by law, like certain state officials under state statutes, and some case law has also sustained subpoena service through such officials, but recourse to that should always be a last resort only.

Attorneys often report that here, too—as long as the intended person, corporate or otherwise, has gotten the requisite notice—subpoenaed persons often respond to the subpoena on the merits without making an issue of the method of service. It is often economically better to do that. If they choose instead to make a motion to quash, for example, attorneys understand, rightly, that the motion will cost time, effort, and money, and that even if it is granted the seeking party will often just turn around and serve the subpoena again, with the service defect cured. Their attitude is that there's nothing to be gained; that it's better to respond to the subpoena without raising these technical objections.

Service of the subpoena on a witness's attorney is not permissible, even if the attorney-client relationship is known, and this is so of individual as well as corporate subpoenas. Hence the effort must be made to serve the party.

**Rule 45** RULES OF CIVIL PROCEDURE

Rule 45(b)(1) also addresses the situation in which the subpoena is a duces tecum subpoena being served on a nonparty for the production of documents, the inspection of premises, etc. It requires that notice of such production or inspection also be given to each party. The notice served on the party need only follow the Rule 5(b) methods of service, however, which are the usual intra-action methods used for serving non-jurisdictional papers. Among those methods is the commonly used ordinary mail to the party's attorney.

A party is also entitled, of course, to notice of a deposition being set up of a nonparty witness (on whom the ordinary testimonial subpoena is used). The procedure for notifying the parties of a nonparty's deposition comes directly from Rule 30 and is therefore not addressed in Rule 45.

Fees in the proper sum must accompany the subpoena. Fees are discussed in Commentary C45-19 below.

### C45-10. When and Where Subpoena Returnable.

There is no specific time period set forth in Rule 45 for when the subpoena is returnable, i.e., for the notice time the recipient must be given before compliance is called for. The bar understands the rule to be that a "reasonable" time must be allowed, and the 1991 amendment makes no change on that front. Under subdivision (c)(3)(A)(i), for example, one of the grounds for quashing a subpoena is that it "fails to allow reasonable time for compliance". What is reasonable is not defined. It depends on the circumstances.

Some lawyers try to give at least 10 days notice time as a rule of thumb, giving less only when it is unavoidable. Others report using five days as a general standard. Still others report that as long as the time is available, they will give notice time of 30, or even 45 days. That may be a lot easier to do on subpoenas seeking a deposition or a pretrial production of documents than on trial subpoenas, at least where the trial date has not been rigidly set. And even when it has been, it can be changed on any of a variety of contingencies, all of them of course requiring that previously subpoenaed persons be notified of the change.

There are instances when notice of only a day or two will be possible, of course, and some lawyers report having sometimes had to use a "forthwith" subpoena, as when the need of something comes up without warning right in the middle of a complicated trial. Whether any of these shortened return times is "reasonable" depends on the context, and the court will of course be the judge of that if the point should arise, as on a motion to quash, for example, or to punish for contempt.

From the witness's point of view, it remains safer to move to quash the subpoena if it is claimed that there is inadequate time to meet its requirements, as where it is a subpoena duces tecum requiring the production of materials that the witness has not been allowed enough time to gather up. Subdivision (c)(2)(B) even has a special remedy for subpoenaed persons in that situation, sparing them altogether the need to take the initiative of a court application. It provides, as subdivision (d)(1) of the prior rule did, that

360

---

POENA

the subpoenaed person need only designated in the subpoena a "writ of the documents: the mere service initiative to the party in whose bel move to compel compliance.

The subpoenaed person who fail move to quash or modify the subp application without a defense, unle that there was not even an opportu objection to the subpoena.

The specific date and time of re appropriate box allotted to it on th

There is also a box entitled "pl paragraphs on the subpoena form. as specific as possible in filling i with the subpoena should not be l it's a subpoena seeking trial testim identify and include the address very courtroom involved if it is po it's a duces tecum subpoena seekir or things for the trial, designation as long as the return time is set fo Otherwise the issuer should asce courthouse it is customary to have other subpoenaed items, and desig ber or other identification).

The same applies to the depo subpoena. If a deposition is to tal example, the lawyer's address inc should be included. When both t documents or other things are sor subpoena can just repeat in the pr specified in the testimonial clause.

Under the 1991 amendment of i uments and things even from a independently of a deposition. There, too, of course, the specific p forth. And the issuer of the subpo to give all other parties timely noti ings, including, as required by sut the pretrial subpoena duces tecum. carry heavy consequences. See Cc

### C45-11. Attempt to Bypass Notic

A clear theme present in Rule Federal Rules of Civil Procedure (th Rules 26 through 37) is that any di or nonparty, that has to enlist judic done on notice to all other parties those who have appeared in the Federal Rules of Civil Procedure notice requirement through any su

361