UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON LOPEZ | : | CIV. NO. 3:02CV1020(RNC)(DFM) |
| v. | : | |
| JAMES SMILEY, ET AL. | : | JANUARY 19, 2005 |

### MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS AND MOTION FOR PROTECTIVE ORDER

    This case is a civil rights action by Inmate Ramon Lopez against several officials of the Connecticut Department of Correction alleging, inter alia, excessive force in an incident where plaintiff was spitting at the defendant Officer James Smiley at the Northern Correctional Institution in September, 2001.  That incident was the subject of a DOC Security Division report and a State Police report on complaint of Inmate Lopez.  Plaintiff's counsel has prepared subpoenas to have the reports sent to his office.  See Subpoenas, Exhibits A and B.  We urge the court to quash the subpoenas, and issue a protective order banning plaintiff from obtaining the records.

    During the course of this litigation, plaintiff earlier requested this same material in discovery.  Defendants issued timely objections to parts claimed to be privileged, and produced redacted copies of the remainder deemed unobjectionable.  Plaintiff moved to compel production of the undisclosed materials, and the court, on July 23, 2004, issued orders denying plaintiff's motion in most respects.  Some parts were ordered disclosed pursuant to protective orders, and others were ordered to be supplied to the court for in camera inspection.  See Orders, Exhibit C.  Defendants are in compliance with all orders of the court.  No decision has been rendered yet on the material supplied in camera.

If the records are supplied under plaintiff's subpoenas, the disclosure will evade all of defendant's claims of privilege despite their timely filed objections, and disclosure will render useless of the court's previous rulings denying disclosure to plaintiff. The plaintiff's effort should not be permitted.

As defendants have previously and repeatedly pointed out, the records contain information disclosing the identity of inmate informants, the disclosure of which would jeopardize security; contain personal information about inmates and staff, the disclosure of which jeopardizes security and invades privacy; contain disciplinary work history which the court is holding in camera pending further decision; and contain videotape evidence which the court has allowed to be disclosed only pursuant to protective order, if at all. Also, at this point in the litigation, the subpoena effort is redundant to previous discovery, covers subjects dismissed from the lawsuit by previous orders of the court, and attempts to obtain information that the court has previously, and expressly, denied.

Accordingly, we urge the court to quash the subpoenas, and bar the plaintiff from any similar future efforts.

        DEFENDANTS
James Smiley, et al. and Department of Correction and Connecticut State Police

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____/s/_____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05222
Tel:  (860) 808-5450
Fax:  (860) 808-5591
Robert.Vacchelli@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 19th day of January, 2005.

Erskine D. McIntosh, Esq.
Law Offices of Erskine D. McIntosh, P.C.
3129 Whitney Avenue, Second Floor
Hamden, CT 06518-2364

Ramon Lopez # 261685
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT 06071

_____/s/_____
Robert F. Vacchelli
Assistant Attorney General