UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON LOPEZ | : | NO. 3:02CV1020(MRK) |
| | : | |
| VS. | : | |
| | : | |
| JAMES SMILEY, ET AL. | : | MARCH 21, 2005 |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO ADD ADDITIONAL DEFENDANTS AND AMEND THE PROPOSED SECOND AMENDED COMPLAINT

By pleading dated March 7, 2005, the plaintiff inmate in the above case seeks to amend his complaint to add 20 more Department of Correction defendants in two additional factual events. The proposed complaint is titled "Second Amended Complaint", but by our count, this is plaintiff's seventh effort to amend his complaint. We urge the court to deny the request at this late date.

Concerning the first additional factual event, plaintiff seeks to amend the complaint to add allegations against Dennis Oglesby, Captain William Faneuff, Grievance Coordinator John Oulette, Nurse Lynn Nordell, C.O. Ron Young, Warden Larry Myers, Major Thomas Coates, Major Michael Lajoie, Deputy Commissioner Peter Matos, Nurse Practitioner Sondra Katz-Feinberg[1], Medical Supervisor Patricia Wollenhaupt, and Captain Michael Zacharewicz,

---

[1] Nurse Katz-Feinberg died on February 18, 2004, during the pendency of this case. Plaintiff's Motion to Substitute her estate was denied on October 5, 2004. See Ruling, Docket No. 104, p.3, Attachment B. No new Motion has been filed.

concerning alleged events at the Northern Correctional Institution on August 31 and September 5, 2001, when plaintiff alleges he was assaulted by the defendant, C.O. James Smiley.

The District Court dismissed these same claims and defendants from the case in a decision dated September 22, 2003. See Ruling, Docket No. 39, Attachment A. After another Motion to Amend, the court mostly denied plaintiff's effort to amend the complaint to repeat the allegations by decision dated October 5, 2004. See Ruling, Docket No. 104, Attachment B. Notwithstanding these two rulings, plaintiff has asked for reconsideration. See Motions, Docket Nos. 108, 109. Defendants opposed the requests, and those matters are pending decision. Thus, plaintiff's present effort to amend his complaint on these points is his seventh. See Docket Nos. 16, 38, 55, 68, 108, 109, 147. It comes after the court has twice denied his effort to litigate against these defendants on these points. No new arguments are made justifying the repeat request. We urge this court to deny the request for the same reasons given in the past.

Concerning the second new factual event, plaintiff seeks to add allegations of retaliation against all of the current defendants, against the 12 proposed new defendants mentioned above, plus against 8 more proposed new defendants: Warden James Dzurenda, C.O. Joseph Sikora, Lt. Robert Melms, Lt. R. Blanc, Investigator Brenda Toma, C.O. Anderson, Captain Saundry and Director of Offender Classification and Population Management Frederick J. Levesque, essentially complaining that officers moved him, purportedly for medical and mental health and safety concerns, after he reported having chest pains and apprehension, on January 29, 2005 in Cheshire Correctional Institution, after seeing a TV news story about himself being an informant

in the Michael Ross execution case. <u>See</u> proposed paras. 70-93. It is too late in the progress of this case to add these claims now.

In the instant case, the defendants closed the pleadings, filing their Answer with Affirmative Defenses on October 17, 2003. Docket No. 40. Discovery was ordered to end by February 1, 2004. <u>See</u> Scheduling Order, Docket No. 47. After the court permitted part of plaintiff's Motion to Amend in the decision in Attachment B, the defendants again filed their Answer with Affirmative Defenses on October 154, 2004. Docket No. 107. Defendants have been accommodating to all of plaintiff's requests for additional time to prepare his prosecution of the case, and discovery is now scheduled to conclude on April 29, 2005, with trial in June or early July. However, plaintiff now seeks to add new claims and more defendants concerning events occurring on January 29, 2005, in a different prison, over 3 years after the events in the original complaint. It prejudices the defendants the be compelled to conduct discovery and prepare to litigate completely new claims of retaliation with only one month left to conduct discovery. Considering the fact that the undersigned has numerous other cases pending and is scheduled to start a jury trial on March 22, 2005 before Judge Eginton in Bridgeport Federal Court (Gibson v. Brooks, et al., No. 3:02CV1592 (WWE)), precious little time is left to prepare the instant case for trial which cannot be put on hold to investigate new claims. Defendants have already deposed plaintiff and shared with plaintiff's counsel a pretrial memo with witness and exhibits identified and jury instructions. Defendants would be prejudiced to start over now.

After responsive pleadings have been filed, subsequent amendments are possible only with leave of the court, but such leave "shall be freely given when justice so requires." Rule 15(a), F.R.Civ.P. In general, district courts should not deny leave unless there is a substantive reason to do so, such as excessive delay, prejudice to the opposing party, or futility. See, Jones v. N.Y. Div. of Military and Naval Affairs, 166 F.3d 45, 50 (2nd Cir. 1998) (futility); MacDraw, Inc. v. CIT Group Equip. Fin. Inc., 157 F.3d 956, 962 (2nd Cir. 1998) (per curiam) (delay or prejudice).

The imposition of last minute discovery burdens and trial preparation demands are grounds for denial of a motion to amend. Cf. Absher v. Flexi Int. Software, Inc., 2003 U.S. Dist. LEXIS 6089 (D.Conn. 2003); Bayonne v. Pitney Bowes, Inc., 2004 U.S. Dist LEXIS 602 (D.Conn. 2004). Plaintiff is free to pursue his retaliation claims in a separate lawsuit, subject, of course, to defendants defenses. See, Soares v. University of New Haven, 175 F.Supp.2d 326 (D.Conn. 2001).

Also, a Motion to Amend can be denied where the proposed amendment would be futile because it fails to state a claim. See, e.g. Platsky v. CIA, 953 F.2d 26, 29 (2nd Cir. 1991) (per curiam). It need not be granted where it would be futile, Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2nd Cir 1999); Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2nd Cir. 1991); Katzman v. Khan, 67 F.Supp. 2d 103 (E.D.N.Y. 1999); Tri-State Judicial Services, Inc. v. Markowitz, 624 F.Supp. 925, 926 (E.D.N.Y. 1985).

Plaintiff, in paras. 70-93 of his proposed Second Amended Complaint, alleges that all of these defendants, including the nurse who died in February, 2004, conspired to retaliate against him for telling Judge Chatigny, in January, 2005, that death row inmate Michael Ross told plaintiff he really did not want to die.  See L. Tuohy and E. Mahony, Execution Is In Legal Limbo, Hartford Courant, p. 1 (January 30, 2005); proposed Second Amended Complaint, paras. 72, 90.  Also, he alleges that C.O. Anderson would not give him a grievance form to permit him to exhaust his administrative remedies, a prerequisite for lawsuit under the Prisoner Litigation Reform Act (PLRA), stating, "The thing with you and Smiley is not over yet.  Watch your back." Id, para. 85.  He also claims Captain Saundry refused to give him a grievance form, stating, "You'll shut the fuck up or you'll catch a series tickets to send you back to Northern C.I., Connecticut's "super maximum security jail.""  Id at para. 87.  He does not explain why his attorney could not give him one, or his counselor, or any of the other staff members.

In this Circuit, allegations of verbal harassment are insufficient to bring a § 1983 claim if no specific injury is alleged.  See Purcell v. Coughlin, 790 F.2d 263, 265 (2nd Cir 1986) ("The claim that a prison guard called Purcell names did not allege any appreciable injury and was properly dismissed"); Shabazz v. Pico, 994 F.Supp. 460, 474 (S.D.N.Y. 1998)(finding that a claim for verbal harassment may be sustained if emotional or psychological injury is alleged, but stating "that plaintiff's allegations of any psychological and emotional scars attributable to defendants conduct to be de minimis under the facts of this case.").

Moreover, in order to state a retaliation claim under § 1983, the plaintiff must allege that the defendant (1) acted under color of state law and (2) deprived him of a constitutionally protected right." Washington v. James, 782 F.2d 1134, 1138 (2nd Cir. 1986). The gravamen of plaintiff's proposed second amended complaint in this factual circumstance is interference with his right to access to the court. Prisoners have a constitutional right of access to the courts, which is infringed when prison officials interfere with a prisoner's preparation of legal documents. See Lewis v. Casey, 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Lewis v. Casey firmly establishes that a plaintiff must suffer an actual injury. Lebron v. Armstrong, 289 F.Supp.2d 56, 60 (D.Conn. 2003); Smith v. Armstrong, 968 F.Supp. 40, 47 (D.Conn. 1996). Considering the volume of litigation in the instant case, any suggestion that plaintiff's ability to litigate has been chilled is absurd. Also, deliberate obstruction to access to the grievance system, if proven, can be a grounds for estoppel against enforcement of the PLRA requirement in this circuit. See Ziemba v. Wezner, 366 F.3d 161, 163 (2nd Cir. 2004).

Also, plaintiff's effort to infuse this case with claims of Connecticut Constitutional causes of action should be rejected. As has been fully brief repeatedly elsewhere, the Connecticut Constitution does not give plaintiff a cause of action for money damages against these state officials. At most, our Connecticut Supreme Court has created a cause of action for egregious, illegal, warrantless search and seizure by local police. See Defendants' Memorandum filed November 11, 2004, Docket No. 114.

Moreover, to the extent that plaintiff raises novel and complex issues of Connecticut Constitutional law unrelated to the September 5, 2001, excessive force federal issue permitted in this case, the claims are not "part of the same case or controversy" eligible for litigation under the court's supplemental jurisdiction in 28 U.S. C. § 1367(a).  The permitted claims in this case concern an alleged use of excessive force to control the plaintiff who was spitting at officer Smiley on September 5, 2001, at the Northern Correctional Institution in Somers, CT.  Plaintiff's Connecticut Constitutional retaliation claims are separated from the main issue in this case by many miles, many years, and invent, at best, some novel issues of unsettled state constitutional law.   Under these circumstances, it is appropriate to decline to exercise supplemental jurisdiction even where some federal law claims remain.  See, e.g. Lajoie v. Conn. State Bd. of Labor Relations, 871 F.Supp. 550, 553 (D.Conn. 1994).  Jurisdiction is also often declined to avoid construction of a state constitutional provision. 28 U.S.C. § 1367(c)(1); Sullivan v. Metro-North RR Co., 179 F. Supp. 2d 2, 6 (D.Conn. 2002) citing Young v. New York City Trans. Auth. 903 F.2d 146, 164 (2nd Cir 1990).

For all of the foregoing reasons, we urge the court to deny plaintiff's Motion to Add Additional Defendants and Amend the Proposed Second Amended Complaint.

DEFENDANTS,
James Smiley, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____/s/_____
Robert F. Vacchelli
Assistant Attorney General
Federal Bar No. ct05222
110 Sherman Street
Hartford, CT  06105
Telephone No. (860) 808-5450
Fax No. (860) 808-5591
E-Mail:  robert.vacchelli@po.state.ct.us


**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 21st day of March, 2005:

Erskine D. McIntosh, Esq.
Law Office of Erskine D. McIntosh, P.C.
3129 Whitney Ave., Second Floor
Hamden, CT 06518-2364

Ramon Lopez #261685
Cheshire Correctional Institution
900 Highland Ave.
Cheshire, CT 06410


_____/s/_____
Robert F. Vacchelli
Assistant Attorney General