3q

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

22 P 3:41

COURT
HARTFORD CT

RAMON LOPEZ,

      Plaintiff,

v.

JAMES SMILEY, ET AL.[1]

      Defendants.

PRISONER
CASE NO. 3:02CV1020 (RNC)

## RULING AND ORDER

Plaintiff Ramon Lopez ("Lopez"), a Connecticut inmate proceeding pro se, brings this action pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988 against officials and employees of the Connecticut Department of Corrections (DOC), charging them with excessive force and deliberate indifference in violation of the Eighth Amendment, interfering with his right to petition the government, violating his right to due process, and various violations of state law, in connection with two incidents in which Lopez allegedly was assaulted by defendant James Smiley, a correctional officer. Defendants have moved to dismiss the complaint and Lopez has moved for permission to file an amended

---

[1] The named defendants are Commissioner John Armstrong, Deputy Commissioner Jack Tokarz, Deputy Commissioner Peter Matos, Deputy Commissioner Dennis Coyle, Warden Larry Myers, Major Christine Whidden, Major Thomas Coates, Major Michael Lajoie, Captain William Faneuff, Captain Michael Zacharewicz, Lieutenant Dennis Oglesby, Lieutenant Scott Salius, Correctional Officer James Smiley, Correctional Officer Winston Farley, Correctional Officer Ron Young, Correctional Officer Dan Stewart, Correctional Officer John Galinsky, Grievance Coordinator John Oulette, Medical Supervisor Patricia Wollenhaupt, Nurse Lynn Nordell, and Nurse Saundra Katz-Feinberg.

memorandum in opposition to the motion to dismiss.  Lopez's

motion is granted.  In his motion, Lopez seeks to withdraw his

claims against Tokarz, Zacharewicz, Coates, Lajoie and Whidden.

Accordingly, the claims against these five defendants are

dismissed without prejudice.  Defendants' motion to dismiss is

granted in part and denied in part for the reasons set forth

below.

I.    FACTS

For the purpose of ruling on the motion to dismiss, the

following facts are accepted as true.

On August 31, 2001, Smiley accused Lopez and his cellmate of

flooding the tier.  Smiley entered Lopez's cell, handcuffed him,

then struck him in the face with a flashlight.  Smiley issued

false disciplinary and incident reports to cover-up the assault.

Prison staff initially ignored Lopez's request for medical

attention.  After Lopez handed a grievance to Faneuff regarding

the incident, Faneuff arranged for Nordell to treat his injuries.

Faneuff issued a false disciplinary report about Lopez's conduct,

and Nordell falsified information in the medical incident report.

On September 5, 2001, Farley took Lopez into the a cell with

no surveillance camera.  Smiley entered, hit and choked Lopez,

and threatened him with retaliation if he took any action

regarding the prior incident.  Lopez then spat in Smiley's face.

In response, Smiley bashed Lopez's head into the wall.  Farley,

Salius, Galinsky and Stewart failed to intervene to protect

Lopez, and they, along with Young and Coates, deliberately

falsified or omitted evidence in their reports about the incident. After treating Lopez for his injuries, Katz-Feinberg and Wollenhaupt falsified the medical incident report by minimizing the injuries.

Lopez filed a grievance concerning the September 5, 2001 assault, which Myers denied. Lopez appealed, but Oulette denied receiving the appeal and told Lopez it was too late to resubmit one. Lopez notified Matos about the appeal and Armstrong about the assault, but neither of them took any action.

Lopez was issued a disciplinary report for spitting on Smiley. Myers refused to allow Lopez to attend the hearing on the matter. The disciplinary hearing officer found Lopez guilty and sanctioned him to a loss of various privileges and thirty days in segregation.

II. DISCUSSION

Defendants raise the following grounds in support of their motion to dismiss: (1) the damages claims against them in their official capacities are barred by the Eleventh Amendment; (2) Lopez failed to exhaust administrative remedies before filing suit; (3) Lopez has failed to state a claim upon which relief may be granted; (4) Lopez has failed to allege facts demonstrating personal involvement on the part of Coyle, Myers, Armstrong, and Oglesby; and (5) defendants are entitled to qualified immunity.[2]

---

[2] Defendants also argue that Lopez's request for injunctive relief is speculative. Of the four requests for injunctive relief, two remain after the disposition of this motion--
(continued...)

3

A.    Eleventh Amendment

Generally, a suit for money damages may not be maintained against a state, or against any agency or department of a state, unless the state waives its sovereign immunity under the Eleventh Amendment.  This immunity also covers state officials sued for damages in their official capacities.  Kentucky v. Graham, 473 U.S. 159, 169 (1985).

Lopez's complaint requests money damages, as well as declaratory and injunctive relief.  Therefore, the motion to dismiss is granted as to all damages claims against the defendants in their official capacities.

B.    Exhaustion of Administrative Remedies

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a),[3] requires that prisoners exhaust administrative remedies before filing a suit in federal court concerning prison conditions. This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  The

---

[2](...continued)
ordering that Lopez be transferred to another correctional facility and that surveillance cameras be installed.  Based on the facts alleged, I conclude that it is premature to dismiss Lopez's requests for injunctive relief.

[3]    42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

exhaustion requirement applies even if the inmate may not obtain the specific relief he desires through the administrative process.  See Booth v. Churner, 532 U.S. 731, 741 (2001).

The DOC has established a three tier administrative process for handling inmate grievances.  Under § 6(A)(5) of DOC's Administrative Directive 9.6, "matter[s] relating to access to privileges, programs and services, conditions of care or supervision and living unit conditions within the authority of the [DOC]" are grievable.

Lopez has not exhausted his administrative remedies with respect to the claims arising from the alleged assault of August 31, 2001.  He alleges that he handed a grievance to Faneuff (Pl's Compl. ¶ 38), but he does not allege that he filed a stage two appeal from either the denial of the grievance or the failure of prison officials to respond to the grievance.

Lopez has adequately alleged exhaustion of administrative remedies with respect to some of the claims arising from the alleged assault of September 5, 2001.  Exhibits attached to his complaint demonstrate that he filed a grievance regarding the assault and failure to protect, inquired about his appeal from Myers' denial of the grievance, was told no appeal had been received, and was advised that the time to resubmit one had expired.  Lopez further alleges that he sent a letter to Armstrong concerning the incident.  This is sufficient to demonstrate exhaustion of administrative remedies as to the claims of excessive force and failure to protect in the incident

of September 5.

Administrative remedies regarding his other claims arising from the September 5 incident do not appear to have been exhausted.  He does not allege that he filed grievances regarding the falsified incident or medical reports or inadequate medical care related to the September 5 incident.  Nor does he allege that he appealed from the guilty finding at his disciplinary hearing, although Administrative Directive 9.5, § 40 provides for appeal.

Accordingly, defendants' motion to dismiss for failure to exhaust administrative remedies is granted as to all claims related to the August 31, 2001, incident and the claims addressing the incident reports, medical reports, medical care and disciplinary hearing related to the September 5, 2001 incident.  As a result of this ruling, the case must be dismissed as to Ogelsby, Faneuff, Young, Nordell, Katz-Feinberg and Wollenhaupt.[4]

C.    Failure to State a Claim

An essential element of a cause of action under §§ 1981, 1985 (3) and 1986 is the requirement that defendants' conduct was motivated by race or otherwise "class-based, invidious discriminatory animus."  Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087-88 (2d Cir. 1993).

_____

[4]  This leaves Lopez's first, third, fourth, eighth and ninth causes of action, but only as they pertain to the incident of September 5, 2001.

Plaintiff's complaint alleges no facts regarding any class-based discriminatory motive. Accordingly, these claims are dismissed without prejudice.[5]

Defendants challenge the legal sufficiency of Lopez's failure to protect claim based on the incident of September 5, 2001. Lopez alleges that Farley and Salius saw Smiley viciously assault him to the point where he was nearly rendered unconscious yet failed to intervene. (Pl' Compl. ¶¶ 45-51) He also alleges that "other correctional officers" used excessive force to re-apply his leg irons and specifically alleges that Galinsky and Stewart failed to stop Smiley from re-entering the cell to continue the assault. (Pl' Compl. ¶¶ 53, 57) These allegations are sufficient to state a claim for failure to protect.

Defendants also challenge the sufficiency of Lopez's claim that Matos and Oulette interfered with his appeal of the denial of his grievance regarding the September 5 incident in order to deny him access to the courts. Intentional obstruction of the right to petition for redress of grievances is actionable under § 1983. Graham v. Henderson, 89 F.3d 75, 80 (1996). However, to be actionable, the obstruction must cause "actual injury." See Lewis v. Casey, 518 U.S. 343, 349 (1996). Lopez will have an opportunity to litigate his claims based on the September 5 incident. Accordingly, the motion to dismiss is granted as to

---

[5] Although defendants did not seek dismissal of these claims, the court has an independent obligation under 28 U.S.C. § 1915(d) to review the complaint for claims without merit.

Lopez's claim against Oulette and Matos.

D.    Personal Involvement of Armstrong, Coyle, and Myers

To state a § 1983 claim against Armstrong, Coyle or Meyers, Lopez must allege that they were personally involved in the alleged wrongdoing or contributed in some way to causing Lopez's alleged injuries.  See Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  His allegations do not satisfy this test.  He alleges no facts concerning Coyle and his allegations concerning Armstrong and Myers merely allege that they received notice of the September 5 incident after it occurred.  (Pl's Compl. ¶¶ 65, 69; Pl's Ex. Q) Accordingly, the claims against these defendants must be dismissed.

E.    Qualified Immunity

Defendants' motion to dismiss based on the affirmative defense of qualified immunity is denied without prejudice.  In September 2001, it was clearly established that using force maliciously or sadistically for the purpose of causing harm violates the Eighth Amendment.  See Hudson v. McMillian, 503 U.S. 1, 8-9 (1992): Blyden v. Mancusi, 186 F.3d 252, 263 (2d Cir. 1999).  It was also clearly established that prison officials may violate the Eighth Amendment by failing to protect inmates from a serious risk of harm.  See Farmer, 511 U.S. 825, 833 (1994). Crediting Lopez's allegations, no reasonable officer could think that Smiley's conduct in assaulting Lopez to the point of semi-consciousness was lawful or that the other defendants had no duty

to intervene to protect Lopez against the assault.

III.    CONCLUSION

Accordingly, defendants' motion to dismiss is granted with regard to all claims against defendants Tokarz, Zacharewicz, Coates, Lajoie, Whidden, Ogelsby, Faneuff, Young, Nordell, Katz-Feinberg, Wollenhaupt, Oulette, Matos, Coyle, Armstrong and Myers; all claims against all defendants under 42 U.S.C. §§ 1981, 1985, and 1986; and all claims under § 1983 seeking money damages against defendants in their official capacities.  The motion is denied with regard to the remaining claims under § 1983 and state law based on the incident of September 5, 2001.

So ordered.

Entered in Hartford, Connecticut, this 22nd day of September 2003.

_____
Robert N. Chatigny
United States District Judge