UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON LOPEZ | : | CIVIL NO. 3:02CV1020 (MRK) |
| v. | : | |
| JAMES SMILEY, ET AL. | : | AUGUST 29, 2005 |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND CONFORMING COMPLAINT DATED AUGUST 20, 2005
WITH AFFIRMATIVE DEFENSES**

**Preliminary Statement**

1. The defendants deny plaintiff's Preliminary Statement.

**COUNT ONE**

**Jurisdiction**

1. Paragraphs 1 and 2 are denied.

**The Parties**

1. As to paragraph 3, the defendants admit that the plaintiff was, at all times, referenced in the Second Conforming Complaint, an unsentenced inmate incarcerated at the Northern Correctional Institution in Somers, Connecticut. He is now a sentenced inmate. The rest and remainder of the allegations are denied.

2. As to paragraph 4, the defendants admit that the defendants Smiley, Farley, Oglesby, Faneuff, Oulette, Galinsky, Stewart, Nordell, Young, Myers, Coates, Salius, Lajoie, Matos, Wollenhaupt and Zacharewicz were, at different times referenced in the Conforming

Complaint, employees and officials of the Connecticut Department of Correction.  The rest and remainder of the allegations are denied.

      3.      As to paragraph 5, the defendants admit that they acted under color of state law at all times referenced in the Second Conforming Complaint.  The rest and remainder of the allegations are denied.

      4.      Paragraphs 6-8 are denied.

**Facts**

      1.      As to paragraphs 9-28, the defendants admit that on August 31, 2001, the plaintiff, while incarcerated at the Northern Correctional Institution, poured water down his air vent and covered the window of his cell to block officers from looking into his cell, and that he received and was found guilty on disciplinary reports for those violations of the Department of Correction's Code of Penal Discipline.  The rest and remainder of the allegations are denied.

      2.      As to paragraphs 29-73, the defendants admit that on September 5, 2001, while in the admitting and processing area of the Northern Correctional Institution, the plaintiff assaulted the defendant Smiley, spitting in his face, and that the plaintiff received and was found guilty on a disciplinary report for assault on a DOC employee in that matter.  The rest and remainder of the allegations are denied.

**COUNT TWO**

      1.      Paragraphs 1 and 2 are denied.

      2.      The defendants' answers to paragraphs 3-73 of Count One are incorporated by reference and are hereby made answers to paragraphs 3-73 of Count Two.

      3.      Paragraphs 74 and 75 are denied.

## AFFIRMATIVE DEFENSES

### As To All Counts

### FIRST AFFIRMATIVE DEFENSE

The allegations of the Second Conforming Complaint do not state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that this case is effectively against state officials and employees in their official capacities, it is barred by the Eleventh Amendment to the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant to this lawsuit, the defendants acted within the scope of their duties as officials/employees of the State of Connecticut performing discretionary functions and they acted within their immunity.

### FOURTH AFFIRMATIVE DEFENSE

The defendants, at all times relevant to the Second Conforming Complaint, were state officials/employees and their conduct was not wanton, reckless or malicious, and was caused in the discharge of their duties or within the scope of their employment. They are, therefore, immune from liability pursuant to Conn. Gen. Stat. § 4-165 and under the doctrine of sovereign immunity and their common law privileges and immunities.

### FIFTH AFFIRMATIVE DEFENSE

As to all claims alleging state law causes of action, such may only be maintained upon authorization by statute or by order of the State Claims Commissioner, and since the plaintiff has not and cannot demonstrate authority or authorization, this action is barred by the doctrine of

sovereign immunity, the doctrine of primary jurisdiction and for failure to exhaust administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

The Federal Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to exhaust his administrative remedies required by federal law.

DEFENDANTS
James Smiley, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____/s/_____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05222
E-Mail:  robert.vacchelli@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 29th day of August, 2005:

Erskine D. McIntosh, Esq.
Law Offices of Erskine D. McIntosh, P.C.
3129 Whitney Avenue, Second Floor
Hamden, CT  06518-2364

Ramon Lopez #261685
Bridgeport Correctional Center
1106 North Avenue
Bridgeport, CT  06604

                                              _____/s/_____
                                              Robert F. Vacchelli
                                              Assistant Attorney General