UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(New Haven)

United States District Court
District of Connecticut
FILED AT NEW HAVEN
april 11, 2006
Kevin F. Rowe, Clerk
By _____
Deputy Clerk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RAMON LOPEZ                          *
                                     *   3:02 CV 1020 MRK)
V.                                   *
                                     *   APRIL __, 2006
JAMES SMILEY, ET AL                  *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## APPLICATION FOR WRIT OF HABEAS CORPUS

**TO THE HONORABLE U.S. DISTRICT COURT, WITHIN AND FOR THE DISTRICT OF CONNECTICUT, STATE OF CONNECTICUT:**

Atty. Erskine D. McIntosh, of the Town of Hamden and County of New Haven, complains and says that Mr. Ramon Lopez is the plaintiff and an important witness in the above-entitled case. The complainant further states that said Mr. Ramon Lopez now is, and for many days has been, confined and held in imprisonment at Northern C.I. by the Connecticut Department of Corrections by the Commissioner thereof. For the reasons to follow, I entreat the Court to order that Mr. Ramon Lopez, together with all of his personal and legal property, be simultaneously transferred to Walker C.I. with Protective Custody & Recreation Alone status designations within four (4) hours of Northern C.I.'s receipt of this **ORDER** until further order of this Court.

Mr. Lopez has related to me this 7th day of April, 2006 that:

1.     That defendant C.O. Smiley, who is presently assigned to Mr. Lopez's jail, has very recently been attempting to intimidate the plaintiff and goad him into misbehaving so that the plaintiff will be further disciplined in retaliation for prosecuting this suit.

2.     That Smiley has recently turned staff that have usually been fair and reasonably accommodating to the plaintiff; against him because of this litigation.

3. That defendant correctional officers Farley, Salius, Ogoleby, and Zacharewicz are also assigned to Mr. Lopez's jail.

4. The plaintiff made a request to his unit manager co-defendant Zacharewicz, regarding a legal matter unrelated to this case, and that the co-defendant refused stating words to the effect, I would do it but I am in your case so you will have to see me in Court.

5. The plaintiff's family claims they have not been getting letters that the plaintiff has mailed them.

6. The plaintiff states that his incoming correspondence has been given to other inmates when it is clearly addressed to the plaintiff.

7. The plaintiff asserts that jail staff attempts to provoke the plaintiff in order to discipline him in retaliation for his suit against the defendants.

8. The plaintiff asserts that jail staff has recently stopped satisfying his legal access, i.e., denial of copies of legal documents such as incident reports that every other inmate gets routinely when he attempts to challenge a disciplinary ticket or other condition.

These complaints and the tone of Mr. Lopez's voice all lead me to reasonable assert that his physical safety is in jeopardy by the co-defendants and/or staff complained about herein. In my experience it does not require much for another staff member or inmate to attempt to curry favor with one or more of the defendants by acting out against Mr. Lopez. I do not believe we should wait for that eventuality given Mr. Lopez's assertions made in his proposed Third Amended Complaint, which are herein incorporated by reference and the assertions he made to me today.

Any claims made by DOC or the Office of the Attorney General that Mr. Lopez needs to stay where he is because of alleged misconduct on his part should be denied. Given the

3

totality of the circumstances of this case I believe DOC has forfeited its right to enforce its classification protocols against Mr. Lopez.

**WHEREFORE**, the applicant prays that a Writ of Habeas Corpus be issued, ordering the Warden of the Connecticut Department of Correction's Northern C.I. to present the body of said Mr. Ramon Lopez together with all of his personal and legal property, simultaneously to Walker C.I. with Protective Custody & Recreation Alone status designations within four (4) hours of Northern C.I.'s receipt of this **ORDER** until further order of this Court.

ATTY. ERSKINE D. McINTOSH

STATE OF CONNECTICUT )
                     ) ss.         Hamden
COUNTY OF NEW HAVEN )

Personally appeared Erskine D. McIntosh, Esquire, on this 8 day of April, 2006 under oath, and made affidavit to the truth of the foregoing statement before me.

My Commission Expires
June 30, 2007

~~COMMISSIONER OF THE SUPERIOR COURT~~
Notary Public

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by first-class mail, postage prepaid on this the ___ day of April, 2006 to:

Atty. Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, Conn. 06105

ATTY. ERSKINE D. McINTOSH

19 Habeas Corpus-Fed-NH (New Jail)

4