UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON LOPEZ | : | CIVIL NO. 3:02 CV 1020 (MRK) |
| v. | : | |
| JAMES SMILEY, ET AL. | : | APRIL 24, 2006 |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING VIEWING OF PRISON VIDEOTAPES DURING TRIAL**

The defendants, James Smiley, et al., by and through their undersigned counsel, and pursuant to Rule 26(c), F.R.C.P., respectfully move the court to enter a protective order prohibiting the plaintiff inmate from viewing two videotapes proposed to be shown to the jury in the above case scheduled for trial starting June 26, 2006, on grounds of security.

In this case, defendants propose to use two videotapes during the trial in this case which they request to be made subject to this protective order. The first is a videotape marked Defendants' Exhibit 515 (Housing Unit Camera 8-31-01). This is a videotape from a wall-mounted camera of plaintiff's housing unit at Northern Correctional Institution showing the defendant Officer Smiley entering plaintiff's cell on August 31, 2001 for one minute. The evidence is relevant to plaintiff's claim that he and his cellmate were assaulted by Officer Smiley at that time. The second is a videotape marked Defendants' Exhibit 516 (Corridor Camera 9-5-01). This is a videotape from a wall-mounted camera in the A/P Room at Northern Correctional Institution, showing staff escorting plaintiff to a cell and responding to plaintiff spitting on Officer Smiley on September 5, 2001. The evidence is relevant to plaintiff's claim that he was assaulted by Officer Smiley and others before and after he spit on Officer Smiley.

Defendants request permission to show the tapes to the court, counsel, defendants and the jury during the trial, but not plaintiff, due to security concerns. The videotapes show the field of view of the cameras in the prison, and, conversely, the dead spots. That information, if revealed to the plaintiff or any other inmate, could be misused and could jeopardize the security of the facility, staff and other inmates. Excluding plaintiff from viewing the tapes is consistent with earlier orders of the court allowing viewing of such tapes by counsel, but not the plaintiff inmate, during discovery. See Ruling on Plaintiff's Discovery Motions dated July 23, 2004 and Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel dated December 15, 2003, Attachment A.

WHEREFORE, we urge the court to enter a protective order prohibiting the plaintiff inmate from viewing two videotapes proposed to be shown to the jury in the above case scheduled for trial starting June 26, 2006, on grounds of security.

DEFENDANTS
James Smiley, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:  _____/s/_____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05222
E-Mail:  robert.vacchelli@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 24th day of April, 2006:

Erskine D. McIntosh, Esq.
Law Offices of Erskine D. McIntosh, P.C.
3129 Whitney Ave., Second Floor
Hamden, CT 06518-2364

_____/s/_____
Robert F. Vacchelli
Assistant Attorney General