UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(New Haven)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RAMON LOPEZ | \* | 3:02 CV 1020 (MRK) |
| | \* | |
| V. | \* | |
| | \* | |
| JAMES SMILEY, ET AL | \* | April 25, 2006 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF DEFENDANT INMATE WITNESSES

Comes now the plaintiff, by and through his counsel, who moves this Court for an in limine order precluding the defendants and their witnesses from:

1. Calling any inmate witness in support of any and all aspects of their defense.

2. Offering into evidence any and/or all inmate written or oral statements contrary to the plaintiff's view of this case,

3. Referring by way of testimony to any and/or all inmate witness' written or oral statements contrary to the plaintiff's view of this case

4. Offering into evidence any document, audio recording, video recording and/or any other item containing in whole or in part any and/or all inmate witness' written or oral statements contrary to the plaintiff's view of this case

During the pre-trial discovery phase of this case, the defendants refused to disclose the full names, inmate numbers and locations of supposed inmate witnesses it had upon which the defendant' relied in disbelieving Mr. Lopez's assertions about the two attacks the defendants inflicted upon him. The defendants' position has been that inmate witnesses who have information that is contrary to Mr. Lopez's allegations are "informants" (in the criminal sense) and hence not mere fact witnesses that must be disclosed in order to ascertain their veracity through deposition.

Since withholding the aforementioned information is the defendants' position they should not now be permitted to benefit from the wrongful suppression of the information at this time and/or at the time of trial. It is just this variety of surprise that the rules of civil procedure were designed to preclude. The defendants' allegation that it is concerned with the safety and security of its inmate witnesses is belied by the fact that if in prison litigation cases the identities of inmate defense witnesses are made known during discovery how would their safety be any less at risk if the witness testified at trial and the plaintiff lost his case, assuming the unsupported claim that the inmate would be at risk is true? Hence, the plaintiff entreats this Court to rule in limine consistent with his request.

RESPECTFULLY SUBMITTED,

RAMON LOPEZ
THE PLAINTIFF

BY: _____
ATTY. ERSKINE D. McINTOSH
FEDERAL BAR NO. CT 09743
THE LAW OFFICES OF ERSKINE D. McINTOSH, P.C.
3129 WHITNEY AVENUE, SECOND FLOOR
HAMDEN, CT 06518-2364
(203) 787-9994
FAX (203) 848-1213

**COUNSEL FOR THE PLAINTIFF**

**C E R T I F I C A T I O N**

This is to certify that a copy of the foregoing was sent by first-class mail, postage prepaid on this the _25_ day of April, 2006 to:

Atty. Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, Conn. 06105

_____
ATTY. ERSKINE D. McINTOSH

9 Motion-Preclude Witnesses-Lopez

2