UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON LOPEZ | : | CIVIL NO. 3:02 CV 1020 (MRK) |
| v. | : | |
| JAMES SMILEY, ET AL. | : | APRIL 26, 2006 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S APPLICATION FOR WRIT OF HABEAS CORPUS**

By Application for Writ of Habeas Corpus dated April 8, 2006, plaintiff Ramon Lopez asks this court to order that he be transferred to another facility with protective custody and recreation alone status, alleging that some defendants and other unnamed officials are intimidating him or mishandling his correspondence and legal paperwork. We urge the court to dismiss the application because:

1.  If this application is properly characterized as a habeas corpus application, it must be dismissed for failure to exhaust available state remedies. 28 U.S.C. § 2254(b) provides:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

Habeas corpus requires exhaustion of available state remedies before a federal court can consider the matter. <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed. 2d 379 (1982). It is indisputable that no such exhaustion was made in this case. Thus, in a case where an inmate claimed abuse by officers in his special housing unit and sought a transfer, and the court characterized it as a case allegedly involving "a prisoner…put under additional and

unconstitutional restraints during his lawful custody" which is appropriate for habeas relief, the case was dismissed for failure to exhaust state remedies. Epps v. Cuomo, 1988 U.S. Dist. LEXIS 16053 at *8 (W.D.N.Y. 1988) citing Preiser v. Rodriguez, 411 U.S. 475, 499, 93 S.Ct. 1827, 36 L.Ed. 2d 439 (1973).

    2.    Habeas corpus is available to prisoners who contend that they are in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241. However, where inmates challenge the conditions of their confinement and not the very fact or duration of their physical confinement, habeas is not the proper remedy. Thus, where an inmate seeks a transfer to avoid alleged abuses, but not release from confinement itself, habeas is not the proper remedy. Abdul-Hakeem v. Koehler, 910 F.2d 66, 69 (2nd Cir. 1990). In cases where a petitioner challenges the conditions of his confinement, as in this case, rather than the legality or fact or duration of his confinement, the habeas corpus remedy is not available. Tocco v. Morton, 1998 U.S. Dist. LEXIS 19334 at *3 (E.D.N.Y. 1998) citing Mack v. Varelas, 835 F.2d 995, 998 (2nd Cir. 1987).

    3.    However liberally the court reads plaintiff's pleadings to state some other claim for relief than habeas corpus, his actions would have to be dismissed for failure to exhaust administrative remedies, or for failure to state a claim upon which relief can be granted.

The Prison Litigation Reform Act of 1995 ("PLRA"), codified at 42 U.S.C. § 1997e(a) specifically provides that no prisoner may bring any federal lawsuit challenging the conditions of his confinement "until such administrative remedies as are available are exhausted." Id. The Connecticut Department of Correction has an available administrative remedy. See DOC Directive 9.6 (Inmate Administrative Remedies), Exhibit A, attached. A record review at the

Northern Correctional Institution reveals that plaintiff has not exhausted this administrative remedies, except perhaps with respect to his complaints that some of his mail was once sent to a different housing unit before it was delivered to him. <u>See</u> Grievances, Exhibit B, attached. Assuming that this satisfies the PLRA exhaustion requirement as to that issue, it is nonetheless clear that these events do not state a claim upon which relief can be granted. Plaintiff fails to show participation by the defendants, let alone proof that the action constituted retaliation for exercise of his constitutional rights. <u>See</u>, <u>Bennett v. Goord</u>, 343 F.3d 133, 137 (2nd Cir. 2003); <u>Friedl v. City of New York</u>, 21 F.3d 19, 85-86 (2nd Cir. 2000); <u>Colon v. Coughlin</u>, 58 F.3d 865, 872 (2nd Cir. 1995). As to the rest and remainder, plaintiff has failed to exhaust his administrative remedies. Accordingly, this petition should be dismissed. <u>Tocco v. Morton</u>, <u>supra</u>.

Also, as to all these claims, plaintiff's choice of remedy – that he be transferred to Walker Correctional Institution with Protective Custody and Recreation Alone Status – is not one available in law. We are informed that plaintiff is housed at the Northern Correctional Institution, the state's only Level 5 Super-Maximum Security Prison, due to his status as a Security Risk Group Safety Threat Member and because he is a chronic discipline problem. <u>See</u> Records, Exhibit C. We are informed that he is in programs designed to change his behavior so that the can resume living cooperatively in lower security prisons. He has no legal right to dictate or demand assignment to a different prison of his choice. This is a matter within the professional discretion of prison population management decision makers:

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently

> extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons. Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.

Olim v. Wakinekona, 461 U.S. 238, 244, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) quoting Meachum v. Fano, 427 U.S. 236, 224-225 (1976).

For all of the foregoing reasons, we urge the court to dismiss petitioner's application.

                DEFENDANTS
                James Smiley, et al.

                RICHARD BLUMENTHAL
                ATTORNEY GENERAL

BY:     /s/_____
       Robert F. Vacchelli
       Assistant Attorney General
       110 Sherman Street
       Hartford, CT 06105
       Federal Bar #ct05222
       E-Mail: robert.vacchelli@po.state.ct.us
       Tel: (860) 808-5450
       Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 26th day of April, 2006:

Erskine D. McIntosh, Esq.
Law Offices of Erskine D. McIntosh, P.C.
3129 Whitney Ave., Second Floor
Hamden, CT 06518-2364

                                                                           /s/
                                              Robert F. Vacchelli
                                              Assistant Attorney General